# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **CHRISTINE JONES** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No.**_____ |
| | § | |
| **TAMARA SPIKES and** | § | |
| **BEAUMONT INDEPENDENT** | § | |
| **SCHOOL DISTRICT POLICE** | § | |
| **DEPARTMENT,** | § | |
| **Defendants.** | § | |

## DOCUMENTS IN STATE COURT FILE

A.     Civil Case Information Sheet

B.     Certified Copy of Civil Docket Sheet

C.     Plaintiff's Original Petition

D.     Civil Citation – Beaumont ISD Police Department (Return on file)

E.     Civil Citation – Tamara Spikes (Return on file)

F.     Receipt for filing fees

G.     Transmittal letter to Jane Birge, Jefferson County District Clerk from Kenneth Lewis

H.     Plaintiff's First Amended Original Petition

I.     Defendant Tamara Spikes' Original Answer

J.     Defendant Beaumont ISD Police Department's Original Answer

# EXHIBIT 2A

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* D 0195118     COURT *(FOR CLERK USE ONLY):* 136 04

STYLED CHRISTINE JONES V TAMARA SPIKES AND BISD POLICE DEPARTMENT

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Kenneth W. Lewis <br><br> **Email:** ken.l@bushlewis.com | **Plaintiff(s)/Petitioner(s):** <br><br> Christine Jones | ☒ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: _____ |
| **Address:** 595 Orleans, Ste 500 <br><br> **Telephone:** 409-835-3521 | _____ <br><br> **Defendant(s)/Respondent(s):** <br><br> Tamara Spikes <br> Beaumont ISD Police Dept | Additional Parties in Child Support Case: <br><br> Custodial Parent: <br><br> Non-Custodial Parent: <br><br> Presumed Father: |
| **City/State/Zip:** Beaumont, TX 77701 <br><br> **Fax:** 409-835-4194 | | |
| **Signature:** *[signature]* <br><br> **State Bar No:** 12295300 | _____ | |
| | *(Attach additional page as necessary to list all parties)* | |

2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law |
|---|---|---|---|

| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (Non-Title IV-D)** |
|---|---|---|---|---|
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical <br> ☐ Other Professional Liability: _____ | ☐ Eminent Domain/ Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other |
| *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☐ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: | ☐ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability List Product: <br><br> ☒ Other Injury or Damage: civil rights | *Related to Criminal Matters* <br> ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— Pre-indictment <br> ☐ Other: _____ | **Other Family Law** <br> ☐ Enforce Foreign Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities of Minority <br> ☐ Other: _____ | *Title IV-D* <br> ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order <br><br> **Parent-Child Relationship** <br> ☐ Adoption/Adoption with Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Paternity/Parentage <br> ☐ Termination of Parental Rights <br> ☐ Other Parent-Child: |
| **Employment** <br> ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: | **Other Civil** <br> ☐ Administrative Appeal <br> ☐ Antitrust/Unfair Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: _____ | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☒ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: _____ |

3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

4. Indicate damages sought *(do not select if it is a family law case)*:

☑ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☑ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

# EXHIBIT 2B

PAGE OF 1
E-FILE: 1/09/14 TO CURRENT

# CIVIL DOCKET, DISTRICT COURT

CASE NO. D-0195118-

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING |
|---|---|---|---|---|
| | | | PERSONAL INJURY | 1/09/2014 |
| D-0195118- | JONES, CHRISTINE | LEWIS, KENNETH W PLTF | DISPOSITION DATE | JURY FEE | DATE |
| | VS | BYROM, JAMES E DEFT | | 30.00 | 1/09/14 |
| | SPIKES, TAMARA | | | | PROCESS |

| DATE OF ORDERS | ORDERS OF THE COURT |
|---|---|
| | |

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

FEB 18 2014

JANE BLAND, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY _____ DEPUTY

# EXHIBIT 2C

CAUSE NO. __D0195118__

| | | |
|---|---|---|
| CHRISTINE JONES | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TAMARA SPIKES and | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT POLICE | § | |
| DEPARTMENT | § | 136 JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, MOTION FOR ENTRY OF A LEVEL 3 DISCOVERY PLAN, REQUEST FOR DISCLOSURE AND REQUEST FOR PRODUCTION

Plaintiff, Christine Jones ("Jones"), files this original petition against Defendants Tamara Spikes ("Spikes") and Beaumont Independent School District Police Department ("Police Department").

### A. DISCOVERY-CONTROL PLAN

1.     Plaintiff intends to conduct discovery under a T.R.C.P. 190.4 court ordered Level 3 Discovery Control Plan because this is case of civil rights violations by use of excessive force and improper conduct by a police officer employed by a school district.    Plaintiff moves the court to enter a Level 3 Discovery Control Plan mutually agreed upon and submitted by the parties, or, if such a mutually agreed plan is not filed within 60 days of the answer filed by the defendant named in this original petition, entry of a discovery control plan of the court's own design.

### B. RULE 47 STATEMENT OF JURISDICTION, RELIEF CLAIMED AND MONETARY DAMAGES

2.     This is a civil rights personal injury claim brought pursuant to the federal civil rights statute, 42 U.S.C. §1983, against defendant Spikes, individually, for her violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United

States Constitution to be protected from the use of unreasonable, unnecessary, and excessive force and unreasonable seizure of her person against her under color of state law, and against defendant Police Department pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution for its violations of plaintiff's federal rights through policies and customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals, either directly violating federal law, and/or authorizing or directing the deprivation of federal rights, and/or adopted or maintained by defendant Police Department policymakers with deliberate indifference as to its known or obvious consequences, including repeatedly tolerating misconduct by its police officers and encouraging misconduct by failing to adequately supervise, discipline, and/or train.

3.      The damages sought in this case are within the jurisdictional limits of this court.

4.      Plaintiff recognizes that only the jury or judge who decide the case determine the appropriate damages in this or any other case.  Plaintiff has retained lawyers for representation in this case.  Plaintiff's legal counsel allege that plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

### C.  PARTIES

5.      Plaintiff Christine Jones is an individual residing in Beaumont, Texas.  The last three digits of her Texas driver's license number are 947 and the last three digits of her social security number are 878.

6.      Defendant Tamara Spikes is an individual residing in Beaumont, Texas and can be served with process at her residence located at 520 Dowlen Road, Apt. 218, Beaumont, Texas 77706.

2

7.      Defendant Beaumont ISD Police Department is an entity operating in the State of

Texas, County of Jefferson, and can be served with process by serving Police Chief Clydell

Duncan at 1025 Woodrow Street, Beaumont, Texas 77705.

### D. VENUE

8.      Venue is proper in Jefferson County, Texas and in this court, pursuant to Tex. Civ.

Prac. and Rem. Code, §§ 15.002 (a) (1) and 15.002 (a) (2) since all or a substantial part

of the events or omissions giving rise to plaintiff's claims against both defendants occurred

in Jefferson County, Texas, and Jefferson County was defendants' residence at the time

the cause of action accrued.

### E. FACTS

9.      Plaintiff was waiting in line to pick her child up from Vincent Middle School in

Beaumont, Texas.  Plaintiff turned into the school's driveway, following behind another

vehicle also turning into the driveway.  The driver of the vehicle in front of her stopped his

car, exited it, and went into the building.

10.     While in line, Defendant Spikes, acting in the course and scope of her employment

as a police officer for Defendant Beaumont Independent School District (BISD), motioned

for plaintiff to move her car forward.  Officer Spikes approached plaintiff's car in an

already-irritated state and said for plaintiff not to turn into that driveway from that direction

any more because of prior pedestrian accidents.  Plaintiff responded that she would not

do it again, and that she understood.

11.     While still waiting in line, Officer Spikes returned to plaintiff's car and, in an

increasingly angered voice, told her to move her car.  Plaintiff politely responded, "yes,

officer. I will."  Plaintiff was unable to move at that very moment as there were no openings

3

for her to move into. Officer Spikes became angrier and began yelling at plaintiff to move up. Plaintiff tried to explain to Officer Spikes that there was no place for her to move to because she had to wait for another vehicle to leave, but Officer Spikes would not listen. Officer Spike's voice level continued to increase, making plaintiff very nervous because of Officer Spike's volatile behavior.

12.     Officer Spikes stepped away and then returned and demanded to see plaintiff's driver's license. When plaintiff asked what she did wrong, Officer Spikes became angrier, causing plaintiff to become more fearful.

13.     Officer Spikes walked up ahead of, and to the side of plaintiff's car and began talking on her radio. At that time, space opened up on the side of and in front of plaintiff's car. Plaintiff looked in front and to her side to move her car over as Officer Spikes had previously instructed. Plaintiff slowly began to turn and roll forward with her foot still on the brake. Plaintiff was rolling toward the opening on the side, when Officer Spikes shifted her leg directly in front of the vehicle directing Plaintiff to stop. Plaintiff immediately hit her brake harder and stopped.

14.     Officer Spikes then came to the driver's side of plaintiff's car and was still talking on her shoulder radio. Plaintiff looked again to see if she could move her car to the side opening.

15.     Office Spikes yelled at plaintiff, 'You hit me!" Plaintiff told Officer Spikes that she had not. Officer Spikes repeatedly yelled "You hit me!" and then drew her gun and pointed it directly at plaintiff, yelled at her to "Get out of the car! Get out of the car NOW!" Plaintiff, already fearful of the erratic behavior of Officer Spikes, froze inside the car. Plaintiff was afraid to leave the car and asked a witness to call someone to help.

4

16.     When plaintiff exited her vehicle, Officer Spikes forced plaintiff to the ground and

cuffed her as the bell rang and her daughter came out of the school building.  Plaintiff was

held at gun-point, ordered to the ground, cuffed, and placed in jail overnight for allegedly

assaulting a BISD police officer.  Criminal charges were filed against plaintiff for an alleged

felony aggravated assault against a public servant and a misdemeanor failure to identify

by giving false or fictitious information, but both were subsequently dismissed for lack of

supporting evidence.

## F.  CONSTITUTIONAL RIGHTS VIOLATIONS

### Count 1 - 42 U.S.C. §1983 Claim Against Defendant Spikes Individually

17.     Defendant Spikes acted willfully, deliberately, maliciously, or with reckless disregard

for plaintiff' clearly established constitutional rights.

18.     Defendant Spikes violated plaintiff's constitutional rights afforded under the Fourth

and Fourteenth Amendments by her use of unreasonable, unnecessary, and excessive

force. Defendant Spikes pointed a gun at plaintiff, forced her to the ground, and handcuffed

her in front of her daughter and other school children and parents, all while verbally

attacking plaintiff.  These actions were done willfully, deliberately, maliciously, or with

reckless disregard for plaintiff's clearly established constitutional rights.

19.     Defendant Spikes violated plaintiff's constitutional rights  afforded under the Fourth

and Fourteenth Amendments by unreasonable seizure of her person.  Plaintiff's rights were

violated when Spikes seized, cuffed, and jailed plaintiff.

### Count 2 - Violation of Constitutional Rights by Defendant
### Beaumont Independent School District Police Department

20.     The exercise of established policy, practice, and custom  violated plaintiff's clearly-

5

established rights under the U.S. Constitution as follows:

    A.    Fourth Amendment: Against unreasonable seizure of her person.

    B.    Fourth and Fourteenth Amendment: Against the use of unreasonable, unnecessary, and excessive force.

    C.    Fifth and Fourteenth Amendments: Against being deprived of life, liberty, or property, without due process of law.

    D.    Fourteenth Amendment: Against denying to any person the equal protection of the laws.

21.    Defendant Beaumont ISD Police Department violated plaintiff's constitutional rights under the Fifth and Fourteenth Amendments. At the time of the arrest, Defendant Spikes was acting under color of the laws and regulations of the State of Texas and the Beaumont ISD Police Department. Defendant Beaumont ISD Police Department had policies and customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. The customs or policies themselves violated federal law, or it authorized or directed the deprivation of federal rights, and/or it was adopted or maintained by Beaumont ISD Police Department policymakers with deliberate indifference as to its known or obvious consequences. Beaumont ISD Police Department repeatedly tolerated misconduct by its police officers and encouraged misconduct by failing to adequately supervise, discipline, and/or train.

## G. OTHER MATTERS

22.    **No Texas Tort Claims Act actions are presently asserted against Beaumont Independent School District Police Department or any of its employees.**

23.    Plaintiff is bringing suit against Defendant Tamara Spikes in both her official and individual capacity.

6

## H. DAMAGES

### Federal Civil Rights Violations Damages

24.    Defendants' violations of plaintiff's civil rights caused her to sustain in varying

degrees:

    A.    Physical harm during and after the events at issue, including physical pain,
           disability, disfigurement, and discomfort in the past.

    B.    Emotional and mental harm during and after the events at issue, including
           fear, humiliation, and mental anguish which plaintiff is reasonably certain to
           continue to suffer in the future.

    C.    The reasonable value of any health care expenses reasonably needed and
           actually obtained.

    D.    Other economic losses sustained by plaintiff.

    E.    Reasonable value of any property damage or destroyed.

    F.    Reasonable value of legal services needed and actually obtained by plaintiff
           to defend and clear herself of criminal charges.

25.    In addition to the previously referenced actual damages, plaintiff seeks equitable

and/or legal relief, including but not limited to, a declaration that her rights were violated,

with the court maintaining continuing jurisdiction to ensure such violations are not repeated

in the future against her or others similarly situated.

### I. EXEMPLARY § 1983 DAMAGES AGAINST
### DEFENDANT SPIKES INDIVIDUALLY

26.    In addition to the previously alleged damages, plaintiff seeks exemplary damages

against defendant Spikes. Defendant Spike's conduct was motivated by evil motive or

intent and involves reckless or callous indifference to the federally protected rights of

others. Defendant Spikes exhibited oppression, malice, gross negligence, willful or wanton

misconduct, and/or reckless disregard for the civil rights of plaintiff.

7

## J. ATTORNEY FEES

27.     Plaintiff is entitled to an award of reasonable attorney fees and costs under 42 U.S.C. §1988(b) and other federal law.

## K. REQUEST FOR DISCLOSURE AND PRODUCTION

28.     Pursuant to TRCP 194 and 169, Plaintiff requests that within 50 days of the service of this petition upon a named defendant, that named defendant disclose to this plaintiff any and all of the information and material described in TRCP 194.2 and TRCP 190.2(b)(6), including all documents, electronic information, and tangible items that said defendant has in its possession, custody, or control and may use to support its claims or defenses. Pursuant to TRCP 196,  plaintiff also named  defendant produce for review and copying by plaintiff's counsel all documents, electronic information, and tangible items that such defendant has in its possession, custody, or control that might be used by plaintiff or might help plaintiff locate or lead to information, witnesses, or materials that could be used by plaintiff to prove liability or damages in this case.

## L. JURY DEMAND

29.     Plaintiff demands a trial by jury.

## M. PRAYER

30.     For these reasons, plaintiff asks for judgment against defendants Spikes and Beaumont ISD Police Department for the following:

A.     Compensatory damages for future emotional pain and suffering and mental anguish;

B.     Damages for

(1)     physical harm during and after the event at issue, including physical pain, disability, disfigurement, and discomfort in the past;

8

     (2)     emotional and mental harm during and after the event at issue, including fear, humiliation, and mental anguish which plaintiff is reasonably certain to continue to suffer in the future;

     (3)     the reasonable value of any health care expenses reasonably needed and actually obtained;

     (4)     other economic losses sustained by plaintiff;

     (5)     reasonable value of any property damage or destroyed;

C.     Reasonable value of legal services needed and actually obtained by plaintiff to defend and clear herself of criminal charges;

D.     A declaration that plaintiff's rights were violated, with the Court maintaining continuing jurisdiction to ensure such violations are not repeated in the future against plaintiff or others similarly situated;

E.     Attorney fees and courts costs;

F.     Prejudgment and postjudgment interest; and

G.     All other relief the Court deems appropriate, at law and in equity.


     Respectfully submitted,

     BUSH LEWIS, PLLC
     595 Orleans Street, Ste. 500
     Beaumont, TX 77701
     409/835-3521
     409/835-4194 (Fax)

     By: _____

     Kenneth W. Lewis
     Texas Bar #12295300
     Stephen L. Townsend
     Texas Bar #24071539

     ATTORNEYS FOR PLAINTIFFS

# EXHIBIT 2D

Feb. 18. 2014  9:12AM   JEFFERSON COUNTY BAR   No. 1475   P. 5

CITATION

C0195118---00004

## THE STATE OF TEXAS

RECEIVED

No. D-0195118

### CHRISTINE JONES
### VS. TAMARA SPIKES ET AL

## CITATION

## 136th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   BEAUMONT ISD POLICE DEPARTMENT
      BY SERVING ITS CHIEF
      CLYDELL DUNCAN

by serving at:
1025 WOODROW STREET

BEAUMONT, TX    77705

DEFENDANT:

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 1001 Pearl St., 2nd floor, Beaumont, TX 77701, (or, if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office. The case is presently pending before the 136th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 9th day of January, 2014. It bears cause number D-0195118 and is styled:

                                                                                Plaintiff:

CHRISTINE JONES

VS.

TAMARA SPIKES ET AL

                                                                                Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

        LEWIS, KENNETH W; Atty.
        595 ORLEANS SUITE 500
        BEAUMONT, TX   77701-0

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) ALSO ATTACHED ORDER DESIGNATING ALL CASES EFILE accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 10th day of January, 2014.

                                        JANE BIRGE, DISTRICT CLERK
                                        JEFFERSON COUNTY, TEXAS

                                        Jeri Odom

                                    BY                                 Deputy
                                        Jeri

FILED
DISTRICT COURT OF
JEFFERSON CO TEXAS

'14 JAN 27 A9 21

## RETURN OF SERVICE

D-0195118        136th JUDICIAL DISTRICT COURT

CHRISTINE JONES

TAMARA SPIKES ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _22nd_ day of

_____, 20_14_.

_____, Officer

_____, County, Texas

By: _____, Deputy

ADDRESS FOR SERVICE:
BEAUMONT ISD POLICE DEPARTMENT
BY SERVING ITS CHIEF

BEAUMONT, TX 77705 0000

**OFFICER'S RETURN** 11:47

Came to hand on the _15th_ day of _January_, 20_13_, at _12:48_, o'clock _P_.m., and executed in
_Jefferson_, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| BEAUMONT ISD POLICE DEPT. BY SERVING TEACHER BLYDELL DUNCAN | 1-22-14    C 11:15 am | 1025 Woodrow St. Bt, TX |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

FEES:

Serving Petition and Copy  $_____

Total            $ _10.00_

Constable Coley "Nick" Saleme
Jefferson County Precinct 1
1001 Pearl Street, Suite 103
Beaumont, TX 77701

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is

_____
      (First, Middle, Last)

_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

CONSTABLE DANA A. BAKER SR.
Jefferson County, Pct. 6
1225 Pearl St., Suite 101
Beaumont, Tx. 77701-3261
(409)839-2339

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

# EXHIBIT 2E

Feb. 18. 2014 9:11AM   JEFFERSON COUNTY BAR   No. 1473   P. 1

CITATION

C0195118----0005

# THE STATE OF TEXAS

RECEIVED

No. D-0195118

**CHRISTINE JONES**
**VS. TAMARA SPIKES ET AL**

2014 JAN 13  P 12 18

DEF. BY: NICK / SALEME
CT 1
TEXAS

## CITATION

## 136th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:  SPIKES, TAMARA
TO BE SERVED AT HER RESIDENCE

by serving at:
520 DOWLEN ROAD APT 218

BEAUMONT, TX   77706

DEFENDANT:

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 1001 Pearl St., 2nd floor, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office. The case is presently pending before the 136th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 9th day of January, 2014. It bears cause number D-0195118 and is styled:

Plaintiff:

**CHRISTINE JONES**

VS.

**TAMARA SPIKES ET AL**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

LEWIS, KENNETH W, Atty,
595 ORLEANS SUITE 500
BEAUMONT, TX, 77701 0

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) ALSO ATTACHED ORDER DESIGNATING ALL CASES EFILE accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court at Beaumont, Texas, this the 10th day of January, 2014.

JANE BIRGE, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Teri Odom

BY
Teri

Deputy

## RETURN OF SERVICE

D-0195118          136th JUDICIAL DISTRICT COURT
CHRISTINE JONES
TAMARA SPIKES ET AL
Executed when copy was delivered:
This is a true copy of the original citation, was delivered to defendant _Tamara Spikes_, on the _17_ day of
_Jan_, 20_14_.

_____, Officer
_____, County, Texas
By: _____, Deputy

ADDRESS FOR SERVICE:
SPIKES, TAMARA
TO BE SERVED AT HER RESIDENCE

BEAUMONT, TX 77706 0000

### OFFICER'S RETURN

Came to hand on the _13th_ day of _January_, 20_14_, at _1:18_, o'clock _P_ .m., and executed in
_Jefferson_, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | | Place, Course and Distance from Courthouse |
|------|-----------|--|-------------------------------------------|
| Tamara Spikes | 1-17-14 | 9:56 am | 6225 North Circuit |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

FEES:
Serving Petition and Copy $ _____
Total                    $ _D.00_

Constable Coley "Nick" Saleme
Jefferson County, Precinct 1
1001 Pearl Street, Suite 100
Beaumont, TX 77701

By: _____, Deputy

Affiant

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is
            (First, Middle, Last)
_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

# EXHIBIT 2F

RECEIPT FOR: FEES

Cause No: 0-0195118    Date: 1/09/14    Receipt No: 282834
  Style:  CHRISTINE JONES
       vs TAMARA SPIKES ET AL

Paid By: LEWIS, KENNETH W                              P
Amt Paid:    438.00 CHECK      2126  Bal Due:    .00

| | | | |
|---|---|---|---|
| 10.00 | RECORDS MANAGEMENT | 20.00 | ELECTRONIC FILING FEE |
| 10.00 | RECORDS ARCHIVE FEE | 10.00 | COURT RECORD PRESERVATIO |
| 50.00 | COUNTY FILING FEE | | |
| 50.00 | STATE FILING FEE | | |
| 10.00 | LIBRARY FEE | | |
| 15.00 | MEDIATION CENTER FEE | | |
| 30.00 | JURY | | |
| 15.00 | STENO | | |
| 5.00 | SECURITY FEE | | |
| 10.00 | INDIGENT FEE | | |
| 42.00 | JUDICIAL SUPPORT | | |
| 5.00 | APPELLATE JUDICIAL SYSTE | | |

JANE BIRGE, CLERK DISTRICT COURTS
  Jefferson County, Texas

By: _____
        Valencia      Deputy

# EXHIBIT 2G



Kenneth W. (Ken) Lewis
Board Certified
*Personal Injury Trial Law*
Texas Board of Legal Specialization

Civil Trial Advocate
National Board of Trial Advocacy

*Paralegals*
Melanie Lindsey, ACP
Stacey Cole, ACP

Kenneth W. Lewis
_____

Christopher S. Smith
Andrew B. Culpepper
Stephen L. Townsend

Of Counsel
W. Don Bush
John Cash Smith
Dale K. Hanks

January 9, 2014

Jane Birge, District Clerk
Jefferson County Courthouse
1001 Pearl Street, Suite 203
Beaumont, TX 77701-3551

D 0195118

Re:    Cause No. _D195-118_ ; Christine Jones v. Tamara Spikes and Beaumont
Independent School District Police Department; In the District Court of Jefferson
County, Texas; _12th_ Judicial District

Dear Ms. Birge:

Enclosed for filing are the following:

1.    Civil Case Information Sheet and
2.    Plaintiff's Original Petition.

Please issue citation for service on the following Defendants and have the Defendants
personally served as follows:

1.    Tamara Spikes
520 Dowlen Road, Apt. 218
Beaumont, Texas 77706

2.    Beaumont Independent School District Police Department
By serving:
Police Chief Clydell Duncan
1025 Woodrow Street
Beaumont, Texas 77705

I also enclose our check in the amount of $438 for the filing fee, jury fee, fee for issuing
citations and constable's service fees. I thank you in advance for your assistance in this
matter.

Sincerely,

*Ken Lewis*

Kenneth W. Lewis

Bush Lewis, PLLC
San Jacinto Building, 595 Orleans Street, Suite 500  •  Beaumont, Texas 77701
(409) 835-3521  •  (409) 838-HELP  •  Fax (409) 835-4194

# EXHIBIT 2H

Jefferson County District Court
***EFILED***
File & ServeXpress
Transaction ID: 54832683
Date: Jan 13 2014 10:04AM
Jane Birge, Clerk

CAUSE NO. D-195,118

| | | |
|---|---|---|
| CHRISTINE JONES | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TAMARA SPIKES and | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT POLICE | § | |
| DEPARTMENT | § | 136th JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION, MOTION FOR ENTRY OF A LEVEL 3 DISCOVERY PLAN, REQUEST FOR DISCLOSURE AND REQUEST FOR PRODUCTION

Plaintiff, Christine Jones ("Jones"), files this first amended original petition against Defendants Tamara Spikes ("Spikes") and Beaumont Independent School District Police Department ("Police Department").

### A. DISCOVERY-CONTROL PLAN

1.    Plaintiff intends to conduct discovery under a T.R.C.P. 190.4 court ordered Level 3 Discovery Control Plan because this is case of civil rights violations by use of excessive force and improper conduct by a police officer employed by a school district.    Plaintiff moves the court to enter a Level 3 Discovery Control Plan mutually agreed upon and submitted by the parties, or, if such a mutually agreed plan is not filed within 60 days of the answer filed by the defendant named in this original petition, entry of a discovery control plan of the court's own design.

### B. RULE 47 STATEMENT OF JURISDICTION, RELIEF CLAIMED AND MONETARY DAMAGES

2.    This is a civil rights personal injury claim brought pursuant to the federal civil rights statute, 42 U.S.C. §1983, against defendant Spikes, individually, for her violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United

States Constitution to be protected from the use of unreasonable, unnecessary, and excessive force and unreasonable seizure of her person against her under color of state law, and against defendant Police Department pursuant to the Fourth, Fifth,  and Fourteenth Amendments to the United States Constitution for its violations of plaintiff's federal rights through policies and customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals, either directly violating federal law, and/or authorizing or directing the deprivation of federal rights, and/or adopted or maintained by defendant Police Department policymakers with deliberate indifference as to its known or obvious consequences, including repeatedly tolerating misconduct by its police officers and encouraging misconduct by failing to adequately supervise, discipline, and/or train.

3.    The damages sought in this case are within the jurisdictional limits of this court.

4.    Plaintiff recognizes that only the jury or judge who decide the case determine the appropriate damages in this or any other case.   Plaintiff has retained lawyers for representation in this case.  Plaintiff's legal counsel allege that plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

### C. PARTIES

5.    Plaintiff Christine Jones is an individual residing in Beaumont, Texas.  The last three digits of her Texas driver's license number are 947 and the last three digits of her social security number are 878.

6.    Defendant Tamara Spikes is an individual residing in Beaumont, Texas and can be served with process at her residence located at 520 Dowlen Road, Apt. 218, Beaumont, Texas 77706.

2

7.    Defendant Beaumont ISD Police Department is an entity operating in the State of Texas, County of Jefferson, and can be served with process by serving Police Chief Clydell Duncan at 1025 Woodrow Street, Beaumont, Texas 77705.

## D.  VENUE

8.    Venue is proper in Jefferson County, Texas and in this court, pursuant to Tex. Civ. Prac. and Rem. Code, §§ 15.002 (a) (1) and 15.002 (a) (2) since all or a substantial part of the events or omissions giving rise to plaintiff's claims against both defendants occurred in Jefferson County, Texas, and Jefferson County was defendants' residence at the time the cause of action accrued.

## E.  FACTS

9.    On or about May 2, 2013 plaintiff was waiting in line to pick her child up from Vincent Middle School in Beaumont, Texas.  Plaintiff turned into the school's driveway, following behind another vehicle also turning into the driveway.  The driver of the vehicle in front of her stopped his car, exited it, and went into the building.

10.    While in line, Defendant Spikes, acting in the course and scope of her employment as a police officer for Defendant Beaumont Independent School District (BISD), motioned for plaintiff to move her car forward.  Officer Spikes approached plaintiff's car in an already-irritated state and said for plaintiff not to turn into that driveway from that direction any more because of prior pedestrian accidents.  Plaintiff responded that she would not do it again, and that she understood.

11.    While still waiting in line, Officer Spikes returned to plaintiff's car and, in an increasingly angered voice, told her to move her car.  Plaintiff politely responded, "yes, officer. I will." Plaintiff was unable to move at that very moment as there were no openings

3

for her to move into. Officer Spikes became angrier and began yelling at plaintiff to move up. Plaintiff tried to explain to Officer Spikes that there was no place for her to move to because she had to wait for another vehicle to leave, but Officer Spikes would not listen. Officer Spike's voice level continued to increase, making plaintiff very nervous because of Officer Spike's volatile behavior.

12.     Officer Spikes stepped away and then returned and demanded to see plaintiff's driver's license. When plaintiff asked what she did wrong, Officer Spikes became angrier, causing plaintiff to become more fearful.

13.     Officer Spikes walked up ahead of, and to the side of plaintiff's car and began talking on her radio. At that time, space opened up on the side of and in front of plaintiff's car. Plaintiff looked in front and to her side to move her car over as Officer Spikes had previously instructed. Plaintiff slowly began to turn and roll forward with her foot still on the brake. Plaintiff was rolling toward the opening on the side, when Officer Spikes shifted her leg directly in front of the vehicle directing Plaintiff to stop. Plaintiff immediately hit her brake harder and stopped.

14.     Officer Spikes then came to the driver's side of plaintiff's car and was still talking on her shoulder radio. Plaintiff looked again to see if she could move her car to the side opening.

15.     Office Spikes yelled at plaintiff, 'You hit me!' Plaintiff told Officer Spikes that she had not. Officer Spikes repeatedly yelled "You hit me!" and then drew her gun and pointed it directly at plaintiff, yelled at her to "Get out of the car! Get out of the car NOW!" Plaintiff, already fearful of the erratic behavior of Officer Spikes, froze inside the car. Plaintiff was afraid to leave the car and asked a witness to call someone to help.

16.     When plaintiff exited her vehicle, Officer Spikes forced plaintiff to the ground and cuffed her as the bell rang and her daughter came out of the school building.  Plaintiff was held at gun-point, ordered to the ground, cuffed, and placed in jail overnight for allegedly assaulting a BISD police officer.  Criminal charges were filed against plaintiff for an alleged felony aggravated assault against a public servant and a misdemeanor failure to identify by giving false or fictitious information, but both were subsequently dismissed for lack of supporting evidence.

### F.  CONSTITUTIONAL RIGHTS VIOLATIONS

Count 1 - 42 U.S.C. §1983 Claim Against Defendant Spikes Individually

17.     Defendant Spikes acted willfully, deliberately, maliciously, or with reckless disregard for plaintiff' clearly established constitutional rights.

18.     Defendant Spikes violated plaintiff's constitutional rights afforded under the Fourth and Fourteenth Amendments by her use of unreasonable, unnecessary, and excessive force. Defendant Spikes pointed a gun at plaintiff, forced her to the ground, and handcuffed her in front of her daughter and other school children and parents, all while verbally attacking plaintiff.  These actions were done willfully, deliberately, maliciously, or with reckless disregard for plaintiff's clearly established constitutional rights.

19.     Defendant Spikes violated plaintiff's constitutional rights  afforded under the Fourth and Fourteenth Amendments by unreasonable seizure of her person. Plaintiff's rights were violated when Spikes seized, cuffed, and jailed plaintiff.

Count 2 - Violation of Constitutional Rights by Defendant
Beaumont Independent School District Police Department

20.     The exercise of established policy, practice, and custom  violated plaintiff's clearly-

established rights under the U.S. Constitution as follows:

    A.    Fourth Amendment: Against unreasonable seizure of her person.

    B.    Fourth and Fourteenth Amendment: Against the use of unreasonable, unnecessary, and excessive force.

    C.    Fifth and Fourteenth Amendments: Against being deprived of life, liberty, or property, without due process of law.

    D.    Fourteenth Amendment: Against denying to any person the equal protection of the laws.

21.    Defendant Beaumont ISD Police Department violated plaintiff's constitutional rights under the Fifth and Fourteenth Amendments. At the time of the arrest, Defendant Spikes was acting under color of the laws and regulations of the State of Texas and the Beaumont ISD Police Department. Defendant Beaumont ISD Police Department had policies and customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. The customs or policies themselves violated federal law, or it authorized or directed the deprivation of federal rights, and/or it was adopted or maintained by Beaumont ISD Police Department policymakers with deliberate indifference as to its known or obvious consequences. Beaumont ISD Police Department repeatedly tolerated misconduct by its police officers and encouraged misconduct by failing to adequately supervise, discipline, and/or train.

### G.  OTHER MATTERS

22.    **No Texas Tort Claims Act actions are presently asserted against Beaumont Independent School District Police Department or any of its employees.**

23.    Plaintiff is bringing suit against Defendant Tamara Spikes in both her official and individual capacity.

## H. DAMAGES

### Federal Civil Rights Violations Damages

24.     Defendants' violations of plaintiff's civil rights caused her to sustain in varying degrees:

A.     Physical harm during and after the events at issue, including physical pain, disability, disfigurement, and discomfort in the past.

B.     Emotional and mental harm during and after the events at issue, including fear, humiliation, and mental anguish which plaintiff is reasonably certain to continue to suffer in the future.

C.     The reasonable value of any health care expenses reasonably needed and actually obtained.

D.     Other economic losses sustained by plaintiff.

E.     Reasonable value of any property damage or destroyed.

F.     Reasonable value of legal services needed and actually obtained by plaintiff to defend and clear herself of criminal charges.

25.     In addition to the previously referenced actual damages, plaintiff seeks equitable and/or legal relief, including but not limited to, a declaration that her rights were violated, with the court maintaining continuing jurisdiction to ensure such violations are not repeated in the future against her or others similarly situated.

## I. EXEMPLARY § 1983 DAMAGES AGAINST DEFENDANT SPIKES INDIVIDUALLY

26.     In addition to the previously alleged damages, plaintiff seeks exemplary damages against defendant Spikes.  Defendant Spike's conduct was motivated by evil motive or intent and involves reckless or callous indifference to the federally protected rights of others. Defendant Spikes exhibited oppression, malice, gross negligence, willful or wanton misconduct, and/or reckless disregard for the civil rights of plaintiff.

7

## J. ATTORNEY FEES

27.    Plaintiff is entitled to an award of reasonable attorney fees and costs under 42 U.S.C. §1988(b) and other federal law.

## K. REQUEST FOR DISCLOSURE AND PRODUCTION

28.    Pursuant to TRCP 194 and 169, Plaintiff requests that within 50 days of the service of this petition upon a named defendant, that named defendant disclose to this plaintiff any and all of the information and material described in TRCP 194.2 and TRCP 190.2(b)(6), including all documents, electronic information, and tangible items that said defendant has in its possession, custody, or control and may use to support its claims or defenses. Pursuant to TRCP 196,  plaintiff also named  defendant produce for review and copying by plaintiff's counsel all documents, electronic information, and tangible items that such defendant has in its possession, custody, or control that might be used by plaintiff or might help plaintiff locate or lead to information, witnesses, or materials that could be used by plaintiff to prove liability or damages in this case.

## L. JURY DEMAND

29.    Plaintiff demands a trial by jury.

## M. PRAYER

30.    For these reasons, plaintiff asks for judgment against defendants Spikes and Beaumont ISD Police Department for the following:

A.    Compensatory damages for future emotional pain and suffering and mental anguish;

B.    Damages for

(1)    physical harm during and after the event at issue, including physical pain, disability, disfigurement, and discomfort in the past;

8

(2)    emotional and mental harm during and after the event at issue, including fear, humiliation, and mental anguish which plaintiff is reasonably certain to continue to suffer in the future;

(3)    the reasonable value of any health care expenses reasonably needed and actually obtained;

(4)    other economic losses sustained by plaintiff;

(5)    reasonable value of any property damage or destroyed;

C.    Reasonable value of legal services needed and actually obtained by plaintiff to defend and clear herself of criminal charges;

D.    A declaration that plaintiff's rights were violated, with the Court maintaining continuing jurisdiction to ensure such violations are not repeated in the future against plaintiff or others similarly situated;

E.    Attorney fees and courts costs;

F.    Prejudgment and postjudgment interest; and

G.    All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Ste. 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: _____
      Kenneth W. Lewis
      Texas Bar #12295300
      Stephen L. Townsend
      Texas Bar #24071539

ATTORNEYS FOR PLAINTIFFS

# EXHIBIT 2I

FEB-13-2014 10:19 From:                                                      To:917137899318                Page:2/4

Feb. 12. 2014  4:48PM    Walsh, Anderson Law Firm

Jefferson County District Court
No.***EFILED***
File & ServeXpress
Transaction ID: 54996062
Date:  Feb 12 2014 04:48PM
Jane Birge, Clerk

## CAUSE NO. D0195118

| | | |
|---|---|---|
| CHRISTINE JONES | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| vs. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TAMARA SPIKES and | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT POLICE | § | |
| DEPARTMENT | § | 136TH JUDICIAL DISTRICT |

### DEFENDANT'S ORIGINAL ANSWER

Now comes Defendant TAMARA SPIKES ("Spikes") and files her Original Answer in the above-styled and numbered cause of action, and would respectfully show the Court the following:

### I.  GENERAL DENIAL

Defendant, TAMARA SPIKES, hereby asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure.  Accordingly, the Defendant respectfully demands that the Plaintiff be required to prove, by a preponderance of the credible evidence, any and all allegations and charges they have made against the Defendant, as is required by the Constitution and Laws of the State of Texas.

WHEREFORE PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by way of her cause of action brought herein, that Defendant recover all costs on her behalf expended, and that Defendant be granted all such other and further relief, special or general, at law or in equity, to which she shows herself justly entitled.

Feb. 12. 2014  4:48PM    Walsh, Anderson Law Firm                    No. 0112   P. 3

Respectfully submitted,

/s/ James E. Byrom
James E. Byrom
State Bar No. 03568100
WALSH, ANDERSON, GALLEGOS,
GREEN & TREVIÑO, P.C.
10375 Richmond Avenue, Suite 750
Houston, Texas 77042
Telephone:  (713) 789-6864
Facsimile:  (713) 789-9318
E-Mail: jbyrom@wabsa.com

ATTORNEY FOR DEFENDANT
TAMARA SPIKES

## CERTIFICATE OF SERVICE

I hereby certify above that on the 12th day of February, 2014, a true and correct copy of the foregoing was served upon counsel of record as follows:

Kenneth W. Lewis
Stephen L. Townsend
Bush Lewis, PLLC
595 Orleans Street, Ste. 500
Beaumont, TX 77701
Phone: 409-835-3521
Facsimile: 409-835-4194

ATTORNEYS FOR PLAINTIFF
CHRISTINE JONES

/s/ James E. Byrom
James E. Byrom

**Jane Birge**
Chief Deputy



**Family Law Division**
409-835-8653

**Child Support**
P. O. Box 3586
Beaumont, TX 77704
409-835-8425

**LOLITA RAMOS**
**District Clerk**
1001 Pearl Street ~ Room 203 ~ Beaumont, TX 77701 ~ 409-835-8580 ~ Fax 409-835-8527

**Notice of E-File Case**
**In Re: In the Jefferson County, District Clerk's Office**

**Notice is being given to you that this case is an assigned E-file Case.**

Electronically filed cases or "E-file Cases" are governed
by Local Rule 7 which states in part, the following:

*The District Clerk shall not receive any pleadings*
*whatsoever in E-file cases in paper form, save and*
*except for the Original Petition.*

*If the District Clerk's Office receives a paper pleading in an E-file case,*
*The Clerk is ORDERED to return that pleading to the*
*purported filer with this notification and that no paper*
*pleadings can be neither received nor file-stamped.*

Exception: After Citations have been served,
the Originals should be returned
to the District Clerk's Office.

**The Subscriber is Lexis Nexis File and Serve Xpress**
Instructions for opening an account are as follows:
Website: https://secure.fileandservexpress.com.
Directions for On-Line Registration:

1. Look under Law Firms and click on E-filing and Service Solutions for Law Firms.
2. On next page, click on link Lexis Nexis File and Service Court Based E-filing and Service.
3. On next page, click on link Register Now
4. On next page, clink on link Register

If you need assistance in E-filing this document, a public-access terminal
is available for use in the District Clerk's Office. Also, please refer to
the Jefferson County District Clerk's webpage @
http://co.jefferson.tx.us/dclerk/dc_home.htm
Procedures Regarding Electronic Filing Revised 1/6/2011

Svd/2011ml



**Felony Division**
409-835-8583

**Domestic Relations**
409-835-8653

**Child Support**
P. O. Box 3586
Beaumont, TX 77704
409-835-8425

# JANE BIRGE
**District Clerk**
1001 Pearl Street • Beaumont, TX 77701 • 409-835-8580 • Fax 409-835-8527

DATE: _2/13/2014_

## FACSIMILE TRANSMISSION COVER SHEET

PLEASE DELIVER TO:

_Gloria Compton_

TELEPHONE OR OTHER IDENTIFIERS:

_713 789-6864_

FROM:

_B. Limbrick, Deputy Clerk_
JEFFERSON COUNTY DISTRICT CLERK'S OFFICE

MESSAGE:

_Per our conversation. Answer has been filed_
_Via file and Serve Express_

TOTAL NUMBER OF PAGES: _4_ INCLUDING COVER SHEET. IF
YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL (409) 835-8583

# EXHIBIT 2J

Jefferson County District Court
***EFILED***
File & ServeXpress
Transaction ID: 54996902
Date: Feb 13 2014 12:00PM
Jane Birge, Clerk

CAUSE NO. D0195118

| | | |
|---|---|---|
| CHRISTINE JONES,<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | |
| TAMARA SPIKES and BEAUMONT<br>INDEPENDENT SCHOOL DISTRICT<br>POLICE DEPARTMENT,<br>*Defendants* | §<br>§<br>§<br>§ | JEFFERSON COUNTY, TEXAS<br><br>136TH JUDICIAL DISTRICT |

## DEFENDANT BEAUMONT INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Beaumont Independent School District Police Department ("BISD") files this Original Answer to Plaintiff's Original Petition, and would show this Honorable Court the following:

## I.
### GENERAL DENIAL

BISD denies each and every allegation contained in Plaintiffs' Original Petition and demands strict proof thereof. BISD, subject to the foregoing denial, and without waiving same, specifically reserves the right to answer the allegations contained in Plaintiffs' Original Petition more fully at a later date when facts concerning the litigation may be more exactly developed, this right being held pursuant to the Constitution, the laws of the State of Texas, and the Texas Rules of Civil Procedure.

## II.
### AFFIRMATIVE DEFENSES

In asserting the following defenses, BISD does not admit that the burden of proving the allegations or denials contained in the defenses is upon it, but, to the contrary, asserts that the burden of proving the facts relevant to many of the defenses and the burden of proving the

---

inverse of the allegations contained in many of the defenses is upon the Plaintiff. Moreover, by asserting any defense BISD does not admit any liability, but, to the contrary, specifically denies any and all allegations of liability in the Plaintiff's lawsuit. Without admitting liability as to any of the Plaintiff's causes of action, BISD asserts the following defenses:

1.      As a matter of law, the "Beaumont Independent School District Police Department" is not a legal entity separate and apart from the Beaumont Independent School District, and is therefore not capable of being sued by itself. *See Darby v. Pasadena Police Dept.,* 939 F.2d 311, 313 (5th Cir. 1991) (police departments are not legal entities subject to suit, separate and apart from the government entity that created them); *Paredes v. City of Odessa*, 128 F.Supp.2d 1009 (W.D. Tex. 2000) (same).

2.      BISD is a political sub-division of the State of Texas and operates pursuant to general Texas law. Political sub-divisions in Texas are protected from suits grounded in tort by the doctrine of governmental immunity. Accordingly, pursuant to TEX. CIV. PRAC. & REM. CODE § 101.051, BISD is immune from liability for any state law tort claims Plaintiff might assert against it.

3.      BISD asserts that the use of force against the Plaintiff by any of the District's police officers, including Defendant Spikes, was necessary and justified. *See, e.g.,* TEX. PENAL CODE §§ 9.21-9.22; 9.51-9.52.

4.      Plaintiff has failed to mitigate her damages, if any.

WHEREFORE, PREMISES CONSIDERED, Defendant Beaumont Independent School District Police Department prays that upon the trial hereof, Plaintiff recover nothing over and against Defendant, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

THOMPSON & HORTON LLP

By:   /s/ Christopher B. Gilbert
        Christopher B. Gilbert
        State Bar No. 00787535
        Rebecca Weimer
        State Bar No. 24062597

Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
Telephone:    (713) 554-6744 (Gilbert)
              (713) 554-6762 (Weimer)
Fax:           (713) 583-7698 (Gilbert)
              (713) 583-9364 (Weimer)
cgilbert@thompsonhorton.com
rweimer@thompsonhorton.com

WELLS, PEYTON, GREENBERG
  & HUNT, L.L.P.

By /s/ Melody G. Chappell
        MELODY G. CHAPPELL
        TB#: 00785096
        550 Fannin Street, Suite 600
        Beaumont, Texas 77701
        Tel. (409) 838-2644
        Fax (409) 838-4713

ATTORNEYS FOR DEFENDANT
BEAUMONT INDEPENDENT SCHOOL
DISTRICT POLICE DEPARTMENT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been forwarded to counsel of record as follows:

### VIA E-FILE NOTIFICATION
Mr. Kenneth W. Lewis
Mr. Stephen L. Townsend
Bush Lewis, PLLC
595 Orleans Street, Suite 500
Beaumont, Texas 77701
*Attorney for Plaintiff*

Dated:  February 13, 2014.

/s/ Christopher B. Gilbert
Christopher B. Gilbert