Jefferson County District Court
\*\*\*EFILED\*\*\*
File & ServeXpress
Transaction ID: 54832683
Date: Jan 13 2014 10:04AM
Jane Birge, Clerk

CAUSE NO. D-195,118

| | | |
|---|---|---|
| CHRISTINE JONES | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TAMARA SPIKES and | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT POLICE | § | |
| DEPARTMENT | § | 136th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION, MOTION FOR ENTRY OF A LEVEL 3 DISCOVERY PLAN, REQUEST FOR DISCLOSURE AND REQUEST FOR PRODUCTION

Plaintiff, Christine Jones ("Jones"), files this first amended original petition against Defendants Tamara Spikes ("Spikes") and Beaumont Independent School District Police Department ("Police Department").

### A. DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under a T.R.C.P. 190.4 court ordered Level 3 Discovery Control Plan because this is case of civil rights violations by use of excessive force and improper conduct by a police officer employed by a school district. Plaintiff moves the court to enter a Level 3 Discovery Control Plan mutually agreed upon and submitted by the parties, or, if such a mutually agreed plan is not filed within 60 days of the answer filed by the defendant named in this original petition, entry of a discovery control plan of the court's own design.

### B. RULE 47 STATEMENT OF JURISDICTION, RELIEF CLAIMED AND MONETARY DAMAGES

2. This is a civil rights personal injury claim brought pursuant to the federal civil rights statute, 42 U.S.C. §1983, against defendant Spikes, individually, for her violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United

States Constitution to be protected from the use of unreasonable, unnecessary, and excessive force and unreasonable seizure of her person against her under color of state law, and against defendant Police Department pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution for its violations of plaintiff's federal rights through policies and customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals, either directly violating federal law, and/or authorizing or directing the deprivation of federal rights, and/or adopted or maintained by defendant Police Department policymakers with deliberate indifference as to its known or obvious consequences, including repeatedly tolerating misconduct by its police officers and encouraging misconduct by failing to adequately supervise, discipline, and/or train.

3. The damages sought in this case are within the jurisdictional limits of this court.

4. Plaintiff recognizes that only the jury or judge who decide the case determine the appropriate damages in this or any other case. Plaintiff has retained lawyers for representation in this case. Plaintiff's legal counsel allege that plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## C. PARTIES

5. Plaintiff Christine Jones is an individual residing in Beaumont, Texas. The last three digits of her Texas driver's license number are 947 and the last three digits of her social security number are 878.

6. Defendant Tamara Spikes is an individual residing in Beaumont, Texas and can be served with process at her residence located at 520 Dowlen Road, Apt. 218, Beaumont, Texas 77706.

7.     Defendant Beaumont ISD Police Department is an entity operating in the State of Texas, County of Jefferson, and can be served with process by serving Police Chief Clydell Duncan at 1025 Woodrow Street, Beaumont, Texas 77705.

### D. VENUE

8.     Venue is proper in Jefferson County, Texas and in this court, pursuant to Tex. Civ. Prac. and Rem. Code, §§ 15.002 (a) (1) and 15.002 (a) (2) since all or a substantial part of the events or omissions giving rise to plaintiff's claims against both defendants occurred in Jefferson County, Texas, and Jefferson County was defendants' residence at the time the cause of action accrued.

### E. FACTS

9.     On or about May 2, 2013 plaintiff was waiting in line to pick her child up from Vincent Middle School in Beaumont, Texas. Plaintiff turned into the school's driveway, following behind another vehicle also turning into the driveway. The driver of the vehicle in front of her stopped his car, exited it, and went into the building.

10.    While in line, Defendant Spikes, acting in the course and scope of her employment as a police officer for Defendant Beaumont Independent School District (BISD), motioned for plaintiff to move her car forward. Officer Spikes approached plaintiff's car in an already-irritated state and said for plaintiff not to turn into that driveway from that direction any more because of prior pedestrian accidents. Plaintiff responded that she would not do it again, and that she understood.

11.    While still waiting in line, Officer Spikes returned to plaintiff's car and, in an increasingly angered voice, told her to move her car. Plaintiff politely responded, "yes, officer. I will." Plaintiff was unable to move at that very moment as there were no openings

for her to move into. Officer Spikes became angrier and began yelling at plaintiff to move up. Plaintiff tried to explain to Officer Spikes that there was no place for her to move to because she had to wait for another vehicle to leave, but Officer Spikes would not listen. Officer Spike's voice level continued to increase, making plaintiff very nervous because of Officer Spike's volatile behavior.

12. Officer Spikes stepped away and then returned and demanded to see plaintiff's driver's license. When plaintiff asked what she did wrong, Officer Spikes became angrier, causing plaintiff to become more fearful.

13. Officer Spikes walked up ahead of, and to the side of plaintiff's car and began talking on her radio. At that time, space opened up on the side of and in front of plaintiff's car. Plaintiff looked in front and to her side to move her car over as Officer Spikes had previously instructed. Plaintiff slowly began to turn and roll forward with her foot still on the brake. Plaintiff was rolling toward the opening on the side, when Officer Spikes shifted her leg directly in front of the vehicle directing Plaintiff to stop. Plaintiff immediately hit her brake harder and stopped.

14. Officer Spikes then came to the driver's side of plaintiff's car and was still talking on her shoulder radio. Plaintiff looked again to see if she could move her car to the side opening.

15. Office Spikes yelled at plaintiff, 'You hit me!" Plaintiff told Officer Spikes that she had not. Officer Spikes repeatedly yelled "You hit me!" and then drew her gun and pointed it directly at plaintiff, yelled at her to "Get out of the car! Get out of the car NOW!" Plaintiff, already fearful of the erratic behavior of Officer Spikes, froze inside the car. Plaintiff was afraid to leave the car and asked a witness to call someone to help.

16. When plaintiff exited her vehicle, Officer Spikes forced plaintiff to the ground and cuffed her as the bell rang and her daughter came out of the school building. Plaintiff was held at gun-point, ordered to the ground, cuffed, and placed in jail overnight for allegedly assaulting a BISD police officer. Criminal charges were filed against plaintiff for an alleged felony aggravated assault against a public servant and a misdemeanor failure to identify by giving false or fictitious information, but both were subsequently dismissed for lack of supporting evidence.

### F. CONSTITUTIONAL RIGHTS VIOLATIONS

#### Count 1 - 42 U.S.C. §1983 Claim Against Defendant Spikes Individually

17. Defendant Spikes acted willfully, deliberately, maliciously, or with reckless disregard for plaintiff' clearly established constitutional rights.

18. Defendant Spikes violated plaintiff's constitutional rights afforded under the Fourth and Fourteenth Amendments by her use of unreasonable, unnecessary, and excessive force. Defendant Spikes pointed a gun at plaintiff, forced her to the ground, and handcuffed her in front of her daughter and other school children and parents, all while verbally attacking plaintiff. These actions were done willfully, deliberately, maliciously, or with reckless disregard for plaintiff's clearly established constitutional rights.

19. Defendant Spikes violated plaintiff's constitutional rights afforded under the Fourth and Fourteenth Amendments by unreasonable seizure of her person. Plaintiff's rights were violated when Spikes seized, cuffed, and jailed plaintiff.

#### Count 2 - Violation of Constitutional Rights by Defendant Beaumont Independent School District Police Department

20. The exercise of established policy, practice, and custom violated plaintiff's clearly-

established rights under the U.S. Constitution as follows:

- A. Fourth Amendment: Against unreasonable seizure of her person.
- B. Fourth and Fourteenth Amendment: Against the use of unreasonable, unnecessary, and excessive force.
- C. Fifth and Fourteenth Amendments: Against being deprived of life, liberty, or property, without due process of law.
- D. Fourteenth Amendment: Against denying to any person the equal protection of the laws.

21. Defendant Beaumont ISD Police Department violated plaintiff's constitutional rights under the Fifth and Fourteenth Amendments. At the time of the arrest, Defendant Spikes was acting under color of the laws and regulations of the State of Texas and the Beaumont ISD Police Department. Defendant Beaumont ISD Police Department had policies and customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. The customs or policies themselves violated federal law, or it authorized or directed the deprivation of federal rights, and/or it was adopted or maintained by Beaumont ISD Police Department policymakers with deliberate indifference as to its known or obvious consequences. Beaumont ISD Police Department repeatedly tolerated misconduct by its police officers and encouraged misconduct by failing to adequately supervise, discipline, and/or train.

### G. OTHER MATTERS

22. **No Texas Tort Claims Act actions are presently asserted against Beaumont Independent School District Police Department or any of its employees.**

23. Plaintiff is bringing suit against Defendant Tamara Spikes in both her official and individual capacity.

## H. DAMAGES

### Federal Civil Rights Violations Damages

24. Defendants' violations of plaintiff's civil rights caused her to sustain in varying degrees:

   A. Physical harm during and after the events at issue, including physical pain, disability, disfigurement, and discomfort in the past.

   B. Emotional and mental harm during and after the events at issue, including fear, humiliation, and mental anguish which plaintiff is reasonably certain to continue to suffer in the future.

   C. The reasonable value of any health care expenses reasonably needed and actually obtained.

   D. Other economic losses sustained by plaintiff.

   E. Reasonable value of any property damage or destroyed.

   F. Reasonable value of legal services needed and actually obtained by plaintiff to defend and clear herself of criminal charges.

25. In addition to the previously referenced actual damages, plaintiff seeks equitable and/or legal relief, including but not limited to, a declaration that her rights were violated, with the court maintaining continuing jurisdiction to ensure such violations are not repeated in the future against her or others similarly situated.

## I. EXEMPLARY § 1983 DAMAGES AGAINST DEFENDANT SPIKES INDIVIDUALLY

26. In addition to the previously alleged damages, plaintiff seeks exemplary damages against defendant Spikes. Defendant Spike's conduct was motivated by evil motive or intent and involves reckless or callous indifference to the federally protected rights of others. Defendant Spikes exhibited oppression, malice, gross negligence, willful or wanton misconduct, and/or reckless disregard for the civil rights of plaintiff.

## J. ATTORNEY FEES

27. Plaintiff is entitled to an award of reasonable attorney fees and costs under 42 U.S.C. §1988(b) and other federal law.

## K. REQUEST FOR DISCLOSURE AND PRODUCTION

28. Pursuant to TRCP 194 and 169, Plaintiff requests that within 50 days of the service of this petition upon a named defendant, that named defendant disclose to this plaintiff any and all of the information and material described in TRCP 194.2 and TRCP 190.2(b)(6), including all documents, electronic information, and tangible items that said defendant has in its possession, custody, or control and may use to support its claims or defenses. Pursuant to TRCP 196, plaintiff also named defendant produce for review and copying by plaintiff's counsel all documents, electronic information, and tangible items that such defendant has in its possession, custody, or control that might be used by plaintiff or might help plaintiff locate or lead to information, witnesses, or materials that could be used by plaintiff to prove liability or damages in this case.

## L. JURY DEMAND

29. Plaintiff demands a trial by jury.

## M. PRAYER

30. For these reasons, plaintiff asks for judgment against defendants Spikes and Beaumont ISD Police Department for the following:

 A. Compensatory damages for future emotional pain and suffering and mental anguish;

 B. Damages for

 (1) physical harm during and after the event at issue, including physical pain, disability, disfigurement, and discomfort in the past;

  (2) emotional and mental harm during and after the event at issue, including fear, humiliation, and mental anguish which plaintiff is reasonably certain to continue to suffer in the future;

  (3) the reasonable value of any health care expenses reasonably needed and actually obtained;

  (4) other economic losses sustained by plaintiff;

  (5) reasonable value of any property damage or destroyed;

C. Reasonable value of legal services needed and actually obtained by plaintiff to defend and clear herself of criminal charges;

D. A declaration that plaintiff's rights were violated, with the Court maintaining continuing jurisdiction to ensure such violations are not repeated in the future against plaintiff or others similarly situated;

E. Attorney fees and courts costs;

F. Prejudgment and postjudgment interest; and

G. All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Ste. 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

*/s/ Ken Lewis*

By: _____
  Kenneth W. Lewis
  Texas Bar #12295300
  Stephen L. Townsend
  Texas Bar #24071539

ATTORNEYS FOR PLAINTIFFS