IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CHRISTINE JONES § | |
| § | CIVIL ACTION NO. 1:14-CV-00103 |
| VS. § | |
| § | Judge Ron Clark |
| TAMARA SPIKES and § | Magistrate Judge Keith Giblin |
| BEAUMONT INDEPENDENT § | |
| SCHOOL DISTRICT POLICE § | |
| DEPARTMENT § | |

## PLAINTIFF'S MOTION TO REMAND

Plaintiff files this motion to remand under 28 U.S.C. §1447 (c).

## INTRODUCTION

1.  Plaintiff is Christine Jones (Jones).

2.  Defendants are Tamara Spikes (Spikes) and the Beaumont Independent School District Police Department (BISD-PD).

3.  On September 19, 2013, Spikes filed a Texas state court action, Cause No. 123909 in the County Court at Law No. 1, Jefferson County, Texas , against Jones, making claims against Christine Jones. (Ex. A - Spikes' Petition)

4.  Jones answered Spikes' suit on October 22, 2013.  (Ex. B - Jones' Answer)

5.  On January 9, 2014, Jones filed claims against Spikes in the 136th Judicial District Court of Jefferson County, Texas involving the same facts and occurrences surrounding the incident that is subject to Spikes' County Court at Law claims. (Doc. 1, Ex. 2 – Jones Petition).   Jones amended her petition on January 13, 2014. (Doc 2 - Jones' First Amended Petition).

6.  Spikes answered Jones' lawsuit with a general denial on February, 12, 2014. (Doc. 1, Ex. 2 – Spikes Answer).

7. BISD-PD answered Jones' petition on February 13, 2014. (Doc. 1, Ex. 2 BISD-PD Answer).

8. The claims in both Spikes' and Jones' petitions involve a May 2, 2013 incident with Spikes claiming Jones negligently brushed her at low speed with her vehicle (vehemently denied by Jones) and Jones asserting Spikes violated her Constitutional rights by pulling a firearm on Jones, and then filing false criminal charges against her.

## ARGUMENT

### Jones Counterclaim

9. Spikes filed her case in Texas County Court at Law No. 1, which has jurisdiction in cases for amounts in controversy up to $200,000. Texas Gov't Code §25.0003(c)(1). In response to Spikes' action, Jones sought to file counterclaims involving the same transaction and occurrence. Jones seeks damages over $200,000. (Doc. 2, Jones' First Amended Petition). Jones was unable to file her counterclaims against Spikes because the amount in controversy would have resulted in her case being dismissed by the County Court at Law because its maximum jurisdictional limits are $200,000. *Kitchen Designs, Inc. v. Wood,* 584 S.W.2d 305,307 (Tex.App.– Texarkana 1979, writ ref'd n.r.e.).

### Spikes Waived her Right to Remove by Invoking the Process of State Court

10. The Fifth Circuit has long held that removal statutes are to be strictly construed against removal. *Jacko v. Thorn Americas, Inc.,* 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000) (citing *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979)). A defendant may waive its right to remove by proceeding to defend the action in state court or otherwise invoking the process of that court. *Jacko* 121 F. Supp. 2d at 576) (citing *Brown v. Demco*, Inc., 792 F.2d 478, 481 (5th Cir.1986); see also *Bolivar Sand Co. v. Allied Equip., Inc.*, 631 F.Supp.

171, 172 (W.D.Tenn.1986) (noting that the right to remove may be waived by acts taken subsequent to the creation of the right that indicate a submission to the jurisdiction of the state court).

11. There are two factors that will guide the court in determining when there is clear and specific intent and whether the right to remove has been waived. *Jacko*, 121 F. Supp. 2d at 576. First, whether the actions were taken by the defendant in state court for the purpose of preserving the status quo, or did they manifest an intent to litigate the merits of the claim. (*Id.*) Second, whether removal can be characterized as an appeal from an adverse judgment of the state court. (*Id.*)

12. An intent to waive the right to remove to federal court and submit to the jurisdiction of state court must be clear and unequivocal and the waiving party's actions must be inconsistent with his right to remove. *Carpenter v. Illinois Cent. Gulf R. Co.*, 524 F. Supp. 249, 251 (M.D. La. 1981). Simply filing an answer, making preliminary motions, and the like does not waive the right of removal. *Hingst v. Providian Nat. Bank*, 124 F. Supp. 2d 449, 452 (S.D. Tex. 2000); *Carpenter v. Illinois Cent. Gulf R. Co.*, 524 F. Supp. 249, 251 (M.D. La. 1981).

13. There is no dispute that defendant, Spikes, brought her claims against Jones in a Texas county court before Jones filed claims against Spikes. There is no dispute that the claims Jones brought in Texas district court stem from the same incident from which Spikes' claims arose.

14. Spikes waived removal of Jones' claims to Federal Court by bringing claims from the May 2, 2013 incident against Jones in a Texas state court. Following the logic of *Jacko v. Thorn Americas, Inc.,* Spikes took actions in state court, not for purposes of preserving

the status quo, but for the sole purpose of seeking to litigate the merits of her claims against Jones. Spikes has filed more than just an answer or preliminary motions, which under the line of cases such as *Hingst v. Providian Nat. Bank,* she would not have waived the right of removal.  Inconsistent with her right to remove, Spikes brought claims in a state court, pursuing affirmative relief for tortious action stemming from the May 2, 2013 incident.

15.     Because Jones' counterclaims fall outside the County Court at Law's jurisdiction due to the amount in controversy, Jones brought her counterclaims in state district court. Possible claims against Spikes were not unknown to Spikes when she initially filed suit against Jones. Spikes should have been aware that possible counterclaims involving violations of constitutional rights could have stemmed from her behavior during the incident. Subsequently, all criminal claims filed by Spikes against Jones were dismissed with Spikes still persisting in her negligence claim against Jones in state court.  If the case against Spikes is removed, she will have benefitted from testing the waters in state court to see if those constitutional counterclaims materialized.

16.     Jones' claims intertwine with Spikes' claims, and if Jones' claims are removed, she could end up with both a state court and federal court ruling on claims and counterclaims involving the same incident. Spikes would receive the benefit of adjudicating her claims in state court while forcing counterclaims against her to be heard in the federal court.   A statutory vehicle to consolidate the claims exists in Texas under Texas Rules of Civil Procedure 174(a). Although outside the scope of this Motion, the appropriate procedural mechanism exists in state court to prevent the judicial inefficiency of trying two cases based on the same set of intertwined facts involving the same occurrence, allowing Spikes to proceed under the jurisdiction she sought when she initially filed suit in Texas state

court.

## CONCLUSION

17.    Spikes waived her right to remove by invoking the process of state court. For the foregoing reasons, the Plaintiff asks the court to consider the foregoing, and grant the Plaintiff's Motion to Remand, remand this suit to the state court where it was originally filed, and award the Plaintiff her court costs, expenses, and attorney fees pursuant to 28 U.S.C. § 1447(c).

        Respectfully submitted,

        BUSH LEWIS, PLLC
        595 Orleans Street, Ste. 500
        Beaumont, Texas 77701
        409/835-3521
        409/835-4194 (Fax)



By: _____
    Kenneth W. Lewis
    Texas Bar #12295300
    Ken.l@bushlewis.com
    Stephen L. Townsend
    Texas Bar #24071539
    Stephen.T@bushlewis.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

    I hereby certify that I have complied with the meet and confer requirements of Local Rule CV-7(h) by contacting counsel for the removing defendant on February 25, 2014, by email and telephone. Defendants are opposed to the filing of this Motion to Remand.



_____
Stephen L. Townsend

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, this 25th day of February 2014.

_____
Stephen L. Townsend