# EXHIBIT A

NO. 123909

| | | |
|---|---|---|
| TAMARA SPIKES<br>Plaintiff, | § § § | IN THE COUNTY COURT AT LAW |
| V. | § § | NO. 1 |
| CHRISTINE JONES<br>Defendant. | § § § | JEFFERSON COUNTY, TEXAS |

RECEIVED CAROLYN L. GUIDRY, County Clerk Jefferson County, Texas SEP 19 2013

PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Tamara Spikes, hereinafter called Plaintiff, complaining of and about Christine Jones, hereinafter called Defendant, and for cause of action shows unto the Court the following:

DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

PARTIES AND SERVICE

2. Plaintiff, Tamara Spikes, is an Individual whose address is 520 Dowlen Road, Apt 218, Beaumont, Texas 77706.

3. Defendant Christine Jones, an individual, is a resident of the State of Texas. Said Defendant may be served with process at her home at the following address: 9455 Gross, Beaumont, Texas 77707. Service of said Defendant as described above can be effected by personal delivery.

JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over the parties because

Defendant is a Texas resident.

6. Venue in Jefferson County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

7. On July 2, 2013 Plaintiff was in uniform as a Beaumont Independent Police Officer directing traffic at Vincent Middle School. Plaintiff approached the vehicle driven by Defendant and Plaintiff told her not to make a left turn. Plaintiff warned defendant that she was blocking other vehicles thus Plaintiff asked that Defendant move her vehicle forward but Defendant refused. Plaintiff made repeated requests for Defendant to move her vehicle forward but she continued to refuse. Plaintiff asked Defendant for her ID and then Defendant rolled up her windows. Again Plaintiff asked Defendant for her ID and Defendant rolled down her window and turned her vehicle into Plaintiff thus striking Plaintiff with Defendants vehicle. Plaintiff was slammed to the ground by Defendants vehicle. Plaintiff arose to her feet and drew her service weapon and ordered Defendant out her vehicle but Defendant refused after repeated requests. Another police officer arrived to the fray and assisted Plaintiff in the arrest of Defendant.

## PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST CHRISTINE JONES

8. Defendant Christine Jones had a duty to exercise the

degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

9. Plaintiff's injuries were proximately caused by Defendant Christine Jones's negligent, careless and reckless disregard of said duty.

10. The negligent, careless and reckless disregard of duty of Defendant Christine Jones consisted of, but is not limited to, the following acts and omissions:

  A. In that Defendant Christine Jones failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

  B. In that Defendant Christine Jones failed to yield to a police officer as a person of prudent care would have done;

  C. In that Defendant Christine Jones failed to turn her motor vehicle to the in an effort to avoid the collision complained of;

  D. In that Defendant Christine Jones failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

  E. In that Defendant Christine Jones was operating her motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

  F. In that Defendant Christine Jones failed to apply her brakes to her motor vehicle in a timely and

prudent manner and/or wholly failed to apply her brakes;

**EXEMPLARY DAMAGES**

11. Defendant Christine Jones's specific intent to cause substantial injury to the Plaintiff; or Defendant Christine Jones's acts or omissions, which when viewed objectively from the standpoint of the Defendant at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff.

12. Defendant Christine Jones's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

13. Defendant Christine Jones had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

14. Therefore, for such malice on behalf of Defendant, Plaintiff sues for exemplary damages in an amount to be determined at trial.

**DAMAGES FOR PLAINTIFF, TAMARA SPIKES**

15. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Tamara Spikes was caused to suffer injury, and to incur the following damages:

| | |
|---|---|
| A. | Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Tamara Spikes for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Jefferson County, Texas; |
| B. | Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future; |
| C. | Physical pain and suffering in the past; |
| D. | Physical pain and suffering in the future; |
| E. | Physical impairment in the past; |
| F. | Physical impairment which, in all reasonable probability, will be suffered in the future; |
| G. | Loss of earnings in the past; |
| H. | Loss of earning capacity which will, in all probability, be incurred in the future; |
| I. | Disfigurement in the past; |
| J. | Disfigurement in the future; |
| K. | Mental anguish in the past; |
| L. | Mental anguish in the future; and |
| M. | Fear of future disease or condition. |

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Tamara Spikes, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause,

judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Tex. Civ. Prac. & Rem. Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Langston Scott Adams
Texas Bar No. 24030049
3708 Gulfway Drive, Suite B
Port Arthur, Texas   77642
Tel. (409)982-1780
Fax. (409)982-1701
Attorney for Plaintiff
Tamara Spikes