IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTINE JONES<br>Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No. 1:14-cv-00103 |
| TAMARA SPIKES and<br>BEAUMONT INDEPENDENT<br>SCHOOL DISTRICT POLICE<br>DEPARTMENT,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ | |

### DEFENDANT TAMARA SPIKES'S RESPONSE TO
### PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES TAMARA SPIKES, Defendant in the above-styled and numbered cause, and submits this her Response to Plaintiff's Motion to Remand, which Plaintiff filed on February 25, 2014. *See* Dkt. No. 5. As set out below, Defendant requests that this Court deny Plaintiff's Motion to Remand.

### PROCEDURAL BACKGROUND

1. Plaintiff filed her Original Petition on or about January 9, 2014. *See* Dkt. No. 1, Exhibit 2C. In her Original Petition, every claim made against Defendant referred specifically to Federal causes of action under 42 USC 1983 and the 4th, 5th and 14th Amendments to the United States Constitution. *See id.* The Petition states, in part, "**No Texas Tort Claims Act actions are presently asserted against Beaumont Independent School District Police Department or any of its employees.**" *See id.; Paragraph 22* (Emphasis in original).

2. Plaintiff's Original Petition is absolutely devoid of *any* reference to alleged state law violations. *See id.* Because Plaintiff's Original Petition only alleged violations of federal

Page 1

law, Plaintiff's lawsuit presented a federal question. Accordingly, Defendant timely removed the case to this Court on February 18, 2014. *See* Dkt. No. 1.

3. ***Removal of this case was proper.***

In her Motion to Remand, Plaintiff does not deny that the only claims she has made in this matter are claims under Federal law. Likewise, Plaintiff raises no technical defects regarding the removal. Instead, Plaintiff's only basis for Remand is that the Defendant has waived her right to removal by filing a separate suit for personal injuries in state court.

## ARGUMENT

4. Defendant has taken no action in that lawsuit that constitutes waiver of her right to removal under 28 U.S.C. § 1441(a). A civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). It is undisputed that the present lawsuit, brought under 42 U.S.C. § 1983, provides the court with federal question jurisdiction. Thus, the claims are removable to federal court. Spikes has taken no affirmative action in the separate State Court action other than to file her petition and participate in written discovery. She has made no attempt to seek a resolution of the merits of the claim in State Court. *See attached Exhibits 1 and 2.*

5. Plaintiff argues, however, that the Defendant waived her right to remove the case through her conduct in a state court action filed before Plaintiff filed the instant suit. Courts have held, however, that waiver should only be found in "extreme situations." *Grubb v. Donegal Mut. Ins.*, 935 F.2d 57, 59 (4th Cir. 1991). Waiver of the right to removal will not occur unless the defendant's intent is "clear and unequivocal." *Ortiz v. Brownsville ISD*, 257 F.Supp.2d 885, 889 (S.D. Tex. 2003), citing, *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989). Further, the right

of removal is "not lost by action in the state court short of proceeding to an adjudication on the merits." *Id.*, quoting 1A Moore, Federal Practice ¶ 0.157[9] at 153 (1987).

6. In her Petition in the separate state court action, Spikes (Defendant herein) made no federal claims, and therefore, the case was not removable at that time. The Fifth Circuit Court of Appeals has recognized that a party cannot waive removal by conduct occurring before a case becomes removable. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 n. 15 (5th Cir. 2003)(noting that "waiver is 'the intentional relinquishment or abandonment of a known right'" and reasoning that defendant's actions in state court occurred before "[t]he right to removal arose"); see also, *Ortiz*, 257 F.Supp.2d at 889-90 (focusing on actions defendant took after case became removable); *Bechtelheimer v. Continental Airlines*, 755 F.Supp.2d 1211, 1214 (M.D. Fla. 2010) (a party cannot waive removal by its actions in state court before the basis for removal existed); *Cruz v. Lowe's Home Centers, Inc.*, 2009 WL 2180489 (M.D. Fla. 2009) ("In order to waive the right to removal, a defendant must proceed in state court despite having notice of its right to remove the case."). Additionally, a "defendant's conduct in a prior lawsuit has no bearing on the removability of a later suit." See, *Hingst v. Providian National Bank*, 124 F.Supp.2d 449, 452 (S.D. Tex. 2000).

7. In *Hingst*, the bank filed suit against a debtor in state court, but later nonsuited the case. Shortly after the nonsuit, the debtor answered and asserted counterclaims against the bank. The parties proceeded with discovery on those counterclaims and the case was set for trial. The bank later secured dismissal of the suit. According to the trial court, the nonsuit deprived the court of jurisdiction over the debtor's claims because the debtor had filed the counterclaims after the nonsuit. The debtor then refiled the claims in state court, asserting state and federal causes of action. The bank sought removal of the case to federal court, but the debtor claimed that the bank

waived its right to removal through its actions in the prior state court lawsuit. The trial court disagreed. The court observed that "simply filing an answer, making preliminary motions, and the like does not waive the right to removal." *Hingst*, 124 F.Supp.2d at 452. In holding that the bank did not waive its right to removal by its conduct in the previous suit, the trial court stated: "Plaintiff's lawsuit against Defendant is a wholly new lawsuit. It makes no difference that Plaintiff's claims are the same, and that Defendant failed to remove the previously dismissed state court suit. A defendant's conduct in a prior lawsuit has no bearing on the removability in a later suit." *Id*, citing *Baker v. Firestone Tire & Rubber Co.*, 537 F.Supp. 244, 247 (S.D. Fla. 1982).

8. Thus, contrary to Plaintiff's contentions, Defendant has not waived her right to removal by filing suit in state court. Defendant has taken no "clear and unequivocal" action to waive the right to removal. Under the line of cases cited above, Defendant did not waive her right to removal by filing a separate lawsuit in state court. Further, Defendant simply could not waive a right to removal by action taken before the right to removal existed. The trial court, therefore, should deny the Motion to Remand and allow the case to proceed in federal court.

9. WHEREFORE, PREMISES CONSIDERED, for the reasons shown above, the District respectfully moves this Court to deny Plaintiff's Motion to Remand and to deny all of Plaintiffs' claims and requests for relief therein, and to further grant the Defendant all such other and further relief, special or general, at law or in equity, to which she shows herself justly entitled.

Respectfully submitted,

By: /s/ James E. Byrom
    JAMES E. BYROM
    State Bar No. 03568100
    WALSH, ANDERSON, GALLEGOS,
    GREEN & TREVIÑO, P.C.
    10375 Richmond Ave., Suite 750
    Houston, TX 77042-4196
    Office: 713.789.6864
    Fax: 713.789.9318
    Email: jbyrom@wabsa.com

    ATTORNEY FOR DEFENDANT
    TAMARA SPIKES

# CERTIFICATE OF SERVICE

       I hereby certify that on the 6th day of March, 2014, a true and correct copy of the foregoing was served upon counsel of record as follows:

| | |
|---|---|
| Kenneth W. Lewis<br>State Bar No. 12295300<br>Stephen L. Townsend<br>State Bar No. 24071539<br>Bush Lewis, PLLC<br>595 Orleans Street, Ste. 500<br>Beaumont, TX 77701<br>Phone: 409-835-3521<br>Facsimile: 409-835-4194<br><br>ATTORNEYS FOR PLAINTIFF<br>CHRISTINE JONES | *Via Electronic Case Filing* |
| Christopher Gilbert<br>State Bar No. 00787535<br>Rebecca Weimer<br>State Bar No. 24062597<br>Thompson & Horton LLP<br>Phoenix Tower, Suite 2000<br>3200 Southwest Freeway<br>Houston, TX 77027<br>Phone: 713-554-6767<br>Facsimile: 713-583-8884 | *Via Electronic Case Filing* |
| Melody G. Chappell<br>State Bar No. 00785096<br>Wells, Peyton, Greenberg & Hunt, L.L.P.<br>550 Fannin Street, Suite 600<br>Beaumont, TX 77701<br>Phone: 409-838-2644<br>Facsimile: 409-838-4713<br><br>ATTORNEYS FOR DEFENDANT BEAUMONT<br>INDEPENDENT SCHOOL DISTRICT POLICE<br>DEPARTMENT | *Via Electronic Case Filing* |

                                                                   */s/ James E. Byrom*
                                                                   James E. Byrom