IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **CHRISTINE JONES,** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | C.A. No. 1:14-cv-00103 |
| **TAMARA SPIKES and BEAUMONT** | § | |
| **INDEPENDENT SCHOOL DISTRICT** | § | |
| **POLICE DEPARTMENT,** | § | |
| | § | |
| Defendants | § | |

### DEFENDANT BEAUMONT INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Beaumont Independent School District Police Department ("BISD") files this Response in Opposition to Plaintiff's Motion to Remand, and would show this Honorable Court the following:

**I.**

1. Plaintiff's Motion to Remand does not challenge the jurisdiction of this Court to hear this lawsuit – nor could it, seeing as how all of the claims asserted by the Plaintiff in this lawsuit against either defendant are federal claims, and Plaintiff in fact specifically disavows any intent to bring any state claims under the Texas Tort Claims Act. (Amended Petition, ¶ 22.) Nor does the Plaintiff claim that there were any technical defects in the removal. Instead, her sole argument is that by filing a separate suit for personal injuries in state court, Defendant Spikes has waived her right to remove this lawsuit to this Court.

2. BISD has reviewed Defendant Tamara Spikes' Response to Plaintiff's Motion to Remand [Dkt. No. 6]. Put simply, Defendant Spikes argues that she did not engage in acts in her personal injury suit sufficient to wave her right to remove this lawsuit. Defendant BISD agrees with the position taken by Defendant Spikes, and rather than make the same argument here, incorporates by reference that argument.

3. However, BISD also asserts that this case should not be remanded because of the presence of BISD as a separate defendant in this lawsuit. BISD consented to and participated in the removal of this case from state court to federal court. [*See* Dkt. 1, Ex. 1.] BISD is **not** a party to the personal injury suit, and therefore cannot have waived its independent right to remove this lawsuit to federal court. This same issue was addressed by the United States District Court for the Western District of Texas just last year in *Mathis v. DCR Mortgage III*, 942 F.Supp.2d 649 (W.D. Tex. 2013). Mathis had purchased property in Austin secured by a mortgage held by DCR, but was habitually late on his payments. The first lawsuit, filed in state court, addressed DCR's efforts to foreclose on the property, and the court entered judgment that DCR was entitled to foreclosure. *Id.* at 650. Mathis appealed but did not file a supersedeas bond, and during the appeal DCR actually foreclosed on his property. Eight months later the Court of Appeals reversed the original decision on a notice technicality and remanded the case back to the trial court. A few days after that ruling, Mathis filed a second lawsuit in state court against DCR and seven other defendants (who were not parties to the first lawsuit), asserting claims for wrongful disclosure, violations of the Texas Deceptive Trade Practices Act, and various torts. The Defendants collectively removed the case to federal court on the basis of diversity jurisdiction. Mathis then moved to remand the case, arguing that DCR's litigation of the foreclosure in state court in the first lawsuit waived its right to remove the second lawsuit,

and thus DCR and the seven new defendants were required to litigate the second lawsuit in state court.

4. Judge Sam Sparks rejected Mathis's argument and denied the remand. In discussing one of the traditional waiver cases (*Demco*)[1] cited by Mathis, the Court noted that "[w]hile a defendant may waive removal by proceeding in state court, nothing in *Demco* suggests that such a waive extends to later-filed suits, even if those suits involve some similar parties or issues." *Id*. at 651 (internal quotations omitted). In reviewing a case from West Virginia (*Frank*)[2] that analyzed the impact that a waiver by one defendant might have on the ability of his co-defendants to remove a case, Judge Sparks noted:

> Of course, *Frank* is distinguishable because it involved a single lawsuit, not multiple lawsuits by the same plaintiff against different defendants alleging different causes of action. Mathis identifies no authority – and this Court is aware of none – holding a defendant's waiver of removal in one case amounts to a constructive waiver of his co-defendants' rights in another case, or precludes him from consenting to removal in another case.

*Id*. at 652. Judge Sparks also emphasized the presence of additional defendants in the second lawsuit who were not parties to the first lawsuit that had been litigated in state court:

> The concept of cross-case waiver might make some sense when identical parties are involved, but there is an inherent unfairness in Mathis's extension of the concept to allow the actions of one defendant to prejudice the rights of other defendants in a separate lawsuit filed years later.

*Id*. at 651. The Court concluded that although Mathis could have filed the claims from the second lawsuit as claims in the first lawsuit, "Mathis chose to file a new lawsuit against new defendants alleging new causes of action," and that this choice gave those defendants the right to remove that new lawsuit to federal court. *Id*. at 652.

---

[1] *Brown v. Demco, Inc*., 792 F.2d 478, 481 (5th Cir. 1986).

[2] *Westwood v. Frank*, 177 F.Supp.2d 536 (N.D. W.Va. 2001).

5. As in *Mathis*, it would be "inherently unfair" to deny the District its right to have the Plaintiff's Section 1983 and federal Constitutional claims– which are the *only* claims asserted against the District – heard in federal court, simply because another defendant filed a personal injury case in state court (where it obviously had to be filed), that certainly does not address any of the constitutional issues raised in this lawsuit. Plaintiff has offered this Court no authority to support her argument for "cross-case waiver," especially where other defendants are also involved. Plaintiff made the voluntary choice to file this case as a separate lawsuit, instead of filing counterclaims in the personal injury lawsuit, and she must now suffer the consequences of that strategic decision.

## II.

WHEREFORE, PREMISES CONSIDERED, Defendant Beaumont Independent School District Police Department respectfully requests that the Court deny Plaintiff's Motion to Remand, retain this case on its docket, and grant the Defendant such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: /s/ Christopher B. Gilbert
    Christopher B. Gilbert
    State Bar No. 00787535
    Rebecca Weimer
    State Bar No. 24062597

Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
Telephone: (713) 554-6744
Fax: (713) 583-7698
cgilbert@thompsonhorton.com

       **WELLS, PEYTON, GREENBERG**
         **& HUNT, L.L.P.**


    By /s/ *Melody G. Chappell*
      MELODY G. CHAPPELL
      TB#: 00785096
      550 Fannin Street, Suite 600
      Beaumont, Texas 77701
      Tel. (409) 838-2644
      Fax (409) 838-4713

    ATTORNEYS FOR DEFENDANT
    BEAUMONT INDEPENDENT SCHOOL
    DISTRICT POLICE DEPARTMENT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been forwarded to counsel of record as follows:

**VIA E-FILE NOTIFICATION**
Mr. Kenneth W. Lewis
Mr. Stephen L. Townsend
Bush Lewis, PLLC
595 Orleans Street, Suite 500
Beaumont, Texas 77701
*Attorney for Plaintiff*


Mr. James E. Byrom
Walsh, Anderson, Gallegos, Green & Treviño, P.C.
10375 Richmond Ave., Suite 750
Houston, TX 77042-4196
*Attorney For Defendant Tamara Spikes*


Dated: March 11, 2014

                                  /s/ Christopher B. Gilbert
                                  Christopher B. Gilbert