IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CHRISTINE JONES § | |
| § | CIVIL ACTION NO. 1:14-CV-00103 |
| VS. § | |
| § | Judge Ron Clark |
| TAMARA SPIKES and § | Magistrate Judge Keith Giblin |
| BEAUMONT INDEPENDENT § | |
| SCHOOL DISTRICT POLICE § | |
| DEPARTMENT § | |

**PLAINTIFF'S REPLY TO DEFENDANT TAMARA SPIKES'
RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

1. For her reply to defendant's (Spikes) response to Plaintiff's Motion to Remand, plaintiff (Jones) refers the Court to her Motion to Remand (Doc #5) in its entirety. Plaintiff files this reply to briefly address claims made by defendant in her response.

Spikes Filed Suit in State Court and Waived Right of Removal

2. Defendant cites *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 n.15 (5th Cir. 2003) and *Ortiz v. Brownsville ISD*, 257 F.Supp.2d 885 (S.D. Tex. 2003) in support of her contention that her conduct in a state court action before a basis for removal arose did not constitute waiver. (Doc. #6, ¶¶ 5-6) Unlike this case, the state court defendants in *Tedford* and *Ortiz*, (as well as other Florida cases cited in defendant Spike's response), sought removal after state court plaintiff initiated cases against them. *Tedford*, 327 F.3d at 424; *Ortiz*, 257 F.Supp.2d at 886.

3. Defendant cites *Hingst v. Providian National Bank,* 124 F.Supp.2d 449 (S.D. Tex. 2000) as an authority that she has not waived her right to removal based upon her actions in a prior state court suit. (Doc. #6, ¶7). *Hingst* does not apply in the case before the Court. In *Hingst*, the bank dismissed its case before the debtor filed its counterclaims.

*Hingst,* 124 F.Supp.2d at 451. Debtor's counterclaims were dismissed, and debtor subsequently refiled his claim as plaintiff. *Id.* The refiled claim was a distinct new lawsuit brought by the debtor. *Hingst* at 452.

4. As discussed throughout plaintiff's motion to remand, Spikes did more than just answer a lawsuit and go through the preliminary discovery process. (Doc. 5, ¶¶ 10-16). Spikes filed the lawsuit against plaintiff seeking affirmative relief in state court. In the case before the Court, Spikes differs from the defendants in the cases she cites as her authorities, as she filed suit as the plaintiff in the state court claims. Unlike in *Hingst*, Spikes did not dismiss her state court claims. Jones' claims against Spikes stem from the same facts surrounding the same incident for which Spikes brought, and is still seeking affirmative relief for, in state court. Based on the arguments and authorities Jones cited in her motion and this reply, the Court should find that Spikes waived her right to remove and therefore grant plaintiff's Motion to Remand.

        Respectfully submitted,

        BUSH LEWIS, PLLC
        595 Orleans Street, Ste. 500
        Beaumont, Texas 77701
        409/835-3521
        409/835-4194 (Fax)



By: _____
     Kenneth W. Lewis
     Texas Bar #12295300
     Ken.l@bushlewis.com
     Stephen L. Townsend
     Texas Bar #24071539
     Stephen.T@bushlewis.com

ATTORNEYS FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

    I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, this 17th day of March, 2014.

_____
Stephen L. Townsend