IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTINE JONES | § | |
| | § | CIVIL ACTION NO. 1:14-CV-00103 |
| VS. | § | |
| | § | Judge Ron Clark |
| TAMARA SPIKES and | § | Magistrate Judge Keith Giblin |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT POLICE | § | |
| DEPARTMENT | § | |

**PLAINTIFF'S REPLY TO DEFENDANT BEAUMONT INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

1. For her reply to Beaumont Independent School District Police Department's (BISD-PD) response to Plaintiff's Motion to Remand, plaintiff (Jones) refers the Court to her Motion to Remand (Doc #5) and her Reply to defendant Tamara Spikes' Response to Plaintiff's Motion to Remand (Doc #8) in their entirety. Plaintiff files this reply to briefly address claims made by defendant, BISD-PD, in its response.

Jones' Case Is Distinguishable from *Mathis*

2. In BISD-PD's response, it cites and relies on a Western District of Texas case, *Mathis v. DCR Mortgage III,* 942 F.Supp.2d 649 (W.D. Tex. 2013). (Doc. #7, ¶2). The facts in *Mathis* are distinguishable from this case before the Court.

3. In *Mathis,* the state court plaintiff filed a case against a defendant, DCR Mortgage III Sub I, LLC (DCR). *Mathis* at 650. Three years after filing the still active state court suit, the state court plaintiff filed a separate second suit against DCR and included new defendants and new causes of actions, which DCR removed. *Id.* The state court plaintiff argued that DCR waived its right to remove the case because it defended the first state court action. *Id.* The state court plaintiff also argued that the two separate cases involved

the same issues. *Id.* at 651.

4. Because the parties were not identical in the two suits and because the two suits were not identical, as the two suits were filed years after each other with the second suit involving issues that could only have occurred after the passing of the time between suits, the Court denied the motion to remand. *Id.* The analysis in that case actually provides strong support to Jones' position.

5. Jones' case before this Court differs from defendant's authority in three ways. First, unlike in *Mathis*, defendant Spikes filed suit (as a state court plaintiff) in state court against Jones. Second, Jones' claims stemmed from the exact same incident and were permissive counterclaims (which would have been mandatory counterclaims in Texas district court). Third, the two cases (Spikes v. Jones and Jones v. Spikes and BISD-PD) were not years apart. Unlike the claims in *Mathis,* the actions in the case before the Court did involve the same issues. The Court should find that *Mathis* does not apply to Jones' case and grant her motion to remand.

## Conclusion

6. Based on the arguments and authorities Jones presented in this reply, as well as those presented in her motion to remand and reply to Spikes' response, the Court should find that defendant waived the right to remove and therefore grant Plaintiff's Motion to Remand.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Ste. 500
Beaumont, Texas 77701
409/835-3521
409/835-4194 (Fax)

Case 1:14-cv-00103-RC-KFG   Document 9   Filed 03/21/14   Page 3 of 3 PageID #: 112



By: _____
    Kenneth W. Lewis
    Texas Bar #12295300
    Ken.l@bushlewis.com
    Stephen L. Townsend
    Texas Bar #24071539
    Stephen.T@bushlewis.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, this 21st day of March, 2014.

_____
Stephen L. Townsend