IN UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTINE JONES | § § § | |
| vs. | § § | C.A. NO. 1:14-CV-00103 |
| TAMARA SPIKES and BEAUMONT INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT | § § § § § | |

**JOINT CONFERENCE REPORT UNDER FED. R. CIV. P.26(F) AND THE EASTERN DISTRICT OF TEXAS' ORDER GOVERNING PROCEEDINGS**

In accordance with this Court's Order Governing Proceedings issued in this case, the parties file this Joint Report of Attorney Conference, and would respectfully show the Court as follows:

1. **A Brief Factual and Legal Synopsis of the Case**

   **For the Plaintiffs:**

   Plaintiff asserts a civil rights personal injury claim pursuant to the federal civil rights statute, 42 U.S.C. §1983, against Officer Tamara Spikes, individually, for her violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from the use of unreasonable, unnecessary, and excessive force and/or unreasonable seizure of her person under color of state law, and against the Beaumont Independent School District Police Department pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution for its violations of plaintiff's federal rights through policies and customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals, directly violating federal law, and/or authorizing or directing the deprivation of federal rights and/or adopted or maintained by Police Department policymakers with deliberate indifference to its known or obvious consequences, including tolerating misconduct by its police officers and encouraging misconduct by failing to adequately supervise, discipline, and/or train. Absolutely no Texas Tort Claims Act actions are asserted against the police department or any of its employees. Exemplary damages are sought individually against defendant Spikes but not against the police department.

   [Opposing counsel has discussed with plaintiff's counsel the fact that the BISD's Police Department is actually part of the district and that the proper party for the department's misconduct is the district and plaintiff's counsel has agreed to amend upon receipt of written confirmation of this fact and entry of a scheduling order providing for amendment

of pleadings without leave of court. Plaintiff's counsel understands that no additional service beyond copying counsel will be required by the new district when the pleading is amended and that current Police Department counsel will become counsel for B.I.S.D.]

To prevail on her claims, plaintiff must establish:

42 U.S.C. §1983 vs. Officer Spikes, Individually

a.     Defendant Spikes acted with willful, deliberate, malicious, and/or reckless disregard for plaintiff's clearly established constitutional rights.

b.     Defendant Spikes violated plaintiff's constitutional rights provided by the Fourth and Fourteenth Amendments by use of unreasonable, unnecessary, and excessive force and/or by unreasonable seizure of her person.

c.     Plaintiff suffered injury from the constitutional violations by Defendant Spikes.

42 U.S.C. §1983 Constitutional Violations vs. School District Police Department (properly B.I.S.D.)

a.     Officer Spikes was acting under the color of laws and regulations established by the state and Police Department/B.I.S.D. at the time of the constitutional violations.

b.     Police Department/B.I.S.D. had customs and policies in place that enabled its agents/employees to act with deliberate indifference to the constitutional rights of individuals so that those customs or policies violate federal law or authorized or directed the deprivation of federal rights and/or were adopted or maintained by the Police Department/B.I.S.D. policymakers with deliberate indifference to known or obvious consequences.

c.     The exercise of the established policy, practice, and/or custom violated one or more of plaintiff's clearly established rights under the U. S. Constitution to be free from:

    (i)     Under the Fourth Amendment, unreasonable seizure of the person;

    (ii)    Under the Fourth and Fourteenth Amendment, use of unreasonable, unnecessary, and excessive force;

    (iii)   Under the Fifth and Fourteenth Amendment, being deprived of liberty without due process of law; or

    (iv)    Under the Fourteenth Amendment, denial of equal protection under law.

d.     Plaintiff suffered injury from the violation(s).

**For the Defendants:**

This lawsuit arises out of the lawful arrest of Plaintiff Christine Jones by several Beaumont Independent School District police officers, including Defendant Tamara Spikes, outside Vincent Middle School.

On or about May 2, 2013, Defendant Spikes was directing traffic at Vincent Middle School. At the time, school was ending for the day and much of the traffic consisted of individuals picking up their students. Plaintiff Jones was operating a vehicle that was stopped and blocking other cars. Officer Spikes made several requests for Plaintiff to move her vehicle and Defendant Spikes refused each request. Officer Spikes then requested Plaintiff's ID, and Plaintiff refused, at which point Plaintiff turned her vehicle in the direction of Officer Spikes and struck Officer Spikes with the vehicle. Officer Spikes was knocked to the ground. Upon rising, Officer Spikes drew her service weapon and ordered Plaintiff from the vehicle. Plaintiff refused. At this point, Officer Custer arrived to assist Officer Spikes. Officer Custer drew his service weapon. Plaintiff exited the vehicle, and Officer Spikes and Officer Custer arrested Plaintiff.

The Defendants deny that Officer Spikes violated any of the rights set out by the Plaintiff, but rather, assert that the use of force against Plaintiff by any of the District's police officers, including Officer Spikes, was necessary and justified.

Officer Spikes also asserts that her actions on the date in question were discretionary and were reasonable and therefore, she is entitled to qualified immunity.

2. **The jurisdictional basis for this suit.**

Plaintiff alleges that the court has jurisdiction over this lawsuit because it includes causes of action arising under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and federal civil rights statutes.

The Defendants agree that the Court has jurisdiction over Plaintiff's federal claims; although Defendants dispute that Plaintiff has pled facts sufficient to give this Court jurisdiction over Plaintiff's claims.

3. **Confirm that initial mandatory disclosures required by Rule 26(a)(1) and this order have been completed.**

Plaintiff confirms that her initial mandatory disclosures required by Rule 26(a)(1) and the Court's order are complete. Defendants confirm that their initial mandatory disclosures required by Rule 26(a)(1) and the Court's order will be completed by August 8, 2014.

4.  **Proposed scheduling order deadlines. Appendix 1 has standard deadlines. Explain any deviations from standard schedule. <u>Now is the time to inform the court of any special complexities or need for more time before the trial setting</u>. The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.**

    The parties have agreed to the attached Scheduling Order which contains the standard deadlines.

5.  **If the parties agree that mediation is appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator, and a proposed deadline should be stated. An early date is encouraged to reduce expenses. The court may appoint a mediator upon request.**

    The parties agree that mediation may be useful in this case. However, due to the fact that the District has a new Superintendent and Board of Managers, the parties would prefer to wait until a reasonable amount of time has passed after their taking office before mediating this case. The parties will continue to assess the appropriateness of mediation with a deadline for mediation of January 31, 2015. If there is a time on or before January 31, 2015, at which mediation is warranted and could be beneficial to the case, the parties agree to use Bob Black as their mediator.

    Bob Black
    2615 Calder Ave.
    Post Office Box 16
    Beaumont, Texas 77704
    Phone: 409.835.5011 ext 422

6.  **The identity of persons expected to be deposed.**

    Plaintiff intends to depose the following witnesses:

    - Officer Tamara Spikes, Defendant;

    - Officer Matthew Custer, police officer for defendant, arrived on the scene;

    - Officer Jackson, police officer for defendant, arrived on the scene;

    - Officer Steven Rivers, police officer for defendant, arrived on the scene;

    - Detective Sargent Danny Moore, detective for defendant, arrived on the scene and investigated the incident;

    - Davita Douglas, school employee who witnessed the incident;

    - Michelle Patillo, provided a witness statement to police;

- Clydell Duncan, BISD Police Chief;

- Designated BISD 30(b)(6) representative; and

Plaintiff may depose one or more witnesses identified by defendants, eye witnesses to the events made basis to this lawsuit, and any experts designated by defendants, within the discovery period.

Defendants intend to depose the following witnesses:

- Christine Jones, Plaintiff

- Michele Patillo, substitute teacher, BISD, witness

- Davita Douglas, attendance clerk, BISD, witness; and

- Eric Payne, police sergeant, BISD.

Defendants reserve the right to depose additional witnesses to the incident, and any experts designated by Plaintiff, within the discovery period.

7. **Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

   None of which the parties are currently aware. The parties do not anticipate any issues regarding the discovery of electronically stored information. Electronically stored documents will be produced in paper format or as PDFs.

8. **Any issues relating to preserving discoverable information, including electronically stored information.**

   None of which the parties are currently aware.

9. **Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b), (c).**

   Not at this time.

10. **Estimated trial time.**

    3 days.

11. **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

    Ken Lewis will appear on behalf of the Plaintiff.

5

James E. Byrom will appear on behalf of Defendant Tamara Spikes.

Chris Gilbert and Frances Broussard will appear on behalf of Defendant Beaumont Independent School District.

**12. Any other matters counsel deem appropriate for inclusion in the joint conference report.**

None.

Respectfully submitted:

THOMPSON & HORTON LLP

By: /s/ Christopher B. Gilbert
    Christopher B. Gilbert
    State Bar No. 00787535
    Frances R. Broussard
    State Bar No. 24055218

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
(713) 554-6744 – Telephone
(713) 583-7698 – Facsimile

**Attorney for Defendant Beaumont Independent School District**

WALSH, ANDERSON, GALLEGOS, GREEN & TREVIÑO, P.C.

By: /s/ James E. Byrom
    James E. Byrom
    State Bar No. 03568100

10375 Richmond Avenue, Suite 750
Houston, Texas 77042-4196
(713) 789-6864 – Telephone
(713) 789-9318 – Facsimile

**Attorney for Defendant Tamara Spikes**

BUSH LEWIS, PLLC

By: /s/ Kenneth W. Lewis
    Kenneth W. Lewis
    State Bar No. 12295300
    Stephen L. Townsend
    State Bar No. 24071539

595 Orleans Street, Suite 500
Beaumont, Texas 77701
(409) 835-3521 – Telephone
(409) 835-4194 – Facsimile

**Attorney for the Plaintiff**

626384