IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CHRISTINE JONES § | |
| § | CIVIL ACTION NO. 1:14-CV-00103 |
| VS. § | |
| § | Judge Keith Giblin |
| TAMARA SPIKES § | |
| BEAUMONT INDEPENDENT § | |
| SCHOOL DISTRICT POLICE § | |
| DEPARTMENT § | |

## PLAINTIFF'S AMENDED COMPLAINT

### A. Parties

1. Plaintiff Christine Jones is an individual Texas resident residing in Beaumont, Jefferson County, Texas.

2. Defendant Tamara Spikes (Spikes) is an individual residing in Beaumont, Jefferson County, Texas.

3. Defendant Beaumont Independent School District (BISD) is a Texas independent school district operating in the State of Texas, County of Jefferson, making it technically a governmental unit of the State of Texas.

### B. Jurisdiction

4. The Court has federal question jurisdiction over the lawsuit under because the suit arises under 28 U.S.C. §1333 both because it is a civil rights personal injury claim brought pursuant to the federal civil rights statute, 42 U.S.C. §1983, and the United States Constitution. Plaintiff contends that the Court also has pendent jurisdiction over the state court common causes of action brought by defendant Spikes against plaintiff and that lawsuit properly belongs in this lawsuit because all claims in the two lawsuits arise from the same occurrence or transaction or same series of occurrences or transactions.

### C. Venue

5. Venue is proper in this district under both 28 U.S.C. §1391 (b)(1) because all defendants reside in this district and 28 U.S.C. §1391 (b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in the district.

### D. Summary of Causes of Action

6. Plaintiff asserts a civil rights personal injury claim pursuant to the federal civil rights statute, 42 U.S.C. §1983, against defendant Spikes, individually, for her violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from the use of unreasonable, unnecessary, and excessive force against her and from unreasonable seizure of her person under color of state law, and against defendant BISD pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution for its violations of plaintiff's federal rights through policies and customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals, either directly violating federal law and/or authorizing or directing the deprivation of federal rights and/or adopted and/or maintained by BISD policymakers with deliberate indifference as to its known or obvious consequences, including repeatedly tolerating misconduct by its police officers and/or encouraging misconduct by failing to adequately supervise, discipline, and/or train.

7. No Texas Tort Claims Act actions are asserted against BISD or any of its employees.

### E. Facts

8. On or about May 2, 2013 plaintiff was waiting in line to pick her child up from Vincent Middle School in Beaumont, Texas. Plaintiff turned into the school's driveway, following

behind another vehicle also turning into the driveway. The driver of the vehicle in front of her stopped his car, exited it, and went into the building.

9.  While in line, defendant Spikes, acting in the course and scope of her employment as a police officer for defendant BISD, motioned for plaintiff to move her car forward. Officer Spikes approached plaintiff's car in an already-irritated state and said for plaintiff not to turn into that driveway from that direction any more because of prior pedestrian accidents. Plaintiff responded that she would not do it again, and that she understood.

10. While plaintiff was still waiting in line, Spikes returned to plaintiff's car and, in an increasingly angry voice, told plaintiff to move her car. Plaintiff politely responded, "yes, officer. I will." Plaintiff was unable to move at that very moment as there were no openings into which to move her vehicle. Spikes became angrier and began yelling at plaintiff to move up. Plaintiff tried to explain to Spikes that there was no place for her to move to because she had to wait for another vehicle to leave, but Spikes would not listen. Spike's voice level continued to increase, making plaintiff very nervous because of Spike's volatile behavior.

11. Spikes stepped away and then returned and demanded to see plaintiff's driver's license. When plaintiff asked what she did wrong, Spikes became angrier, causing plaintiff to become more fearful.

12. Spikes walked up ahead of, and to the side of plaintiff's car and began talking on her radio. At that time, space opened up on the side of and in front of plaintiff's car. Plaintiff looked in front and to her side to move her car over as Spikes had previously instructed. Plaintiff slowly began to turn and roll forward with her foot still on the brake. Plaintiff was rolling toward the opening on the side, when Spikes shifted her leg directly in

front of the vehicle directing Plaintiff to stop.  Plaintiff immediately hit her brake harder and stopped.

13.     Spikes then came to the driver's side of plaintiff's car and was still talking on her shoulder radio.  Plaintiff looked again to see if she could move her car to the side opening.

14.     Spikes yelled at plaintiff, 'You hit me!"  Plaintiff told Spikes that she had not.  Spikes repeatedly yelled "You hit me!" and then drew her gun and pointed it directly at plaintiff, yelled at her to "Get out of the car! Get out of the car NOW!"  Plaintiff, already fearful of the erratic behavior of Spikes, froze inside the car. Plaintiff was afraid to leave the car and asked a witness to call someone to help.

15.     When plaintiff exited her vehicle, Spikes forced plaintiff to the ground and cuffed her as the bell rang and plaintiff's daughter came out of the school building.  Plaintiff was held at gun-point, ordered to the ground, cuffed, and placed in jail overnight for allegedly assaulting a BISD police officer.  Criminal charges were filed against plaintiff for an alleged felony aggravated assault against a public servant and a misdemeanor failure to identify by giving false or fictitious information, but both were subsequently dismissed for lack of supporting evidence.

### F.  Constitutional Rights Violations

<u>Count 1 - 42 U.S.C. §1983 Claim Against Defendant Spikes Individually</u>

16.     Spikes acted willfully, deliberately, maliciously, or with reckless disregard for plaintiff's clearly established constitutional rights.

17.     Spikes violated plaintiff's constitutional rights provided to her by the Fourth and Fourteenth Amendments by her use of unreasonable, unnecessary, and/or excessive force.  Spikes pointed a gun at plaintiff, forced her to the ground, and handcuffed her in

4

front of her daughter and other school children and parents, all while verbally attacking plaintiff. These actions were done willfully, deliberately, maliciously, and/or with reckless disregard for plaintiff's clearly established constitutional rights.

18. Spikes violated plaintiff's constitutional rights provided to her by the Fourth and Fourteenth Amendments by unreasonable seizure of her person when Spikes seized, cuffed, and jailed plaintiff.

### Count 2 - Violation of Constitutional Rights by Defendant Beaumont Independent School District

19. The exercise of established policy, practice, and custom violated plaintiff's clearly-established rights under the U.S. Constitution as follows:

   a. Fourth Amendment: Against unreasonable seizure of her person.

   b. Fourth and Fourteenth Amendment: Against the use of unreasonable, unnecessary, and excessive force.

   c. Fifth and Fourteenth Amendments: Against being deprived of life, liberty, or property, without due process of law.

   d. Fourteenth Amendment: Against denying to any person the equal protection of the laws.

20. BISD violated plaintiff's constitutional rights under the Fifth and Fourteenth Amendments. At the time of the arrest, Spikes was acting under color of the laws and regulations of the State of Texas and BISD and the BISD Police Department. BISD had policies and customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. The customs or policies themselves violated federal law, or it authorized or directed the deprivation of federal rights, and/or it was adopted or maintained by BISD policymakers with deliberate indifference as to its known or obvious consequences. BISD repeatedly tolerated misconduct by its police

officers and encouraged misconduct by failing to adequately supervise, discipline, and/or train.

### G.  Other Matters

21.  **No Texas Tort Claims Act actions are presently asserted against either BISD or any of its employees.**

22.  Plaintiff is bringing suit against Spikes in both her official and individual capacity.

### H.  Damages

<u>Federal Civil Rights Violations Damages</u>

23.  Defendants' violations of plaintiff's civil rights caused her to sustain in varying degrees:

    a.  Physical harm during and after the events at issue, including physical pain, disability, disfigurement, and discomfort in the past.

    b.  Emotional and mental harm during and after the events at issue, including fear, humiliation, and mental anguish which plaintiff is reasonably certain to continue to suffer to some degree for some time into the future.

    c.  The reasonable value of any health care expenses reasonably needed and actually obtained.

    d.  Other economic losses sustained by plaintiff.

    e.  Reasonable value of any property damage or destroyed.

    f.  Reasonable value of legal services needed and actually obtained by plaintiff to defend and clear herself of criminal charges.

24.  In addition to the previously referenced actual damages, plaintiff seeks equitable and/or legal relief, including but not limited to, a declaration that her rights were violated, with the court maintaining continuing jurisdiction to ensure such violations are not repeated in the future against her or others similarly situated.

### I.  Exemplary Damages Against Defendant Spikes Individually

25.     In addition to the previously alleged damages, plaintiff seeks exemplary damages against Spikes.  Spike's conduct was motivated by evil motive or intent and involves reckless or callous indifference to the federally protected rights of others. Spikes exhibited oppression, malice, gross negligence, willful or wanton misconduct, and/or reckless disregard for the civil rights of plaintiff.

### J.  Legal Interest

26.     Plaintiff is entitled to maximum prejudgment and post-judgment interest on any recovery.

### K.  Attorney Fees

27.     Plaintiff is entitled to an award of reasonable attorney fees and costs under 42 U.S.C. §1988(b) and other federal law.

### L.  Jury Demand

28.     Plaintiff demands a trial by jury.

### M.  Prayer

29.     For these reasons, plaintiff asks for judgment against defendants Tamara Spikes and Beaumont Independent School District for the following:

   a.    Compensatory damages for future emotional pain and suffering and mental anguish;

   b.    Damages for

      (1)   physical harm during and after the event at issue, including physical pain, disability, disfigurement, and discomfort in the past;

      (2)   emotional and mental harm during and after the event at issue, including fear, humiliation, and mental anguish which plaintiff is reasonably certain to continue to suffer in the future;

    (3)    the reasonable value of any health care expenses reasonably needed and actually obtained;

    (4)    other economic losses sustained by plaintiff;

    (5)    reasonable value of any property damage or destroyed;

c.    Reasonable value of legal services needed and actually obtained by plaintiff to defend and clear herself of criminal charges;

d.    A declaration that plaintiff's rights were violated, with the Court maintaining continuing jurisdiction to ensure such violations are not repeated in the future against plaintiff or others similarly situated;

e.    Attorney fees and courts costs;

f.    Prejudgment and postjudgment interest; and

g.    All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Ste. 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

*/s/ Ken Lewis*

By: _____
    Kenneth W. Lewis
    Texas Bar #12295300
    Stephen L. Townsend
    Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, this 7th day of August, 2014.

*/s/ Ken Lewis*

_____
Kenneth W. Lewis