IN UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CHRISTINE JONES § | |
| § | |
| § | |
| vs. § | C.A. NO. 1:14-CV-00103 |
| § | |
| TAMARA SPIKES and § | |
| BEAUMONT INDEPENDENT § | |
| SCHOOL DISTRICT POLICE § | |
| DEPARTMENT § | |

**DEFENDANT BEAUMONT INDEPENDENT SCHOOL DISTRICT'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
FOR WHICH RELIEF CAN BE GRANTED**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to FED. R. CIV. P. 12(b)(6), Defendant Beaumont Independent School District ("BISD" or "District"), files this Motion to Dismiss in response to the Plaintiff's Amended Complaint, and would respectfully show the Court as follows:

**I.
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
FOR WHICH RELIEF CAN BE GRANTED
FED. R. CIV. P. 12(b)(6)**

**A.    The Standard**

Dismissal of a lawsuit on the pleadings is proper where there is either (1) lack of a cognizable theory of recovery or (2) the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Phrased a different way, "a claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017,

1021 (5th Cir. 1994). While the Court will accept the plaintiff's factual allegations as true, the factual allegations must exist; "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting 2A *Moore's Federal Practice* § 12.07 [2.-5] at 12-91). In addition, what must be alleged are <u>facts</u>: "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A court can dismiss a complaint for failure to state a claim if the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (quoting *Twombly*). "[A] plaintiff is obligated to provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bradley v. Phillips Petroleum Co.*, 527 F.Supp.2d 625, 636 (S.D. Tex. 2007) (quoting *Twombly*). "Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id.* (quoting *Twombly*). To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide the plaintiff's grounds for entitlement to relief - including *factual* allegations that, when assumed to be true, raise a right to relief above the speculative level. *Cuvillier* v. *Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly).* "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum

expenditure of time and money by the parties and the court.'" *Id.* A court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *See generally id.* at 401 n.4.

In *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), the Supreme Court held that Rule 8(a)(2) requires that "the well pleaded facts" must "permit the court to infer more than the mere possibility of misconduct." *Id*. at 1950. A cause of action that is not supported by *any* specific factual allegations does not survive the plausibility standard established in *Iqbal*. To satisfy *Iqbal*'s plausibility standard, a complaint must meet two fundamental criteria. First, it must set forth a claim upon which relief could be granted. Second, it must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. A complaint cannot fulfill those criteria without alleging sufficient facts to provide concrete notice of the alleged wrongdoing and, putting conclusory allegations to the side, a reasonable basis for inferring that there may be wrongful conduct, *i.e.,* to demonstrate a "reasonably founded hope that the [discovery] process will reveal relevant evidence" sufficient to establish the plaintiffs claim. *Dura Pharms.* v. *Broudo,* 544 U.S. 336, 347 (2005) (quoting *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741 (1975)). Otherwise, a plaintiff with "a largely groundless claim" would be permitted to "simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *See Dura Pharms*., 544 U.S. at 347.

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Iqbal*, 129 S. Ct. at 1949-50. A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id*. at 1940.

**B. Plaintiff has failed to plead facts that her arrest occurred in accordance with official BISD policy or firmly entrenched custom tolerating misconduct, as required for municipal liability under *Monell*.**

Plaintiff's Amended Complaint asserts a single claim against the Beaumont Independent School District for violations of the Fourth, Fifth, and Fourteenth Amendments. (Amended Complaint, ¶ 6.) Plaintiff's claim against the District is asserted, as it must be, pursuant to 42 U.S.C. 1983. (*Id.*) To succeed on such a claim, Plaintiff must show that the District itself is liable for the violation. *See generally Collins v. City of Harker Heights, Texas*, 112 S. Ct. 1061, 1066 (1992). A school district cannot be held liable under 42 U.S.C. 1983 for an injury inflicted by its employees or agency based on a theory of vicarious liability or *respondeat superior* liability. *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 402, 117 S. Ct. 1382, 1388 (1997); *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412, 1416 (5th Cir. 1997) (en banc). The Supreme Court set forth its standard on municipal liability in *Monell v. City of New York*:

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978). *See also Owen v. City of Independence*, 445 U.S. 622, 633, 100 S. Ct. 1398, 1406 (1980).

In order to state a constitutional claim against a school district under § 1983, then, a plaintiff must demonstrate that the constitutional violation occurred in accordance with official government policy or firmly entrenched custom. *Brown v. Houston Indep. Sch. Dist.*, 763 F. Supp. 905 (S.D. Tex. 1991), *aff'd*, 957 F.2d 866 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 198 (1992); *Worsham v. City of Pasadena*, 881 F.2d 1336 (5th Cir. 1989). The Fifth Circuit has noted that the plaintiff's description of the government's policy or custom and its relationship to the

underlying constitutional violation cannot be conclusory, but must contain specific facts. *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997). A school district may be held liable only if the constitutional injury was caused by an official policy or custom promulgated by government officials who have final policy making authority. *Collins*, 112 S.Ct. at 1066. Under Texas law, the final policy-making authority for an independent school district rests with the school district's board of trustees. *Jett v. Dallas Indep. Sch. Dist.,* 7 F.3d 1241, 1245 (5th Cir. 1993); *Gonzales v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 752 (5th Cir. 1993).

The allegations in Plaintiff's Amended Complaint against Beaumont ISD are limited to Plaintiff's opinions and conclusions, and lack a factual predicate from which one could reach Plaintiff's conclusions. Plaintiff concludes that the District tolerated misconduct and failed to adequately supervise, discipline, or train its police officers. In essence, Plaintiff has alleged negligent training, discipline, and supervision without any facts to support her claim. She seems to say that the officer in this case misbehaved; therefore, she has must have been improperly trained, supervised, or disciplined.

Plaintiff's deficiencies in her Complaint are analogous to those identified by the Supreme Court in *Iqbal* itself. *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) was a lawsuit brought by a September 11 detainee against a number of defendants regarding his arrest and detention; however, the appeal only dealt with the claims asserted individually against John Ashcroft, the former United States Attorney General, and Robert Mueller, the Director of the FBI. The plaintiff alleged that Ashcroft and Mueller "each knew of, condoned, and willfully and maliciously agreed to subject" the plaintiff to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest," naming Ashcroft as the "principal architect" of the policy, and Mueller as "instrumental in [its] adoption, promulgation, and implementation." *Id*. at 1944. The Supreme

Court acknowledged that asserting a claim against a federal official under *Bivens* was the federal analog to suits against state official under 42 U.S.C. § 1983, and that in both cases the government or supervisory officials could not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*, but could only be held liable for their own individual acts that violated the Constitution:

> In a § 1983 suit or a Bivens action—where masters do not answer for the torts of their servants—the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.

*Id*. at 1948-49.

The Court then applied the pleading standards of Rule 8, as interpreted in *Twombly*, to the allegations made in the plaintiff's pleadings against Ashcroft and Mueller, noting that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555). The Court ruled that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'," and that a complaint will not suffice if "it tenders 'naked assertion[s]' devoid of 'further factual enhancement'." *Id*. (citing *Twombly*, 550 U.S. at 555, 557). The Court then held that alleging that Ashcroft and Mueller "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest," were conclusory allegations that did not meet the pleadings standards of Rule 8, as interpreted in *Twombly*.

Numerous courts since *Twombly* and *Iqbal* have held that a plaintiff must plead specific facts to demonstrate the existence of a custom, policy or practice sufficient to establish liability under *Monell*, or risk having their claims against the governmental entity dismissed under Rule 12(b)(6). In *B.A.B. v. Board of Educ. of the City of St. Louis*, 698 F.3d 1037 (8th Cir. 2012),

plaintiffs asserted various constitutional claims under § 1983 against their school district arising out of vaccinations to which they claimed they had not consented. The lower court dismissed the claims against the school district under *Iqbal*, "because plaintiffs' failure-to-train allegations merely recited elements of their causes of action and asserted legal conclusions without sufficient factual support to make the claims plausible." *Id*. at 1040. The Court of Appeals agreed and upheld the dismissal of the claims against the school district under Rule 12(b)(6). *Id*. at 1040-41.

In *Kean v. Henry*, 2013 WL 1802632 (3d Cir. 2013), a retired state trooper claimed that after he had spoken publicly against the merger of two municipal police departments into a regional police authority – which he claimed was being done solely to increase the pay and benefits of the local officers – local officers engaged in a campaign of petty harassment against him, to retaliate for his public comments. The Third Circuit upheld the dismissal of his claims against the City:

> We agree with the District Court that the Keans fail to satisfy the requisite elements of a *Monell* claim. As the District Court correctly noted, the Keans' complaint contains only the following allegations: that the Regional Police failed to timely respond to Kean's request for assistance in removing a construction site nuisance; that Henry and Kean verbally argued at a West Donegal meeting; and that Henry stopped Kean without probable cause. These allegations are insufficient to state a claim under *Iqbal* because they fail to contain sufficient factual matter to make it plausible on the face of the complaint that defendants are responsible for a policy or custom that violated the Keans' constitutional rights. Although we agree with the District Court's statement that Kean may have been treated poorly by officers, we also agree that the Keans have failed to allege any facts indicating that the municipalities took any action in accordance with an unlawful policy, practice, or custom under *Monell*.

*Id*. at *2.

In *Gray v. City of Roswell*, 486 Fed.Appx. 798 (11th Cir. 2012), the plaintiff brought a civil rights claim under § 1983 for false arrest. To satisfy the *Monell* standard for municipal liability, she alleged that (1) the City had failed to properly train its police officers, (2) the

officers' actions were within the policy, practice, custom, or procedure of the City, (3) the City ratified the officers' conduct, and (4) all City officers routinely violate the Fourth and Fourteenth Amendments. The Court held that this was insufficient to survive a motion to dismiss:

> A municipality may only be held liable for the actions of law enforcement officers when official policy or custom causes the constitutional violation. Gray does not recite any facts or policies which would support a claim against the City. Gray only makes "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. This is not sufficient to survive a motion to dismiss, and the district court properly dismissed the claims against the City.

*Id*. at 800-801; *see also Johnson v. City of Wakefield*, 483 Fed.Appx. 256 (6th Cir. 2012) (dismissing numerous constitutional retaliation claims under *Iqbal* because the plaintiff had not pled facts showing a City policy or custom to retaliate sufficient to establish liability under *Monell*); *Unger v. City of Mentor*, 387 Fed.Appx. 589, 592 (6th Cir. 2010) (dismissing First Amendment claim against City that plaintiff was terminated for requesting reclassification so she could join a union, "[b]ecause Unger does not allege misconduct by the City itself or that a city policy or custom authorized Cooperrider's alleged misconduct…"); *Palermo v. Town of North Reading*, 370 Fed.Appx. 128, 130 n. 4 (1st Cir. 2010) (finding in unconstitutional takings case that allegation that "the actions, decisions, and policies" of the Town "deprived the Plaintiffs of all economically beneficial use of the Premises" was "not nearly sufficient," under *Twombly* and *Iqbal*, to support a *Monell* claim).

In *Jones v. Nueces County, Texas*, 2012 WL 3528049 (S.D. Tex. 2012), the Southern District of Texas considered § 1983 excessive force and retaliation claims brought by a pretrial detainee, who alleged that a prison guard had slammed him against the wall and kicked him several times after a heated discussion. Although the plaintiff alleged that the excessive force arose out of a policy or custom of the County, the County responded that the Complaint contained mere conclusions or recitations of elements of claims rather than creditable facts, with

which the Court agreed. The plaintiff then argued that he needed time to conduct discovery to figure out if the County had a policy of allowing excessive force, but the Court said "No":

> Federal practice does not allow this. Jones' "plead first and discover if there are supporting facts later" is exactly the problem that the Supreme Court sought to remedy in *Twombly* and *Iqbal*. The case proceeds to discovery only if the complaint contains enough facts to give rise to a reasonable expectation that discovery will reveal evidence of the elements of the claim.

Id. at *4 (citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 258 (5th Cir. 2009)). The Court then dismissed the excessive force claim against the County, finding that the allegations in the Complaint were insufficient under the *Twombly/Iqbal* test.

In all of the foregoing cases, the plaintiffs' feeble attempts to plead the *Monell* standard resulted in the courts finding that the plaintiffs had not pled sufficient facts to support their "formulaic recitation of the elements of a cause of action" – in the words of *Twombly*, that they had made "naked assertions devoid of further factual enhancement." *Twombly*, 550 U.S. at 557. Here, Plaintiff recited the boilerplate *Monell* test for municipal liability and asserts no facts whatsoever to support her opinion that her alleged constitutional deprivation resulted from a specific lack of training or supervision. Nor does she offer facts to support her conclusion that the alleged constitutional violations resulted from District policy, custom, or practice. It is clear from the Complaint that the Beaumont ISD Board of Education (the policymaker, under Texas law, for purposes of § 1983) played no role in her arrest, and the only incident she mentions is the incident made the basis of this lawsuit. Her claim against the District appears to stem solely from the fact that the District employed Defendant Spikes who, as Plaintiff alleges, violated Plaintiff's rights. This is nothing more than a suit against the District on *respondeat superior*, which fails as a matter of law. As such, Plaintiff's allegations in her Complaint are legally insufficient under the *Twombly-Iqbal* standard, and this lawsuit should be dismissed under Rule 12(b)(6).

## II.
### CONCLUSION AND PRAYER

For the reasons listed above, Defendant Beaumont Independent School District respectfully requests that the Plaintiff's claims be dismissed under Rule 12(b)(6) for failing to state a claim, and that the Court grant the District such remedies, both at law and in equity, to which it has shown itself entitled.

        Respectfully submitted,

        **THOMPSON & HORTON LLP**

        By: /s/ Christopher B. Gilbert_____
            Christopher B. Gilbert
            Attorney-in-Charge
            State Bar No. 00787535

            Phoenix Tower, Suite 2000
            3200 Southwest Freeway
            Beaumont, Texas 77027
            Telephone:   (713) 554-6744
            Fax:             (713) 583-7698
            cgilbert@thompsonhorton.com
            Frances R. Broussard
            State Bar No. 24055218
            fbroussard@thompsonhorton.com

            Attorneys for the Defendant Beaumont
            Independent School District

## **CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing document has been forwarded to counsel and/or parties of record electronically on August 28, 2014 at the following addresses:

Mr. James E. Byrom
Walsh, Anderson, Gallegos, Green & Trevino, P.C.
10375 Richmond Ave., Suite 750
Houston, Texas 77042-4196

Mr. Kenneth W. Lewis
Bush Lewis PLLC
595 Orleans, Suite 500
Beaumont, Texas 77701

               /s/ Christopher B. Gilbert
               Christopher B. Gilbert

630890