IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CHRISTINE JONES § | |
|     Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 1:14-cv-00103 |
| § | |
| TAMARA SPIKES and § | |
| BEAUMONT INDEPENDENT § | |
| SCHOOL DISTRICT POLICE § | |
| DEPARTMENT, § | |
|     Defendants. § | |

**<u>DEFENDANT TAMARA SPIKES' MOTION TO DISMISS and in the alternative,
MOTION FOR SUMMARY JUDGMENT</u>**

NOW COMES Defendant Spikes and files this Motion to Dismiss Plaintiff's Second Amended Complaint (Docket Entry ("DE") 19) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (or alternatively 12(c)) and in the Alternative, Motion for Summary Judgment under Federal Rule of Civil Procedure 56[1]. In support, Spikes shows the Court as follows:

**I. NATURE AND STAGE OF PROCEEDING**

1.     On January 9, 2014, Plaintiff Christine Jones ("Plaintiff" or "Jones"), originally brought suit against Beaumont Independent School District ("BISD" or "Beaumont ISD") Police Department and Defendant Tamara Spike ("Spikes") in state district court. (DE 1, pp. 9-17). Based on her federal claims, Plaintiff's suit was properly removed to this Court on February 18, 2014. (*See* DE 1).

2.     On August 7, 2014, Plaintiff filed her First Amended Complaint (DE 19), alleging

---

[1] Defendant Spikes reserves the right to file a subsequent motion for summary judgment in accordance with the scheduling order set out by the Court.

violations of her constitutional rights under the Fourth and Fourteenth Amendments of the U.S. Constitution via 42 U.S.C. 1983 ("Section 1983"). (DE 19, p. 2, ¶6 and p. 4-5, ¶¶16-18). Defendant Spikes files this Motion to Dismiss or alternative Motion for Summary Judgment and asks the Court to dismiss the case or alternatively to grant summary judgment in its favor.

## II. STATEMENT OF THE ISSUES

3. Pursuant to Local Rule CV-7(a)(1), Defendant Spikes presents the following Statement of the Issues:

   a. Whether Plaintiff fails to plead facts showing that Spikes' alleged acts were objectively unreasonable in light of clearly established law at the relevant time, entitling Spikes to qualified immunity; and,

   b. Whether Plaintiff can overcome the competent evidence to survive Defendant Spike's Rule 12(b)(1) "factual attack;" and,

   c. Whether Plaintiff fails to allege sufficient facts to support a claim for excessive force;

   d. Whether Plaintiff's claims for unreasonable seizure relies on applicable law, and

   e. Whether Plaintiff's claims against Spikes in her official capacity should be dismissed as they are redundant the claims brought against Beaumont ISD.

## III. SUMMARY OF THE ARGUMENT

4. Plaintiff's claims against Spikes should be dismissed with prejudice for several reasons. Initially, Spikes is entitled to qualified immunity against Plaintiff's claim. Although denied, none of Plaintiff's allegations, even if taken as true for the purpose of this Motion, show that Spikes acted objectively unreasonable or violated Plaintiff's clearly established constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 817-19 (1982). Accordingly, Spikes is entitled to qualified immunity. In addition, Plaintiff fails to satisfy the heightened pleading standard applied to qualified immunity.

5.      Defendant Spikes provides evidence pursuant to a Rule 12(b)(1) facial attack, including a video recording and evidence of Spikes' injuries caused by Plaintiff which led to her arrest. Defendant asserts that Plaintiff cannot overcome the competent evidence to survive its Rule 12(b)(1) motion.

6.      Plaintiff also fails to state facts to support her alleged violations under the Fourth and Fourteenth Amendments pursuant to Section 1983. Additionally, for her Fourteenth Amendment claim, Plaintiff relies on inapplicable law; and, as such, her claims should be dismissed. Finally, Plaintiff's claims against Spikes in her official capacity should be dismissed as they are redundant the claims brought against Beaumont ISD.

## IV.  STANDARD OF REVIEW

### A.      Federal Rule of Civil Procedure 12(b)(1)

7.      The Fifth Circuit has recognized two types of challenges to a court's subject-matter jurisdiction under Rule 12(b)(1): "facial attacks" and "factual attacks." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981) (citations omitted). A "facial attack" occurs when a defendant files a Rule 12(b)(1) motion unaccompanied by supporting evidence. *Id*. In that instance, "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." However, "if a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony or other evidentiary materials." *Paterson*, 644 F.2d at 523 (citations omitted). In the event of a factual attack, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id*. "In short, no presumptive truthfulness attaches to plaintiff's

allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (citations and internal quotations omitted).

    **B.**    **Federal Rule of Civil Procedure 12(b)(6)[2]**

8.    The purpose of a Rule 12(b)(6) motion is to test the formal sufficiency of the statement of the claim for relief. *See Murray v. Amoco Oil Co.*, 539 F.2d 1385, 1387 (5th Cir. 1976). The Rule 12(b)(6) motion only tests whether the claim has been adequately stated in the complaint. Thus, on a motion under Rule 12(b)(6), the Court's inquiry is limited to the content of the claim. *See Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 935 (5th Cir. 1988). Dismissal is proper only if there is either: (1) "the lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief, and the Court is not required to conjure up unpled allegations. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995).

9.    Pleadings must show specific, well-pleaded facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and

---

[2] Rule 12(c) motion for judgment on the pleadings is based on the failure to state a claim, the motion is governed by the same standards that apply to a Rule 12(b)(6) motion to dismiss. *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991).

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007). In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id*.

10. Once a defendant sued in his or her individual capacity asserts a qualified immunity defense, the court is "guided by both the ordinary pleading standard and by a heightened one." *Floyd v. City of Kenner, La.*, 351 Fed. App'x. 890, 893 (5th Cir. 2009) (citing Schultea v. Wood, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc)). Heightened pleading "requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999); *see also Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003) (heightened pleading requires that plaintiffs "plead their case with precision and factual specificity").

### IV. DEFENDANT SPIKES' MOTION TO DISMISS

11. Plaintiff asserts various allegations in support of her Section 1983 claim against Spikes. First, Plaintiff concedes that: (1) Spikes was "acting in the course and scope of her employment as a police officer for … BISD" (DE 19, ¶9) ; (2) that Spikes first instructed Plaintiff not to make an unsafe turn and did not follow Spikes further instruction to move her car (DE 19, ¶¶9, 10); (3) then, Spikes asked for Plaintiff's driver's license (although notably Plaintiff does not say she complied) (DE 19, ¶11); (4) after that, although Plaintiff verbally says she denied the act, Spikes repeatedly told Plaintiff, "You hit me!" after Plaintiff struck her with her car; (DE 19, ¶14); (5)

then, after she became aware that Spikes' claim that she had been hit, Plaintiff did not immediately comply with Officer Spikes' order to exist the car (DE 19, ¶14-15); and (6) Plaintiff was arrested and later charged with assaulting a police officer and for failure to identify (DE 19, ¶15). To the extent Plaintiff's allegations are taken as true for the purpose of this Motion, she has not stated an actionable claim against Spikes. Plaintiff pleads insufficient facts to show that Spikes' alleged actions were objectively unreasonable in light of clearly established law at that time. Spikes, therefore, is entitled to qualified immunity and dismissal of all claims for failure to state a claim and based on a factual attack under 12(b)(6) as more fully set out below.

### A. Spikes is entitled to qualified immunity against Plaintiff's claim.

12. Defendant Spikes asserts and maintains that she is entitled to the defense of qualified immunity. Qualified immunity shields a government official from civil liability for damages based on the performance of discretionary functions if the official's acts were objectively reasonable in light of clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). Because qualified immunity is "an immunity from suit rather than a mere defense to liability, ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985). Consequently, qualified immunity questions should be resolved at the earliest possible stage in litigation. *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534 (1991) (per curiam).

13. In *Saucier v. Katz*, the Supreme Court held that a court ruling upon the issue of qualified immunity must apply a two-step analysis. 533 U.S. 194, 201, 121 S.Ct. 2151, (2001). First, the court must determine whether "the facts alleged show the officer's conduct violated a

constitutional right.³" *Id*. Second, if a violation has been established, the court must then determine whether the officer's actions were objectively reasonable in light of clearly established law at the time of the conduct in question. *Id*.; *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007). "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000).

14. Under federal law, "[q]ualified immunity represents the norm" and "is designed to shield from civil liability all but the plainly incompetent or those who violate the law." *Brady v. Fort Bend Cnty.*, 58 F.3d 173, 174 (5th Cir. 1995). Accordingly for federal claims, government employees are presumptively entitled to the defense of qualified immunity and, once the defense is asserted, the burden shifts to the plaintiff to show that immunity does not bar recovery. *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992); *Bennett v. City of Grand Prairie, Tex.*, 883 F.2d 400, 408 (5th Cir. 1989). Additionally, the Fifth Circuit requires that a plaintiff suing governmental officials in their individual capacities must meet heightened pleading requirements in cases, such as this one, in which an immunity defense can be raised. *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995). The Fifth Circuit has also consistently required that Section 1983 plaintiffs plead specific facts negating qualified immunity rather than providing mere

---

³ Although the Supreme Court has left to the district court's discretion the sequence for undertaking these two inquiries, the Supreme Court has increasingly indicated a preference for first considering whether a purported right was clearly established by prior case law "without resolving the often more difficult question whether the purported right exists at all." *See Reichle v. Howards,* 563 U.S. —— , 132 S. Ct. 2088, 20923, 182 L. Ed. 2d 985 (2012) ("This approach comports with our usual reluctance to decide constitutional questions unnecessarily."); *see also Camreta v. Greene,* 563 U.S. —— , 131 S.Ct. 2020, 2031, 179 L.Ed.2d 1118 (2011) (observing that "our usual adjudicatory rules suggest that a court *should* forbear resolving this issue")(emphasis in original); *see also Pearson,* 555 U.S. at 238–39, 129 S.Ct. 808 (listing circumstances in which courts might be best served to bypass the first step of the *Saucier* process, such as "when qualified immunity is asserted at the pleadings stage, the precise factual basis for the plaintiff's claim or claims [is] hard to identify").

conclusory allegations of constitutional violations. *Todd v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1995).

15. For the reasons discussed below, Plaintiff's allegations show that Spikes did not act with deliberate indifference to any clearly established constitutional rights belonging to Plaintiff. Moreover, Spikes' alleged actions were not objectively unreasonable in light of Plaintiff's constitutional rights at that time.

### 1. *Plaintiff fails to state facts to show that Spikes' actions towards Plaintiff were objectively unreasonable.*

16. In order to meet the first part of the qualified immunity test—the violation of a constitutional right—Plaintiff alleges that Spikes used excessive force against her in violation of the Fourth Amendment. In order to succeed on this type of claim, Plaintiff must first show that she was seized within the meaning of the Fourth Amendment. *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir.2004). Plaintiff must then show "(1) an injury[4], (2) which resulted directly and only from the use of force that was clearly excessive to the need and, (3) the force used was objectively unreasonable." *Williams v. Bramer*, 180 F.3d 699 (5th Cir. 1999).

17. In her First Amended Complaint, Plaintiff concedes that: (1) Spikes was "acting in the course and scope of her employment as a police officer for … BISD" (DE 19, ¶9) ; (2) that Spikes first instructed Plaintiff not to make an unsafe turn and did not follow Spikes further instruction to move her car (DE 19, ¶¶9, 10); (3) then, Spikes asked for Plaintiff's driver's license (although notably Plaintiff does not say she complied) (DE 19, ¶11); (4) after that,

---

[4] Although a showing of "significant injury" is no longer required in the context of an excessive force claim, "[the Fifth Circuit] do[es] require a plaintiff asserting an excessive force claim to have 'suffered at least some form of injury.' " *Williams*, 180 F.3d at 703 (quoting *Jackson v. R.E. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993)). The injury must be more than a *de minimis* injury and must be evaluated in the context in which the force was deployed. *Id.*

although Plaintiff verbally says she denied the act, Spikes repeatedly told Plaintiff, "You hit me!" after Plaintiff struck her with her car; (DE 19, ¶14); (5) then, after she became aware that Spikes' claim that she had been hit, Plaintiff did not immediately comply with Officer Spikes' order to exist the car (DE 19, ¶14-15); and (6) Plaintiff was arrested and later charged with assaulting a police officer and for failure to identify (DE 19, ¶15). While Plaintiff makes a claim for damages, her allegations are non-specific, boilerplate language that do not identify a specific injury and she does nothing to tie the damages to the incident at issue. (DE 19, ¶29).

18.     Here, Plaintiff's claim fails on all accounts. First, Plaintiff fails to plead any injury that resulted directly from the alleged force, let alone that any claimed "injury" resulted *directly and only from* the use of force that was clearly excessive to the need. Her general claims of injury do not meet the heightened pleading standard to overcome qualified immunity. Additionally, there is nothing to show that Spikes' force was objectively unreasonable. The test for reasonableness must consider "whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. at 396, 109 S.Ct. 1865. Often enough, the Fourth Amendment has to be applies on the spur (and in the heat) of the moment, and the object in implementing its command of reasonableness is to draw standards sufficiently clear and simple to be applied with a fair prospect of surviving judicial second-guessing months and years after an arrest or search is made. *Atwater v. City of Lago Vista*, 532 U.S. 318, 347, 121 S. Ct. 1536, 1553, 149 L. Ed. 2d 549 (2001). Courts attempting to strike a reasonable Fourth Amendment balance thus credit the government's side with an essential interest in ready administrable rules. *Id*. (citation omitted). For example, in *Atwater*, the defendant-police officer observed plaintiff driving her car in violation of the seatbelt

laws, pulled plaintiff over, verbally berated her, handcuffed her, placed her in his squad car, and drove her to the local police station, where she was made to remove her shoes, jewelry, and eyeglasses, and empty her pockets. *Id*. at 318, 121 S. Ct. at 1538 (citation omitted). Officers then took her "mug shot" and placed her, alone, in a jail cell for about an hour, after which she was taken before a magistrate and released on bond. She was charged with, among other things, violating the seatbelt law. *Id.* However, despite these facts, the U.S. Supreme Court found no Fourth Amendment violation. Specifically, the Court said:

> [Plaintiff] was a known and established resident of Lago Vista with no place to hide and no incentive to flee, and common sense says she would almost certainly have buckled up as a condition of driving off with a citation. In her case, the physical incidents of arrest were merely gratuitous humiliations imposed by a police officer who was (at best) exercising extremely poor judgment.

*Id.* at 346-47, 121 S. Ct. at 1553.

19.     Here, Officer Spikes stated she had been hit by Plaintiff car and Plaintiff knew it. As such, Spikes had probable cause to believe Plaintiff had committed a crime. Then, Plaintiff acted evasively—failing to immediately follow Spikes instructions to identify, and then failing to exit the vehicle when Spikes told her, which shows she actively resisted arrest or attempted to evade arrest—and *after hitting Spikes with her car* Spikes had reason to believe that Plaintiff posed an immediate threat to her safety. Like the *Atwater* plaintiff, Jones may believe that the seizure and arrest were unwarranted under the circumstances as she believed them, however, the Supreme Court makes clear that even in such relatively minor moving violations, a peace officer does not violate the Fourth Amendment protects by making a decision to seize and arrest an individual.

20.     Additionally, when, as here, the suspect at issue accelerated a vehicle towards an officer, the law is clear that even deadly force can be used. Cases addressing suspects fleeing in motor

vehicles often focus on the position of the officer relative to the vehicle. *See Hathaway v. Bazany*, 507 F.3d 312, 321 (5th Cir. 2007). Proximity and temporal factors have also been relevant in our own circuit in a case involving a police officer who fired his weapon at a truck that "gunned" its engine and accelerated towards the officer. *Herman v. City of Shannon*, 296 F.Supp.2d 709, 713 (N.D. Miss. 2003).

21.    Given these standards, Spikes' decision to draw her weapon when she was in close proximity to Plaintiff's car immediately after she was struck by Plaintiff's car was warranted. After Plaintiff failed to exit the vehicle as Spikes instructed, Spikes handcuffed Plaintiff; however, other than that, Plaintiff does not even allege Spikes touched her again. As such, Spikes' actions were no more forceful than an officer would reasonably believe to be necessary to prevent the plaintiff from leaving the scene and to protect their persons and did not, therefore, violate Plaintiff's constitutional rights. Additionally, as *Atwater* shows, any "injury" related to the arrest and seizure, are "merely gratuitous humiliations" and nothing more. In sum, even taking as true all of Plaintiff's allegations concerning Spikes, her pleadings do not meet the heightened causal standard. As such, Spikes is entitled to qualified immunity as a matter of law.

> **2.    *Plaintiff cannot overcome the competent evidence to survive Defendant Spike's Rule 12(b)(1) "factual attack."***

22.    Defendant Spikes brings this motion pursuant to a Rule 12(b)(1) "factual attack" as well and submits the attached evidentiary materials in support of its motion. Attached is a video recording of the events on May 2, 2013 showing the incident at issue between Jones and Officer Spikes. *See* **Exhibit A**. In the video, from minute 4:20 until 4:27, Ms. Jones appears in the white SUV and Officer Spikes is in the yellow safety vest. During that time, it shows Ms. Jones,

who is not in the proper lane, hits Spikes with her car. After that, it shows Officer Spikes limping and asking Ms. Jones to exit the car, which she does not immediately do (approximately 5:17 to 5:32).

23. Additionally, the attached medical records show evidence of Spikes injury following the incident. *See* **Exhibit B**[5]. Officer Spikes suffered injury to her knee, which is evident from the documentation provided. Based on the following evidence, Defendant Spikes' Rule 12(b)(1) motion should be granted.

    **B.    Plaintiff fails to state a claim for unreasonable force and seizure.**

        *1.    Plaintiff fails to state facts to support her claim of excessive force under the Fourth Amendment.*

24. For the same reasons explained more fully above in Section IV.A.1., Plaintiff fails to state a claim under the Fourth Amendment for excessive force. She failed to state an injury resulting form the alleged excessive force. Indeed, she alleges no specific harm related to the alleged force. Finally, as a matter of law, there is nothing to suggest that drawing a weapon and handcuffing a suspect who fails to identify herself to an officer, hits an officer with her car, then fails to comply with an officer's instruction to exit the vehicle is unreasonable.

        *2.    Plaintiff invokes inapplicable law for her excessive force and seizure claim for unreasonable seizure under the Fourteenth Amendment.*

25. Although it is not clearly identified in the complaint, Plaintiff alleges non-specific violations of her Fourteenth Amendment by Spikes. In the Fifth Circuit, when *apprehending or seizing* an individual for law enforcement purposes, the Fourth Amendment applies and permits

---

[5] Because these records are confidential medical records implicating privacy rights of Defendant Spikes, they are being filed under a supplemental motion under seal. A copy of those records will also be provided by the undersigned to the counsel of record in this matter.

police officers to use objectively reasonable force in light of the facts and circumstances confronting them. *Batiste v. City of Beaumont*, 421 F. Supp. 2d 969, 983 (E.D. Tex. 2005) (citing *Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir. 1989) (*en banc*) and *Graham v. Connor,* 490 U.S. at 396–97)). However, when *subsequently detaining* an individual, the Fourteenth Amendment applies and permits good faith use of force to maintain or restore discipline, while proscribing malicious and sadistic force employed for the very purpose of causing pain. *Batiste*, 421 F. Supp. 2d at 983 (citing *Whitley v. Albers*, 475 U.S. 312, 320–21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).

26. In *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Supreme Court held that the validity of an excessive force claim arguably based on a violation of a specific protection of the Bill of Rights, such as those contained in the Fourth and Eighth Amendments, must be judged by reference to the specific standard which governs that right rather than by the more general substantive due process standard. The Court recognized the notion that all excessive force claims brought under § 1983 are not governed by a single generic standard. Petta v. Rivera, 143 F.3d 895, 900 (5th Cir. 1998). (citing *Graham v. Connor*, 490 U.S. 386, 393, 109 S.Ct. 1865, 1869, 104 L.Ed.2d 443 (1989)). However, the Court rejected the substantive due process standard only in cases in which the alleged excessive use of force arguably violated a specific right protected under the Bill of Rights. **With respect to free citizens, the court explicitly held only that all "claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' " should be analyzed under the Fourth Amendment.** *Graham*, 490 U.S. at 395, 109 S.Ct. at 1871 (emphasis added); *see U.S. v. Lanier*, 520 U.S. 259, n. 7, 117 S.Ct. 1219, 1228 n. 7,

137 L.Ed.2d 432 (1997) ("*Graham v. Connor*, does not hold that all constitutional claims relating to physically abusive government conduct must arise under either the Fourth or Eight Amendment, rather, *Graham* simply requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."). Here, all of Plaintiff's allegations against Spikes relate to her apprehension and seizure. As such, Plaintiff's claims Fourteenth Amendment claims are inapplicable to the case at bar and should be dismissed, and there is nothing in Plaintiff's First Amended Complaint that alleges any use of force after Plaintiff was apprehended or seized by Spikes, and there is certainly nothing that would suggest that Spikes engaged in any malicious or sadistic force for the purpose of causing pain. As such, Plaintiff fails to state a claim under the Fourteenth amendment for use of force in any subsequent detention. Accordingly, for this same reason, Spikes would also be entitled to qualified immunity on this claim as well because there are no facts in Plaintiff's complaint to show any violation of the Fourteenth Amendment.

      **C.**    **Plaintiff's claims against Spikes in her official capacity should be dismissed as they are redundant the claims brought against Beaumont ISD.**

27.    Personal-capacity suits seek to impose personal liability upon a government official for actions he or she takes under color of state law. *See, e.g., Scheuer v. Rhodes*, 416 U.S. 232, 237–238, 94 S.Ct. 1683, 1686–1687, 40 L.Ed.2d 90 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Soc. Svcs.*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978). Where as here, the government entity receives notice

and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (citation omitted). It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985). In fact, courts recognize that a suit against a state official is merely "'another way of pleading an action against the entity of which [the official] is an agent.'" *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) (alterations in original) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099 (1985)). Thus, Spikes as an individual defendant in her official capacity, is entitled to dismissal for the same reasons BISD is entitled to dismissal, should the Court grant any dismissal filed by BISD. Additionally, if only the "official capacity claims" survive, Spikes urges that those claims should be dismissed as any claims against her in her official capacity are redundant of those against BISD.

## VI. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Spikes urges this Court to deny Plaintiff any and all relief demanded against Spikes in her Second Amended Complaint. Further, Spikes prays his Motion to Dismiss be granted with prejudice, and that it be ordered that Plaintiff take nothing by this suit. Spikes also requests an award of reasonable attorneys' fees and costs of suit. Finally, Spikes requests the Court grant such other and further relief, both general and specific, in law or at equity, as the Court deems just and proper.

Respectfully submitted,

WALSH, ANDERSON, GALLEGOS,
GREEN & TREVIÑO, P.C.
10375 Richmond Avenue, Suite 750
Houston, Texas 77042
Telephone:  (713) 789-6864
Facsimile:   (713) 789-9318
Email:  jbyrom@wabsa.com
Email:  kkalchthaler@wabsa.com

By: */s/    James E. Byrom*
    JAMES E. BYROM
    State Bar No. 03568100
    KELLEY L. KALCHTHALER
    State Bar No. 24074509

ATTORNEYS FOR DEFENDANT
TAMARA SPIKES

## CERTIFICATE OF SERVICE

      I hereby certify that on the 28th day of August, 2014, a true and correct copy of the foregoing was served upon counsel of record as follows:

| | |
|---|---|
| Kenneth W. Lewis<br>State Bar No. 12295300<br>Stephen L. Townsend<br>State Bar No. 24071539<br>Bush Lewis, PLLC<br>595 Orleans Street, Ste. 500<br>Beaumont, TX  77701<br>Phone: 409-835-3521<br>Facsimile: 409-835-4194<br>*ATTORNEYS FOR PLAINTIFF*<br>*CHRISTINE JONES* | *Via Electronic Case Filing* |
| Christopher Gilbert<br>State Bar No. 00787535<br>Rebecca Weimer<br>State Bar No. 24062597<br>Thompson & Horton LLP<br>Phoenix Tower, Suite 2000<br>3200 Southwest Freeway<br>Houston, TX 77027<br>Phone: 713-554-6767<br>Facsimile: 713-583-8884 | *Via Electronic Case Filing* |
| Melody G. Chappell<br>State Bar No. 00785096<br>Wells, Peyton, Greenberg & Hunt, L.L.P.<br>550 Fannin Street, Suite 600<br>Beaumont, TX  77701<br>Phone: 409-838-2644<br>Facsimile: 409-838-4713<br>*ATTORNEYS FOR DEFENDANT BEAUMONT*<br>*INDEPENDENT SCHOOL DISTRICT* | *Via Electronic Case Filing* |

                                              */s/ James E. Byrom*
                                              James E. Byrom

## CERTIFICATION REGARDING SEALED DOCUMENTS

Pursuant to Local Rule CV-5(a)(7), I hereby certify that I will file a Motion to File Under Seal those records attached as Exhibit B under separate motion with this court. I further certify that on the 28th day of August, 2014, a true and correct copy of those records will be served upon counsel of record as follows:

| | |
|---|---|
| Kenneth W. Lewis<br>State Bar No. 12295300<br>Stephen L. Townsend<br>State Bar No. 24071539<br>Bush Lewis, PLLC<br>595 Orleans Street, Ste. 500<br>Beaumont, TX 77701<br>Phone: 409-835-3521<br>Facsimile: 409-835-4194<br>*ATTORNEYS FOR PLAINTIFF*<br>*CHRISTINE JONES* | *Via Electronic Mail* |
| Christopher Gilbert<br>State Bar No. 00787535<br>Rebecca Weimer<br>State Bar No. 24062597<br>Thompson & Horton LLP<br>Phoenix Tower, Suite 2000<br>3200 Southwest Freeway<br>Houston, TX 77027<br>Phone: 713-554-6767<br>Facsimile: 713-583-8884 | *Via Electronic Mail* |
| Melody G. Chappell<br>State Bar No. 00785096<br>Wells, Peyton, Greenberg & Hunt, L.L.P.<br>550 Fannin Street, Suite 600<br>Beaumont, TX 77701<br>Phone: 409-838-2644<br>Facsimile: 409-838-4713<br>*ATTORNEYS FOR DEFENDANT BEAUMONT*<br>*INDEPENDENT SCHOOL DISTRICT* | *Via Electronic Mail* |

        */s/ James E. Byrom*
        James E. Byrom