IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTINE JONES | § § | |
| VS. | § § | CIVIL ACTION NO. 1:14-CV-00103 |
| | § | Judge Keith Giblin |
| TAMARA SPIKES and | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT POLICE | § | |
| DEPARTMENT | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT
BEAUMONT INDEPENDENT SCHOOL DISTRICT'S
MOTION TO DISMISS UNDER RULE 12(b)(6)
OR, ALTERNATIVELY,
<u>GRANT LEAVE TO AMEND THE COMPLAINT</u>**

### I. Introduction

1.   Plaintiff has sued defendant Beaumont Independent School District ("BISD") in a civil rights personal injury claim brought under the federal civil rights statute, 42 U.S.C. §1983 pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution for its violations of plaintiff's federal rights through policies and customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals, either directly violating federal law and/or authorizing or directing the deprivation of federal rights and/or adopted and/or maintained by BISD policymakers with deliberate indifference as to its known or obvious consequences, including tolerating misconduct by its police officers and/or encouraging misconduct by failing to adequately supervise, discipline, and/or train so as to deprive plaintiff of the right to be free from the use of unreasonable, unnecessary, and excessive force against her and from unreasonable seizure of her person under color of state law.  Defendant BISD has alleged that plaintiff has not properly plead facts supporting her claim.  Such cases are

subject to the notice standard of Federal Rule of Civil Procedure 8(a)(2). Plaintiff has properly pled facts to notify defendant BISD of claims of constitutional violations and the grounds upon which these claims rest.

## II. Analysis

Legal Standard for a 12(b)(6) Motion to Dismiss

2.      Dismissal of an action for failure to state a claim is highly disfavored by the law. *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *Rodriguez v. Rutter*, 310 F. App'x 623, 626 (5th Cir. 2009) (*citing Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Kaiser Alum. & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)); *Thomas v. Hous. Cnty. Precinct*, No. Civ. A 9:05-CV-85, 2005 WL 1629793, at *1 (E.D. Tex. Jul. 11, 2005). The Court should not dismiss a complaint on a 12(b)(6) motion "unless it appears *beyond a doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Thomas*, 2005 WL 1629793, at *1. At this stage of litigation, the Court should construe the complaint liberally in favor of the plaintiff. *Vera v. Frisco Indep. Sch. Dist.*, No. 4:12-CV-733, 2013 WL 2297211, at *2 (E.D. Tex. May 24, 2013). A Rule 12(b)(6) motion should be denied if the complaint allows "the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The *Iqbal* standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of liability. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 566 (2007). "[D]etermining whether a complaint states a plausible claim is *context-specific*, requiring the reviewing court to draw on its experience and common sense."

*Iqbal*, 556 U.S. at 663. In deciding a motion to dismiss, courts may consider facts stated in the documents attached to the complaint. *See, e.g.*, *Batiste v. City of Beaumont*, 421 F.Supp.2d 969, 978 (E.D. Tex. 2005) (*citing Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

The 8(a)(2) Pleading Standard

3.  Under Federal Rule of Civil Procedure 8(a)(2), a claimant need only plead, "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Unlike the state court factual pleading requirement, these claims need only include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A heightened fact pleading of specifics is not required, but only enough facts to state a claim to relief that is plausible on its face. *Id.* at 570.

4.  A federal court may not apply "heightened pleading standard" more stringent than usual pleading requirements of civil rule in civil rights cases alleging municipal liability under § 1983. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165, 113 S. Ct. 1160, 1162, 122 L. Ed. 2d 517 (1993).

5.  Jones has satisfied the low bar of the 8(a)(2) standard as interpreted by *Iqbal* because she has (a) set forth a claim upon which relief could be granted; and (b) given BISD fair notice of what her claim is and the grounds upon which it rests.

Relief Can Be Granted to Jones for BISD's Constitutional Violations

6.  BISD does not dispute it could be liable for constitutional violations. Defendant's Motion to Dismiss cites authorities establishing its own possible liability for constitutional violations by its employees or agents. (Doc. 24, p.4)   BISD's responsibility as an entity under § 1983 arises when its employees or agents execute a BISD policy or custom,

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, which inflicts the injury. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38, 56 L. Ed. 2d 611 (1978). Such policy or custom need not be written or otherwise formalized and may be created by practices or repeated actions or even the absence of written policies. *Cornfield by Lewis v. Consol. High Sch. Dist. No. 230*, 991 F.2d 1316, 1326 (7th Cir. 1993). A government entity may not bury its head in the sand rather than acknowledge and attempt to remedy unconstitutional conduct by its employees and in situations that call for procedures, rules, or regulations, the failure to make a policy itself may be actionable. *Avery v. County of Burke*, 660 F.2d 111, 114 (4th Cir. 1981); *Murray v. City of Chicago*, 634 F.2d 365, 366-67 (7th Cir. 1980). A practice of unconstitutional conduct, although lacking formal approval, may provide a basis for governmental liability. However, a single isolated incident of wrongdoing by a non-policymaker is generally insufficient to establish governmental acquiescence in unconstitutional conduct. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823-24, 105 S.Ct. at 2436; *Jones v. City of Chicago*, 787 F.2d 200, 204 (7th Cir. 1986); *cf. Strauss v. City of Chicago,* 760 F.2d 765, 769 (omission may be "sufficiently egregious that plaintiff's injury alone suggest[s] an established policy"). An allegation of a pattern or a series of incidents of unconstitutional conduct is generally required to withstand a motion to dismiss for a failure to make policy. *Powe v. City of Chicago*, 664 F.2d 639, 650 (7th Cir. 1981); *accord Jones*, 787 F.2d at 204 (requiring "systemic" faulty inaction). In other words, enduring practices of officials or their employees may create liability.

7. Jones' pleading clearly outlines the constitutional rights BISD violated. (Doc.19,¶¶ 19-20) The violations are:

    a.    Fourth Amendment: Against unreasonable seizure of her person.

    b.    Fourth and Fourteenth Amendment: Against the use of unreasonable, unnecessary, and excessive force.

    c.    Fifth and Fourteenth Amendments: Against being deprived of life, liberty, or property, without due process of law.

    d.    Fourteenth Amendment: Against denying to any person the equal protection of the laws.

(Doc.19,¶ 19)

8.    To state a claim against an educational institution under § 1983 for acts of subordinate employees, a plaintiff must allege that officials acted in accordance with an official government policy or firmly entrenched custom that deprived the plaintiff of constitutional rights. *Brown v. Houston Indep. Sch. Dist.*, 763 F. Supp. 905, 908 (S.D. Tex. 1991) aff'd, 957 F.2d 866 (5th Cir. 1992); *Worsham v. City of Pasadena*, 881 F.2d 1336, 1339 (5th Cir.1989) (*citing Monell v. City of New York Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978)).

9.    Jones' pleading clearly alleges that BISD officials acted in accordance with an official government policy or firmly entrenched custom that deprived her of her constitutional rights. Jones complaint states that:

    a.    "The exercise of established policy, practice, and custom violated plaintiff's clearly- established rights under the U.S. Constitution as follows:" and goes on to list the violations presented above. (Doc.19,¶ 19)

    b.    BISD violated plaintiff's constitutional rights under the Fifth and Fourteenth Amendments. At the time of the arrest, Spikes was acting under color of the laws and regulations of the State of Texas and BISD and the BISD Police Department. BISD had policies and customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. (Doc.19,¶ 20)

    c.    The customs or policies themselves violated federal law, or it authorized or directed the deprivation of federal rights, and/or it was adopted or maintained by BISD policymakers with deliberate indifference as to its known or obvious consequences. (Doc.19,¶ 20)

    d.    BISD repeatedly tolerated misconduct by its police officers and encouraged misconduct by failing to adequately supervise, discipline, and/or train. (Doc.19,¶ 20)

    e.    Plaintiff asserts a civil rights personal injury claim pursuant to the federal civil rights statute, 42 U.S.C. §1983, against ...BISD pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution for its violations of plaintiff's federal rights through policies and customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals, either directly violating federal law and/or authorizing or directing the deprivation of federal rights and/or adopted and/or maintained by BISD policymakers with deliberate indifference as to its known or obvious consequences, including repeatedly tolerating misconduct by its police officers and/or encouraging misconduct by failing to adequately supervise, discipline, and/or train. (Doc.19,¶ 6)

10. Jones' pleading properly sets forth a claim (constitutional violations) upon which relief could be granted; has properly alleged that BISD officials acted in accordance with an official government policy or firmly entrenched custom that deprived her of her constitutional right; and provides BISD fair notice of what her claim is and the grounds upon which it rests.

<u>Jones Pleading Sets Forth Enough Facts to State a Claim to Relief That Is Plausible on its Face</u>

11. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)

12. While *Iqbal* does address facial plausibility, BISD incorrectly analyzes that part of the decision when discussing policy. In *Iqbal,* detainees were trying to hold top

government officials liable for their subordinates. *Id.* Jones has not brought *individual* claims against top BISD officials for the behavior of its officers.

13. The cases BISD cites in its motion are unlike Jones' case and are distinguishable. It cites *Kean v. Henry*, an unpublished Third Circuit opinion involving a dispute where the plaintiff tried to tie a verbal altercation with a police officer to a delay by the police department in removing a nuisance. 523 Fed. Appx. 879, 882 (3d Cir. 2013). The court in *Kean* allowed the plaintiff to amend his petition twice in response to motions to dismiss. *Id.* BISD also cites *Gray v. City of Roswell* 486 Fed. Appx. 798, 801 (11th Cir. 2012), a Eleventh Circuit unpublished opinion; *Johnson v. City of Wakefield*, 483 Fed. Appx. 256, 257 (6th Cir. 2012), a Sixth Circuit unpublished opinion involving a pro se plaintiff; *Unger v. City of Mentor*, 387 Fed. Appx. 589 (6th Cir. 2010), an unpublished Sixth Circuit opinion involving collective bargaining; and *Palermo v. Town of N. Reading*, 370 Fed. Appx. 128 (1st Cir. 2010), a First Circuit unpublished opinion involving an eminent domain taking. BISD cites these cases from other circuit courts in an attempt to confuse the issues of Jones' case before this Court.

Jones Correctly Pled Policy Violations That Contain Enough Facts to Give Rise to a Reasonable Expectation That Discovery Will Reveal Evidence.

14. BISD cites *Jones v. Nueces County, Texas* as authority. (Doc. 24, p.8). In *Jones v. Nueces County*, a pretrial detainee who was allegedly slammed against a wall by a jailor, admittedly based his claims against Nueces County on his suspicions that there were policies that allowed the conduct. *Jones v. Nueces County, Tex.,* CIV.A. C-12-145, 2012 WL 3528049 (S.D. Tex. Aug. 15, 2012). Because the Court in *Jones* would not allow discovery based on admitted suspicions, BISD is attempting to have *Jones* stand for

preventing plaintiff from discovery into policies and procedures. (Doc. 24, p.9). The claims brought against BISD are not based on suspicion.

15. The *Iqbal* standard calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of liability. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 566 (2007). Jones' constitutional claims against BISD are alleged to be the result of established policies, practices, and customs which violated her rights under the U.S. Constitution. Unlike the pretrial detainee in *Jones v. Nueces County,* Jones clearly generically identified those policies, practices, and customs in her complaint (Doc. 19, ¶20), outlined above. The violations are not based off "suspicion." The facts supporting the violations of the policies are displayed through the actions of Officer Spikes, acting pursuant to those polices, practices, and customs, which were provided in detail in Jones' complaint. (Doc. 19, ¶¶ 8-15)

<u>BISD Has Produced No Documented Policies or Procedures</u>

16. BISD board of trustees created the police department, which is permitted by the Texas Education Code. Tex. Educ. Code Ann. § 37.08(a). The board of trustees of the district determines the scope of the on-duty and off-duty law enforcement activities of school district peace officers. Tex. Educ. Code Ann. § 37.08(b).

17. The Supreme Court has held that a governmental unit's failure to adopt a policy does not constitute such an intentional choice unless it can be said to have been "deliberately indifferent." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390, 109 S. Ct. 1197, 1205, 103 L. Ed. 2d 412 (1989). A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights. *Id.*

18. BISD has not produced any policies or procedures adopted for its police department. The district's police department website, http://www.bmtisd.com/bisdpd/, does not list any policies. The district's "Handbook and Policies" page, http://www.bmtisd.com/policies/, does not provide any policies regarding its police department.

BISD Is Deliberately Indifferent to the Rights of the People its Police Department Come in Contact With

19. As Jones described in detail in her complaint, BISD police department officer, Tamara Spikes, carried a firearm while on duty. Her duty location was at a middle school with children present. Instead of going to a less lethal option to detain the unarmed, terrified, and non-fleeing Jones parked in a car on a school campus in an area crowded with students, parents and school employees, Spikes' first option was her firearm, which she pointed at Jones while school children walked in her line of fire.

20. The inadequacy of police training may serve as the basis for § 1983 liability when failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989). A municipality that arms its officers with firearms, knowing to a moral certainty that the armed officers will arrest fleeing felons, would be deliberately indifferent in failing to train the officers properly in the use (and non-use) of deadly force (and the threat of its use), because the likelihood of unconstitutional consequences of the municipality's omission is obvious. *Id.* 489 U.S. at 390 n. 10, 109 S.Ct. at 1205 n. 10. In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held

liable if it actually causes injury. *Id.* 489 U.S. at 390, 109 S. Ct. at 1205.

21.     Even if BISD had an alleged valid policy in place which Officer Spikes was required to follow, if it was unconstitutionally applied by Spikes, BISD is liable if Spikes has not been adequately trained and the constitutional wrong has been caused by that failure to train. *Id.* 489 U.S. at 387, 109 S. Ct. at 1204.

<u>Sufficient Prediscovery Pleadings</u>

22.     BISD chose not to provide any policies, training, selection criteria, personnel files, guidelines, prior incidents, prior reprimands, or anything beyond the incident report, arrest documents, and witness statements from the incident with Jones on which this case is based – in apparent disregard of federal and local disclosure requirements – and has not filed a motion prior to any written discovery or depositions claiming plaintiff's current pleadings do not have sufficient details about the policies and customs of defendant BISD which plaintiff claims were violated. Such tactics seem somewhat disingenuous and inappropriate, while at the very least untimely.

### III. Conclusion

23.     BISD's responsibility and potential liability as an entity under § 1983 arises whenever its employees or agents, in the execution of a BISD policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. Jones' pleading properly sets forth a claim (constitutional violations) upon which relief could be granted; has properly alleged that BISD officials acted in accordance with an official government policy (or lack thereof) or firmly entrenched custom that deprived her of her constitutional right; and provides BISD fair notice of what her claim is and the grounds upon which it rests. Therefore, the Court should deny BISD's

motion to dismiss.

### IV.  Prayer for Relief

24. Because plaintiff has accurately pled facts to notify defendant of constitutional violation claims, and because all ambiguities in a 12(b)(6) motion to dismiss should be construed in favor of the plaintiff, defendant's motion to dismiss should be denied.  Plaintiff prays that the Court enter an order denying defendant Beaumont Independent School District's motion to dismiss.  In the alternative, if the Court determines that plaintiff did not properly plead, plaintiff asks the Court to grant leave to amend the complaint after time to engage in sufficient discovery to provide more detailed pleadings, if such additional pleadings are found to be necessary.

        Respectfully submitted,

        BUSH LEWIS, PLLC
        595 Orleans Street, Suite 500
        Beaumont, TX 77701
        409/835-3521
        409/835-4194 (Fax)

By: _____
    Kenneth W. Lewis
    Ken.L@bushlewis.com
    Texas Bar #12295300
    Stephen L. Townsend
    Stephen.T@bushlewis.com
    Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, this 15th day of September, 2014.

*/s/ Ken Lewis*

_____
Kenneth W. Lewis