IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTINE JONES | § | |
| | § | |
| | § | |
| vs. | § | C.A. NO. 1:14-CV-00103 |
| | § | |
| TAMARA SPIKES and | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT POLICE | § | |
| DEPARTMENT | § | |

## DEFENDANT BEAUMONT INDEPENDENT SCHOOL DISTRICT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT BEAUMONT INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS UNDER RULE 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Beaumont ISD ("District" or "BISD") files its Reply to Plaintiff's Response in Opposition to Defendant BISD's Motion to Dismiss under Rule 12(b)(6), as follows:

**I.**

Plaintiff's response demonstrates her complete misunderstanding of the pleading requirements set out in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 (2009) when she (1) misstates the standard for a 12(b)(6) motion to dismiss; and (2) recites page after page of boilerplate language. Plaintiff cites a 2005 case from the Eastern District of Texas for the relaxed standard that "[a] court should not dismiss a complaint unless it appears *beyond a doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." This standard was first set forth by the United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41 (1957). However, in 2007, when the Supreme Court decided *Twombly*, it abrogated *Conley's* "no set of facts" standard and held that a plaintiff must go beyond mere notice to state a claim for relief that is plausible. *Twombly*,

550 U.S. at 562-563. As the Supreme Court subsequently explained, two working principles underlie *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 1950 (citing *Twombly*, 550 U.S. at 556) (internal quotations omitted)

Plaintiff fails to satisfy the *Twombly/Iqbal* pleading standard. Plaintiff fails to "plead factual content that allows the court to draw the reasonable inference that [Beaumont ISD] is liable for the misconduct alleged." *Iqbal*, 129 U.S. at 1949. Plaintiff has alleged nothing more than "labels and conclusions" and "a formulaic recitation of the elements," and nowhere is this more apparent than in the very first paragraph of her Response, the bulk of which is a single sentence that simply lists every boilerplate reason for municipal liability. The Complaint contains no facts from which the Court could conclude that it is "plausible" that Beaumont ISD maintains a custom, policy, and/or practice that actually caused the alleged violations of Plaintiff's constitutional rights, rather than concluding simply that Plaintiff's counsel routinely includes municipal liability claims in every § 1983 action he files. Plaintiff clearly fails to understand the significance of *Twombly* and *Iqbal* when she argues that her allegations need only put Defendant on notice of the claims being made against it. This is made even more apparent when Plaintiff argues she met the pleading standard because she "clearly *generically* identified those policies, practices, and customs in her complaint." (emphasis added). Plaintiff attempts to cover up her lack of facts with misplaced allegations that Defendant BISD has not produced policies and procedures to Plaintiff. Plaintiff cannot allege a municipal liability claim hoping

that discovery will reveal facts to support the claim. *Jones v. Nueces County, Tex.*, 2012 WL 3528049 at *4 (S.D. Tex. 2012).

## II.

For these reasons, Beaumont Independent School District respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Amended Complaint and dismiss all claims against it with prejudice. Beaumont ISD further requests that the Court grant all other relief, both legal and equitable, to which it has shown itself entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: /s/ Christopher B. Gilbert
   Christopher B. Gilbert
   Attorney-in-Charge
   State Bar No. 00787535
   cgilbert@thompsonhorton.com
   Frances R. Broussard
   State Bar No. 24055218
   fbroussard@thompsonhorton.com

   3200 Southwest Freeway, Suite 2000
   Houston, Texas 77027
   Telephone: (713) 554-6744
   Facsimile: (713) 583-7698

**Attorneys for Defendant Beaumont Independent School District**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on the Plaintiff at the below address by electronic service on September 25, 2014, and addressed as follows:

> Kenneth W. Lewis
> Bush Lewis, PLLC
> 595 Orleans Street, Suite 500
> Beaumont, Texas 77701

>  /s/ Frances R. Broussard
> Christopher B. Gilbert or Frances R. Broussard