IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **CHRISTINE JONES** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:14-cv-00103 |
| | § | |
| **TAMARA SPIKES and** | § | |
| **BEAUMONT INDEPENDENT** | § | |
| **SCHOOL DISTRICT POLICE** | § | |
| **DEPARTMENT,** | § | |
| Defendants. | § | |

**DEFENDANT TAMARA SPIKES' REPLY TO PLAINTIFF'S MOTION TO DISMISS
and in the alternative, MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE KEITH F. GIBLIN, UNITED STATES MAGISTRATE JUDGE:

NOW COMES Defendant Tamara Spikes ("Defendant" or "Spikes") and files this Reply to Plaintiff's Response (Docket Entry ("DE") 30) to Defendant Spikes' Motion to Dismiss, and in the alternative, Motion for Summary Judgment, DE 25. Defendant Spikes urges this Court to dismiss the case, or in the alternative, to grant summary judgment. Plaintiff has failed to provide sufficient evidence for her case to survive a Motion to Dismiss. In the alternative, summary judgment should be granted as Plaintiff has failed to provide sufficient evidence to the contrary. Defendant Spikes incorporates all arguments and authorities stated in her Motion to Dismiss and Motion for Summary Judgment, DE 25. In support of this Reply, Spikes shows the Court as follows:

## I. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS AND SUMMARY OR ARGUMENT

1.      Plaintiff Christine Jones brought suit against Spikes alleging violations of her constitutional rights under the Fourth and Fourteenth Amendments of the U.S. Constitution via 42 U.S.C. 1983 ("Section 1983"). (DE 19, p. 2, ¶6 and p. 4-5, ¶¶16-18). Defendant Spikes files this Motion to Dismiss, or in the alternative, Motion for Summary Judgment and asks the Court to dismiss the case with prejudice, or alternatively to grant summary judgment in her favor.

## II. ARGUMENTS IN REPLY TO PLAINTIFF'S RESPONSE

**A.    Plaintiff's Complaint fails to comply with the standards of 12(b)(6) and 12(b)(1), Defendant is entitled to qualified immunity.**

2.      Plaintiff's claims against Spikes should be dismissed with prejudice for several reasons. Initially, Spikes is entitled to qualified immunity against Plaintiff's claim. Although denied, none of Plaintiff's allegations, even if taken as true for the purpose of this Motion, show that Spikes acted objectively unreasonable or violated Plaintiff's clearly established constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 817-19 (1982). Accordingly, Spikes is entitled to qualified immunity. In addition, Plaintiff fails to satisfy the heightened pleading standard applied to qualified immunity. Furthermore, Defendant Spikes acted at all moment as an employee of the Beaumont Independent School District and as such, all acts in that capacity are entitled to qualified immunity.

3.      Plaintiff further takes the position that because Defendant filed a general denial in state court prior to removal, she is not entitled to dismissal based on qualified immunity.

4.      Under FRCP 81(c)(2), after removal, re-pleading is unnecessary unless the Court orders it. Under the current scheduling order, the deadline to file amended pleadings without leave of

court is November 12, 2014. To date, there has been no order from the court ordering any of the parties to further plead.

5.      Further, the appropriate procedure to raise issues such as those raised by a 12(b)(6) motion should be filed before pleading. Clearly, the qualified immunity issue is properly raised in the responsive pleading/motion. However, out of an abundance of caution, Defendant will prepare and file an answer in this matter.

**B.      Plaintiff does not meet the criteria to state a claim for unreasonable force and seizure, or use of deadly force.**

6.      Plaintiff claims that Defendant used deadly force and that it was unjustified. Plaintiff cites *Flores v. City of Palacios,* 381 F.3d 391, 401 (5th Cir. 2004) to define deadly force as "carrying with it substantial risk of causing death or serious bodily harm." Plaintiff is in error in applying deadly force to this case. Spikes never used deadly force. Spikes ordered Plaintiff to exit the vehicle after Plaintiff refused to obey traffic direction orders. In fact, Plaintiff refused to obey traffic directions from Spikes several times, despite the fact that Plaintiff was informed by Spikes that there have been several accidents in the area before. After failing to follow instructions during a busy pick-up time at school, Plaintiff proceeded to move the vehicle in the direction of Spikes, causing her injuries as demonstrated by Spikes' evidences submitted to this case. Further, Spikes' use of her gun was in response to Plaintiff injuring her with her vehicle while attempting to avoid compliance with the traffic directions. Plaintiff's allegation that she did not know that Spikes was School Resource Officer is not plausible. Spikes was wearing her uniform and had a name tag identifying herself as a School Resource Officer. Even if taken as true, Plaintiff's allegations that she did not know that Spikes is a School Resource Officer,

Plaintiff still disobeyed direct orders from an authorized officer to direct traffic at school.

7. In her response, Plaintiff now asserts that Defendant Spikes is guilty of assault. She does so to attempt to apply the standards of "Deadly Force" to this matter, which is improper. The "force" used by Defendant Spikes, after having Plaintiff fail to abide by a proper order from law enforcement, and then being struck by the vehicle driven by Plaintiff, was appropriate under the circumstances and was not "deadly force." Defendant denies threatening to shoot Plaintiff.

8. Even so, Plaintiff's assertion that there is no evidence showing Spikes reasonably believed Jones would cause death or serious injury to her or another ignores the plain fact that Plaintiff, after disobeying a direct order from law enforcement, ignoring multiple instructions from a law enforcement officer and failing to properly identify herself, impacted Spikes with her car, knocking her to the ground and causing injury.

9. Plaintiff asserts that "other jurisdictions" have spoken to these issues. However, in none of the cases cited by Plaintiff, did the party claiming excessive force strike the officer in question with a vehicle after repeatedly ignoring lawful instructions from the officer.

10. Plaintiff further asserts that she did not pose an immediate threat to the officer others. Again, this completely ignores the fact that Plaintiff struck Officer Spikes with her vehicle and that Officer Spikes needed to take immediate action to direct traffic in a busy pick-up lane at school.

### III. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Spikes urges this Court to deny Plaintiff any and all relief demanded against Spikes in her Second Amended Complaint. Further, Spikes prays her Motion to Dismiss be granted with prejudice, and that it be ordered that

Plaintiff take nothing by this suit. In the alternative, Defendant Spikes request that this Court grants her Motion for Summary Judgment. Defendant also requests an award of reasonable attorneys' fees and costs of suit. Finally, Spikes requests the Court grant such other and further relief, both general and specific, in law or at equity, as the Court deems just and proper.

        Respectfully submitted,

        WALSH, ANDERSON, GALLEGOS,
        GREEN & TREVIÑO, P.C.
        10375 Richmond Avenue, Suite 750
        Houston, Texas 77042
        Telephone: (713) 789-6864
        Facsimile: (713) 789-9318
        Email: jbyrom@wabsa.com
        Email: kkalchthaler@wabsa.com

        By: */s/ James E. Byrom*
            JAMES E. BYROM
            State Bar No. 03568100
            KELLEY L. KALCHTHALER
            State Bar No. 24074509

        ATTORNEYS FOR DEFENDANT
        TAMARA SPIKES

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2014, a true and correct copy of the foregoing was served upon counsel of record as follows:

| | |
|---|---|
| Kenneth W. Lewis<br>State Bar No. 12295300<br>Stephen L. Townsend<br>State Bar No. 24071539<br>Bush Lewis, PLLC<br>595 Orleans Street, Ste. 500<br>Beaumont, TX  77701<br>Phone: 409-835-3521<br>Facsimile: 409-835-4194<br>*ATTORNEYS FOR PLAINTIFF*<br>*CHRISTINE JONES* | *Via Electronic Case Filing* |
| Christopher Gilbert<br>State Bar No. 00787535<br>Rebecca Weimer<br>State Bar No. 24062597<br>Thompson & Horton LLP<br>Phoenix Tower, Suite 2000<br>3200 Southwest Freeway<br>Houston, TX 77027<br>Phone: 713-554-6767<br>Facsimile: 713-583-8884<br><br>*ATTORNEYS FOR DEFENDANT BEAUMONT*<br>*INDEPENDENT SCHOOL DISTRICT* | *Via Electronic Case Filing* |

                                                 */s/ James E. Byrom*
                                                 James E. Byrom