UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CHRISTINE JONES § | |
| § | |
| vs. § | |
| § | C.A. NO. 1:14-CV-00103 |
| TAMARA SPIKES and § | |
| BEAUMONT INDEPENDENT § | |
| SCHOOL DISTRICT POLICE § | |
| DEPARTMENT § | |

**DEFENDANT TAMARA SPIKES' ORIGINAL ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, SUBJECT TO DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant Tamara Spikes ("Defendant" or "Spikes"); and files this Original Answer in response to Plaintiff's Amended Complaint (Docket Entry "DE" 19).

## I. ANSWER[1]

**Response to Complaint Section: "Nature of the Action"**

1. Defendant cannot admit or deny that Plaintiff resides in Beaumont, Jefferson County, Texas.

2. Defendant admits that she is a resident of Jefferson County, Texas.

3. Defendant admits that Beaumont ISD is located in Jefferson County, Texas.

4. Defendant admits that Plaintiff's claims allege federal question jurisdiction and are made under federal civil rights statute and the United States Constitution. However, Defendant denies that Plaintiff has properly stated such a claim, or that Plaintiff is entitled to any recovery for such

---

[1] The numbered paragraphs in Section I correspond to the numbered paragraphs set forth in Plaintiffs' Original Complaint.

a claim. Defendant further denies that the Court should accept pendent jurisdiction over the state law claims. Defendant denies the remaining allegations in Paragraph 5.

5.Defendant admits that venue is proper in this court.

6.Defendant admits that Plaintiff is asserting a cause of action under 42 USC §1983 and under the Fourth and Fourteenth Amendments of the United States Constitution. Defendant denies any use of unreasonable, unnecessary, or excessive force against Plaintiff and denies any unreasonable seizure of her person. Defendant denies the remaining allegations in Paragraph 6.

7.Defendant accepts that Plaintiff is not bringing any claim under the Texas Tort Claims Act.

8.Defendant admits the date of the incident. Defendant cannot admit or deny the remaining allegations of Paragraph 8.

9.Defendant admits that she requested that Plaintiff move her car. Defendant denies she was in an "already irritated state," and admits that she told Plaintiff not to "turn into that driveway from that direction."

10.Defendant admits that she told Plaintiff to move her car, but denies that she used "an increasingly angry voice." Defendant denies that Plaintiff "politely responded." Defendant admits that despite her instructions to Plaintiff to move her car, Plaintiff did not comply with this lawful order. Defendant denies the remaining allegations of Paragraph 10.

11.Defendant admits that she asked to see Plaintiff's driver's license, but Plaintiff did not comply with this lawful order. Defendant denies the remaining allegations of Paragraph 11.

12.Defendant admits that Plaintiff began to move her car forward, but asserts that Plaintiff struck Defendant, knocking her to the ground with her vehicle. Defendant denies shifting her leg

in front of the vehicle directing Plaintiff to stop. Defendant denies that Plaintiff immediately hit her brake harder and stopped.

13. Defendant admits that she came to the driver's side of the vehicle while talking on her shoulder radio. Defendant cannot admit or deny the remaining allegation in Paragraph 13.

14. Defendant admits that she told Plaintiff "You hit me" and further admits that Plaintiff denies that she struck Defendant. Defendant admits that she removed her service weapon from its holster, but denies pointing the gun "directly at Plaintiff." Defendant admits that she instructed Plaintiff to get out of her car, and further asserts that Plaintiff failed to comply with this lawful order. Defendant denies any "erratic behavior." Defendant denies the remaining allegations in Paragraph 14.

15. Defendant denies that Plaintiff "exited her vehicle" and asserts that Plaintiff had to be removed from her vehicle. Defendant admits that Plaintiff was placed on the ground and subsequently arrested and criminally charged. Defendant cannot admit or deny the reason for the dismissal of the charges.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17, with the exception of the fact that Plaintiff was placed on the ground and handcuffed.

18. Defendant denies the allegations in Paragraph 18.

19. Paragraph 19 is not directed to Defendant Spikes and therefore requires no response.

20. Paragraph 20 is not directed to Defendant Spikes and requires no response. However, Defendant Spikes does admit that she was acting in the course and scope of her employment at the time of the incident in question.

21. Defendant accepts the allegation in Paragraph 21.

22. Defendant asserts that to the extent Plaintiff brings a claim against Defendant in her official capacity, such claim is brought against the employer and therefore, this claim against her should be dismissed. As to any claim made against her in her individual capacity, Defendant asserts that she is entitled to qualified immunity. Defendant further denies that Plaintiff has properly stated any cause of action against Defendant.

23. Defendant denies the allegations in paragraph 23 and denies that Plaintiff is entitled to damages in this matter.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. No response is required to Paragraph 28.

29. Defendant asserts that Plaintiff is not entitled to any of the relief sought in Paragraph 29.

## II. AFFIRMATIVE DEFENSES

30. To the extent that Plaintiff's allegations have not been admitted expressly, strict proof of all such claims is respectfully demanded by Defendant. Defendant expressly denies all allegations of wrongdoing and liability, and all of Plaintiff's claims of entitlement to any recovery. Subject to and without waiving the foregoing, Defendant pleads the following matters affirmatively:

31. Defendant affirmatively pleads that Plaintiff has failed to state a claim upon which relief may be granted.

33. Defendant affirmatively asserts that she is entitled to qualified immunity from liability and suit for Plaintiff's claims that are based on alleged violations of Plaintiff's constitutional or

statutory rights. Defendant did not take any actions that she knew or should have known violated Plaintiff's clearly-established constitutional or statutory rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). *See also McClendon v. City of Columbia*, 305 F.3d 314, 322–23 (5th Cir. 2002) (*en banc*); *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1002 (5th Cir. 2003).

34. Defendant affirmatively asserts that any claims brought against her in her official capacity are actually claims brought against the governmental entity of Beaumont ISD. As such, Defendant is entitled to the same immunity and defenses that would be available to Beaumont ISD. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 (1985)).

35. Defendant invokes the defense of professional immunity and all of the protections and benefits afforded by professional immunity with respect to Plaintiff's tort claims against her in her individual capacity. *See* TEX. EDUC. CODE. ANN. § 22.051–.055.

36. Defendant invokes the defense of official immunity under the Texas common law and all of the protections and benefits afforded by official immunity with respect to Plaintiff's tort claims against Defendant in her official capacity.

37. Defendant affirmatively asserts that Plaintiff has failed to mitigate her damages, if any.

38. Defendant affirmatively asserts that she is entitled to qualified immunity under 42 U.S.C. § 1983 because she acted under the objectively reasonable belief that her actions were within the scope of her official capacity and did not violate Plaintiff's clearly established rights. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67–71 (1989).

39. Defendant affirmatively asserts that her use of force, if any, was reasonable and does not rise to the degree of force necessary to support a claim under 42 U.S.C. § 1983. *See Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992).

40. Defendant affirmatively asserts that exemplary damages are not recoverable in claims against Defendant in her official capacity as a Beaumont ISD police officer.

41. Defendant reserves the right to assert additional defenses or affirmative defenses as may become apparent through the course of discovery.

### III. PRAYER

Defendant Tamara Spikes prays that Plaintiff recover nothing from Defendant Spikes, and that Defendant Spikes be awarded her costs of court, attorneys' fees, and such other and further relief to which Defendant Spikes may be entitled in law or in equity.

Respectfully submitted,

By: */s/ James E. Byrom*
JAMES E. BYROM
State Bar No. 03568100
WALSH, ANDERSON, GALLEGOS,
GREEN & TREVIÑO, P.C.
10375 Richmond Ave., Suite 750
Houston, TX 77042-4196
Office: 713.789.6864
Fax: 713.789.9318
Email: jbyrom@wabsa.com

ATTORNEY FOR DEFENDANT
TAMARA SPIKES

## CERTIFICATE OF SERVICE

  I hereby certify that on the 29th day of September, 2014, a true and correct copy of the foregoing was served upon counsel of record as follows:

| | |
|---|---|
| Kenneth W. Lewis | *Via Electronic Case Filing* |
| State Bar No. 12295300 | |
| Stephen L. Townsend | |
| State Bar No. 24071539 | |
| Bush Lewis, PLLC | |
| 595 Orleans Street, Ste. 500 | |
| Beaumont, TX 77701 | |
| Phone: 409-835-3521 | |
| Facsimile: 409-835-4194 | |
| *ATTORNEYS FOR PLAINTIFF* | |
| *CHRISTINE JONE* | |
| | |
| Christopher Gilbert | *Via Electronic Case Filing* |
| State Bar No. 00787535 | |
| Rebecca Weimer | |
| State Bar No. 24062597 | |
| Thompson & Horton LLP | |
| Phoenix Tower, Suite 2000 | |
| 3200 Southwest Freeway | |
| Houston, TX 77027 | |
| Phone: 713-554-6767 | |
| Facsimile: 713-583-8884 | |
| *ATTORNEYS FOR DEFENDANT BEAUMONT* | |
| *INDEPENDENT SCHOOL DISTRICT* | |

                   */s/ James E. Byrom*
                   James E. Byrom