IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CHRISTINE JONES | § |
| | § CIVIL ACTION NO. 1:14-CV-00103 |
| VS. | § |
| | § Judge Keith Giblin |
| TAMARA SPIKES and | § |
| BEAUMONT INDEPENDENT | § |
| SCHOOL DISTRICT POLICE | § |
| DEPARTMENT | § |

**PLAINTIFF'S SUR-REPLY TO SPIKES' REPLY TO
PLAINTIFF'S OPPOSITION TO SPIKE'S MOTION TO DISMISS**

1. Plaintiff Jones files this sur-reply in response to defendant Spikes' Reply to Plaintiff's Response to Defendant Spikes' Motion to Dismiss and refers the Court to Plaintiff's Opposition to Spikes' Motion to Dismiss (Doc. #30) and the exhibits attached to that document. The facts and arguments addressed in that response address defendant Spikes' reply in its entirety. Plaintiff files this limited sur-reply only to address or clarify specific matters discussed in defendant's reply.

<u>Jones' Complaint Satisfies the Standards of 12(b)(6) and 12(b)(1)</u>

2. As discussed in plaintiff's response to defendant Spikes' 12(b)(6) motion, defendant Spikes did not assert qualified immunity until her motion to dismiss. (Doc. #30, ¶27) The 12(b)(6) standard (as plaintiff explained in her response) does not require the heightened pleading standard. (Doc. #30,¶22-28) In her pleadings, plaintiff set forth a claim for which Spikes could be liable and relief could be granted and provided Spikes fair notice of plainitff's claims and the basis for those claims.

3. Spikes first asserted a 12(b)(1) factual attack in her motion to dismiss, contending the court lacks subject matter jurisdiction over plaintiff's claims against Spikes because of

qualified immunity. Spikes assertion of this factual attack required plaintiff to then demonstrate subject matter jurisdiction with evidence that could defeat defendant's claim of qualified immunity.

4. Without defendant Spikes affirmatively asserting qualified immunity, 12(b)(6) did not require plaintiff to plead heightened facts regarding qualified immunity. However, plaintiff's response to the 12(b)(1) factual attack provides more than enough evidence to allow this Court to deny defendant's motion to dismiss under both 12(b)(6) and 12(b)(1).

<u>Spikes Is Not Entitled to Qualified Immunity</u>

5. The heart of the argument is whether Spikes is entitled to qualified immunity. The majority of plaintiff's opposition (Doc. #30) provides arguments, authorities, and evidence demonstrating that Spikes' actions violated clearly established statutory or constitutional rights about which a reasonable person would have known, and that Spikes' actions were objectively unreasonable in light of clearly established law at the time of the incident. Spikes is not entitled to qualified immunity.

6. In her reply, defendant Spikes addresses the use of deadly force. Plaintiff provided enough authorities and evidence to show that the force Spikes used was considered deadly, and even if not considered deadly, her actions were still objectively unreasonable in light of clearly established law at the time. (Doc.30, ¶¶ 31-59)

7. In her reply, defendant argues she identified herself to plaintiff as a "School Resource Officer." (Doc.33, ¶ 6) Spikes does not produce any evidence or affidavit demonstrating this statement as anything more than an argument. Plaintiff attached a declaration to her response that outlines the facts surrounding the incident. (Doc. 33, Ex. 1) Defendant Spikes *argues* that she does not agree with those facts, but she did not

provided a sworn statement evidence actually contradicting plaintiff's statement.

## Conclusion

8. Based on the evidence, authorities, and arguments presented in her response (Doc. #33) and this sur-reply, plaintiff Jones asks that the Court enter an order denying defendant Spikes' motions to dismiss and for summary judgment. Strictly in the alternative, if the Court determines that plaintiff Jones did not properly plead, plaintiff asks the Court to grant leave to amend the complaint. Also, in the alternative, if the Court determines plaintiff did not provide enough evidence to overcome defendant Spikes' factual attack, summary judgment, and/or assertion of qualified immunity, plaintiff asks the Court that a ruling on the summary judgment and motion to dismiss be delayed until more discovery is completed in the case.

        Respectfully submitted,

        BUSH LEWIS, PLLC
        595 Orleans Street, Suite 500
        Beaumont, TX 77701
        409/835-3521
        409/835-4194 (Fax)

By: _____
        Kenneth W. Lewis
        Ken.L@bushlewis.com
        Texas Bar #12295300
        Stephen L. Townsend
        Stephen.T@bushlewis.com
        Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, this 6th day of October, 2014.

_____
Kenneth W. Lewis