IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTINE JONES | § | |
| | § | CIVIL ACTION NO. 1:14-CV-00103 |
| VS. | § | |
| | § | Judge Keith Giblin |
| TAMARA SPIKES and | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT POLICE | § | |
| DEPARTMENT | § | |

**PLAINTIFF'S SUR-REPLY TO BISD'S REPLY TO
PLAINTIFF'S OPPOSITION TO BISD'S MOTION TO DISMISS**

1.  Plaintiff Jones files this sur-reply in response to defendant Beaumont Independent School District's (BISD) Reply to Plaintiff's Response to Defendant BISD's Motion to Dismiss and refers the Court to Plaintiff's Opposition to BISD's Motion to Dismiss (Doc #31) and the exhibits attached to that document. The facts and arguments addressed in that response address defendant BISD's reply in its entirety. Plaintiff files this limited sur-reply only to address or clarify specific matters discussed in defendant's reply.

<u>Jones' Pleadings Satisfied 12(b)(6) Pleading Standards</u>

2.  Defendant BISD inexplicably bases its attack on plaintiff Jones' response upon a blanket argument that plaintiff misunderstands the pleading requirements because she analyzed the 12(b)(6) standard using a 2005 Eastern District of Texas case. (Doc.32, p.1). Defendant then goes on to argue that plaintiff must follow the standard set forth in *Twombly (Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 566 (2007)*)* and *Iqbal* ( *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). (Doc. 32, pp. 1-2). In her response, plaintiff Jones did not cite *Batiste v. City of Beaumont*, 421 F.Supp.2d 969, 978 (E.D. Tex. 2005) as the standard for analyzing the 12(b)(6) pleading requirements, but for the premise that courts

may consider facts stated in the documents attached to the complaint. (Doc.#31 ¶2).

3. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Plaintiff, in very clear language throughout her response, with citations to the authoritatively relevant portions of the cases, analyzed her pleadings under the *Iqbal* and *Twombly* standards. (Doc. #31, ¶¶2-5, 11-15). Plaintiff Jones has alleged constitutional violation claims, clearly outlined in her pleadings, and discussed at great length in her response. (Doc. #31). As discussed in plaintiff Jones' response, defendant had not produced policies or procedures adopted for its police department, and neither the district nor district police department websites listed or provided any policies. (Doc. #31, ¶¶16-18). Plaintiff clearly identified defendant's inadequacy of training as a legal basis for § 1983 liability because of defendant's deliberate indifference to the rights of persons with whom the police come into contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989).

4. Jones' pleading (Doc. #19, ¶ 19-20) properly sets forth a claim (constitutional violations) upon which relief could be granted; has properly alleged that BISD officials acted in accordance with an official government policy or firmly entrenched custom that deprived her of her constitutional right; and provides BISD fair notice of her claim and the grounds upon which it rests.

### Defendant's Authorities Contradict *Iqbal* and *Twombly*

5. The *Iqbal* and *Twombly* standards directly contradict the authorities defendant cited in its motion, as well as *Jones v. Nueces County, Tex.,* CIV.A. C-12-145, 2012 WL

3528049 (S.D. Tex. Aug. 15, 2012), which it cites again in its reply. Defendant BISD incorrectly attempts to use *Jones v. Nueces County* as a shield to protect it from discovery. As plaintiff outlined in her response, the plaintiff in *Jones v. Nueces* admittedly only *suspected* policies were violated, and the court still allowed him to amend his complaint multiple times before his case was dismissed. *Jones v. Nueces County, Tex.,* CIV.A. C-12-145, 2012 WL 3528049 (S.D. Tex. Aug. 15, 2012).

6.  If *Jones v. Nueces County* actually stood for the premise that plaintiff's claims must be dismissed because she cannot point to an exact policy or procedure, then BISD could hide behind not having policies, not following policies or procedures, or having policies and procedures but not following them and not providing them to the public. That is exactly what BISD is attempting to do in this case, which directly contradicts what *Iqbal* and *Twombly* actually allow. The *Iqbal* standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of liability. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 566 (2007). Pursuant to *Iqbal* and *Twombly,* plaintiff only needed to plead enough fact to raise expectation that discovery will reveal evidence.

## Conclusion

7.  Because plaintiff Jones has accurately pled facts to notify defendant of constitutional violation claims, and because all ambiguities in a 12(b)(6) motion to dismiss should be construed in favor of the plaintiff, defendant BISD's motion to dismiss should be denied. Plaintiff asks that the Court enter an order denying defendant Beaumont Independent School District's motion to dismiss. In the alternative, if the Court determines that plaintiff did not properly plead, plaintiff asks the Court to grant leave to amend the complaint after time to engage in sufficient discovery to provide more detailed pleadings, if such additional

pleadings are found to be necessary.

                              Respectfully submitted,

                              BUSH LEWIS, PLLC
                              595 Orleans Street, Suite 500
                              Beaumont, TX 77701
                              409/835-3521
                              409/835-4194 (Fax)

By: _____
      Kenneth W. Lewis
      Ken.L@bushlewis.com
      Texas Bar #12295300
      Stephen L. Townsend
      Stephen.T@bushlewis.com
      Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, this 6th day of October, 2014.

_____
Kenneth W. Lewis