IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTINE JONES<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | § | Civil Action No. 1:14-cv-00103 |
| | § | |
| TAMARA SPIKES and<br>BEAUMONT INDEPENDENT<br>SCHOOL DISTRICT POLICE<br>DEPARTMENT,<br>    Defendants. | §<br>§<br>§<br>§<br>§ | |

**DEFENDANT TAMARA SPIKES'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO LIMIT PLAINTIFF'S EXPERT TESTIMONY**

TO THE HONORABLE SAM SPARKS, UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant Tamara Spikes and files this Motion to Strike, or in the Alternative, Motion to Limit the testimony of Plaintiff's experts (Notice of Expert Disclosures, Docket Entry "DE" 37; **Exhibit A**, attached hereto).

## I. INTRODUCTION

1. Pursuant to this Court's Scheduling Order entered on August 5, 2014 (DE 18), Plaintiff filed her Designation of Expert Witnesses on October 21, 2014. Objections to any expert designation are due within six (6) weeks thereafter. (DE 18, p. 2). For the reasons stated below, Defendant respectfully request to exclude the expert testimony as follows:

## II. MOTION TO EXCLUDE EXPERT TESTIMONY

2. Plaintiff timely filed her Designation of Expert Witnesses on October 21, 2014; however, Plaintiff failed to comply with all the requirements stated in the Federal Rules of Civil Procedure 26(a)(2). *See* Plaintiff's Disclosure of Expert Testimony, attached hereto as **Exhibit A**. Plaintiff states that she does not have any retained experts; however, Plaintiff lists as non-retained experts the following persons: Kenneth Lewis, as counsel for Plaintiff, Police Chief Clydell Duncan,

Officer Daniel Moore, Officer Matthew Custer, Officer Jackson, Officer Steven Rivers, Officer Eric Payne, Dispatcher Jeanette Flannigan, and other unnamed employees of the Beaumont ISD Police Department.  Defendant Tamara Spikes objects to the designation of the policer officers and employees as testifying experts.  Plaintiff's Expert Disclosure does not comply with FED. R. CIV. P. 26(a)(2)(B).  The expert disclosure does not include any statement of opinions or disclosure of any materials reviewed by the designated experts.  Plaintiff indicates broadly for all "experts" that:

> These witnesses may offer testimony in their expert capacity as law enforcement officers or employees of a law enforcement agency regarding the incident in question and BISD policies and procedures for the BISD-PD.

3. As stated, Plaintiff does not provide any of the materials provided by FED. R. CIV. P. 26(a)(2)(B).  Plaintiff is required to establish the reliability of any expert opinions she hopes to offer.  Plaintiff has not stated any opinions, their scientific basis, or any facts surrounding the development of such undisclosed opinions.  As such, any expert testimony offered by Plaintiff at trial should be properly excluded.

4. Defendant Tamara Spikes files these objections in accordance with the Court's Scheduling Order (DE 18), which requires filing of all objections to the reliability of an expert's proposed testimony within six (6) weeks of the Plaintiff's disclosure.  For the reasons stated herein, Defendant Tamara Spikes has no report to attach to these objections.

### III. ANY TESTIMONY OF PLAINTIFF'S WITNESSES DOES NOT QUALIFY UNDER *DAUBERT* AND FEDERAL RULE OF EVIDENCE 702

5. Under *Daubert*, presentation of the qualifications of the witness, their conclusions, and assurance of reliability, is not enough to bypass the trial court's gatekeeping function.  *See Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995).  Plaintiff has offered

no information evidence that any police officer or police department employee has any specialized experience, training, knowledge, skill, or education that would allow him to testify as an "expert" on any issue relevant to this case. As such, these police officers or District employees are not "experts" and should not be permitted to testify under the guise of an expert witness. This is not to say they are lacking credentials; it simply means that Plaintiff has not offered information sufficient to qualify them as experts or even identified any opinions for scrutiny.

6. Even if the police officers and district employees identified could qualify as experts, their testimony should not be considered because their testimony will not meet the standards articulated by the Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 578, 592-93, 113 S. Ct. 2786, 2796-97 (1993); FED. R. EVID. 702. In *Daubert,* the Supreme Court held that when expert testimony is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case. *See Daubert,* 509 U.S. at 589, 113 S. Ct. at 2794-95. According to the Court in *Daubert,* some factors to be applied by the trial court to determine whether to allow evidence include, but are not limited to: (1) whether a theory or technique can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) the existence and maintenance of standards controlling the technique's operation, as well as general acceptance. *Daubert,* 509 U.S. at 593-94, 113 S. Ct. at 2796-97; *Watkins v. Telsmith, Inc.,* 121 F.3d 984, 989 (5th Cir. 1997). These factors are non-exclusive. Thus, trial courts may consider other facts which are helpful to determining the reliability of the evidence. The United States Supreme Court and Fifth Circuit Court of Appeals have applied *Daubert* to non-scientific experts. *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 119 S. Ct. 1167 (1999); *Moore v. Ashland Chem., Inc.,* 126 F.3d 679, 682 (5th Cir. 1997), *rev'd en banc on other grounds,* 151 F.3d 269 (5th Cir. 1998); *Watkins v.*

*Telsmith, Inc.,* 121 F.3d 984, 991 (5th Cir. 1997). Here, neither counsel nor the Court can even assess the reliability of these "designated experts" because Plaintiff has failed to provide any information against which to test the reliability of any expert evidence who intends to elicit from them. A court should exclude the testimony of an expert whose testimony is not reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 578, 592-93, 113 S. Ct. 2786, 2796-97 (1993). Here, Plaintiff offers nothing to establish the opinions to be solicited or any form of support for them.

7.  As such, Plaintiff has identified experts but failed to comply with the requirements established in the scheduling order. Plaintiff's designation provides no information about expert witnesses that explains what opinions may be offered or by what theory or technique such opinions may be tested. In fact, none of Plaintiff's identified non-retained experts have offered any opinion at all. Accordingly, neither the police officers nor any district employee have issued theories or techniques that have been subjected to peer review and publication. Plaintiff's non-retained experts cannot offer any known or potential rate of error for their opinions because they have failed to offer any testimony. Additionally, beyond the aforementioned factors, Plaintiff has failed to offer any evidence on whether the expected testimony of her non-retained experts is reliable. In fact, no expected testimony has been disclosed. Accordingly, Plaintiff has failed to carry her burden to establish by a preponderance of the evidence that either of her non-retained experts can give scientifically reliable testimony or that their observations even relate to harms caused by Defendant Tamara Spikes. For these reasons, Defendant requests this Court exclude any expert testimony offered by Plaintiff at trial. Defendant also reserves the right to supplement its objections should Plaintiff provide additional information related to her designation.

## III. CONCLUSION

For the reasons detailed above, Defendant Tamara Spikes requests that the Court exclude the testimony of any and all police officers and district employees designated as non-retained experts in Plaintiff's Expert Disclosure.  These are non-retained experts from whom expert testimony may be sought based upon Plaintiff's lack of disclosure and compliance with FED.R.CIV.P. 26 (a)(2)(B).  Plaintiff's non-retained experts can only be permitted to testify as fact witnesses, if at all.   Plaintiff should have provided sufficient information to discern their opinions and any basis or explanation of such opinions, so they can be tested.  Defendant Tamara Spikes requests Plaintiff be prohibited from presenting any expert information at trial.  Defendant also reserves the right to supplement its objections should Plaintiff provide additional information related to her designation.  Further, Defendant Tamara Spikes requests that the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

WALSH, ANDERSON, GALLEGOS,
GREEN & TREVIÑO, P.C.
10375 Richmond Avenue, Suite 750
Houston, Texas 77042
Telephone:  (713) 789-6864
Facsimile:   (713) 789-9318
Email:  jbyrom@wabsa.com
Email:  kkalchthaler@wabsa.com

By:  */s/ James E. Byrom*
    JAMES E. BYROM
    State Bar No. 03568100
    KELLEY L. KALCHTHALER
    State Bar No. 24074509

ATTORNEYS FOR DEFENDANT
TAMARA SPIKES

## CERTIFICATE OF CONFERENCE

I hereby certify that an attorney at our office, Ms. Kelley Kalchthaler, conferenced by phone with counsel for Beaumont ISD, Mr. Chris Gilbert on December 3, 2014. Mr. Gilbert indicated Beaumont ISD is unopposed to this motion. Ms. Kalchthaler also conferenced by phone with Plaintiff's counsel, Mr. Kenneth Lewis, on December 3, 2014 who indicated that Plaintiff is opposed to this motion.

*/s/ James E. Byrom*
James E. Byrom

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2014, a true and correct copy of the foregoing was served upon counsel of record as follows:

Kenneth W. Lewis                               *Via Electronic Case Filing*
Stephen L. Townsend
BUSH LEWIS, P.L.L.C.
595 Orleans Street, Suite 500
Beaumont, Texas  77701
Telephone: 409-835-3521
Facsimile: 409-835-4194
*Attorneys for Plaintiff*

Christopher Gilbert                            *Via Electronic Case Filing*
Frances R. Broussard
THOMPSON & HORTON, L.L.P.
3200 Southwest Freeway, Suite 2000
Houston, Texas  77027
Telephone: 713-554-6767
Facsimile: 713-583-8884
*Attorneys for Defendant Beaumont ISD*

*/s/ James E. Byrom*
James E. Byrom

6