IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTINE JONES | § | |
| | § | CIVIL ACTION NO. 1:14-CV-00103 |
| VS. | § | |
| | § | Judge Ron Clark |
| TAMARA SPIKES and | § | Magistrate Judge Keith Giblin |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT POLICE | § | |
| DEPARTMENT | § | |

## PLAINTIFF'S DISCLOSURE OF EXPERT TESTIMONY

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, Eastern District of Texas Local Rule CV-26(b) and the August 5, 2014 Scheduling Order in this case, Plaintiff hereby makes the following required Expert Disclosures in the above cause:

A.   Plaintiff has no retained experts.

B.   Non-retained experts.

Kenneth W. Lewis
Bush Lewis, PLLC
595 Orleans Street, Suite 500
Beaumont, Texas 77701
409/835-3521

*Ken Lewis is the manager and principal of the law firm Bush Lewis, PLLC. He will testify as to reasonable and necessary attorney's fees in a case such as the plaintiff pursues in Texas and the Southeast Texas legal community. He will probably testify that calculation of fair and reasonable fees takes into account the experience of the attorneys, the novelty of the questions presented, the time available, and the exclusion of other potential clients based upon the necessity of time devoted to the case. His opinions will be based on his knowledge, education, training, and experience over the last thirty years. He will consider the appropriate factors and will generally opine that a 40% contingent fee or $400/hour for a lawyer of his experience and $200/hour for the work of an associate attorney and $125/hour for his paralegals is reasonable. His CV is attached. No report is being transmitted because Mr. Lewis is a non-retained expert.*

EXHIBIT A

Police Chief Clydell Duncan
Office Daniel Moore
Officer Matthew Custer
Officer Jackson
Officer Steven Rivers
Officer Eric Payne
Dispatcher Jeanette Flanigan
Beaumont ISD Police Department
c/o Christopher Gilbert
Frances Broussard
Thompson & Horton, LLP
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
(713) 554-6744

*Employees or former employees of BISD-PD who were either present at the scene immediately following the incident between plaintiff and defendant or who have knowledge regarding the incident. These witnesses may offer testimony in their expert capacity as law enforcement officers or employees of a law enforcement agency regarding the incident in question and BISD policies and procedures for the BISD-PD.*

                                        Respectfully submitted,

                                        BUSH LEWIS, PLLC
                                        595 Orleans Street, Ste. 500
                                        Beaumont, Texas 77701
                                        409/835-3521
                                        409/835-4194 (Fax)

                                  By: _____
                                        Kenneth W. Lewis
                                        Texas Bar #12295300
                                        Stephen L. Townsend
                                        Texas Bar #24071539

                                        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served on counsel of record by U.S. Mail, certified mail, return receipt requested, this ___ day of October, 2014.

_____
Kenneth W. Lewis

# RESUME

## PERSONAL

KENNETH WAYNE "KEN" LEWIS
    595 Orleans Street, Suite 500, Beaumont, Texas 77701 (Office)
    Office:    (409) 835-3521

DOB: 9/28/48

## EDUCATION

J.D.:
    UNIVERSITY OF TEXAS Austin, Texas 1976

MASTER OF ARTS:
    CASE WESTERN RESERVE UNIVERSITY Cleveland, Ohio 1973

BACHELOR OF SCIENCE:
    LAMAR UNIVERSITY Beaumont, Texas 1971 (with Honors)

HIGH SCHOOL:
    LITTLE CYPRESS HIGH SCHOOL Orange, Texas 1967 (with Honors)

## PROFESSIONAL EMPLOYMENT

2005-Present    Bush Lewis, P.L.L.C.
Owner    595 Orleans Street, Suite 500, Beaumont, Texas 77701

1996-2004    Bush, Lewis & Roebuck, P.C.
Shareholder/    1240 Orleans Street, Beaumont, Texas 77701
Managing Shareholder (1996-2004)

1990-1996    Bush, Lewis, Ramsey & Roebuck, P.C.
Shareholder    1240 Orleans Street, Beaumont, Texas 77701
Managing Shareholder (1991-1996)

1989    Bush, Lewis & Ramsey, P.C.
Shareholder    595 Orleans Street, Beaumont, Texas 77701

1985-1988    Townsley, Bush, Lewis & Ramsey, P.C.
Shareholder    3550 Fannin Street, Beaumont, Texas 77701

1984-1985    Law Offices of Ken Lewis
Sole Proprietor    805 Park Street, Beaumont, Texas 77701

| | |
|---|---|
| 1981-1984<br>Partner | Cribbs & Lewis<br>2900 North Street, Beaumont, Texas 77702 |
| 1979-1980<br>Partner | Mehaffy, Lewis & Garcia<br>805 Park Street, Beaumont, Texas 77701 |
| 1977-1978<br>Associate | Law Offices of Jas. W. Mehaffy, Jr.<br>805 Park Street, Beaumont, Texas 77701 |

**LICENSED**
State Bar of Texas (June 10, 1977)

**PROFESSIONAL CERTIFICATIONS AND AWARDS**
Board Certified Personal Injury Trial Law (1982-Present)
    Texas State Bar Board of Legal Specialization

Certified Civil Trial Advocate (1983-Present)
    National Board of Trial Advocacy

Certified Civil Pretrial Practice Advocacy (2012-Present)
    National Board of Legal Specialty Certification

Texas State Bar College (1985-Present)

State Bar of Texas Pro Bono College (2010-Present)

2013 Texas Center for Professionalism Award (Jointly Presented by Texas Center for Legal Ethics and the Jefferson Bar Association)

2013 Jefferson County Bar Association Small Firm Pro Bono Award

**ADMITTED**
Eastern, Southern, Western & Northern Districts of Texas U.S. District Court
U.S. Circuit Court of Appeal: 5th and 11th Circuits
U.S. Court of Claims
U.S. Supreme Court

**MEMBERSHIPS**
American Association for Justice (1977-Present)
    (formerly the Association of Trial Lawyers of America)
        Sustaining Member
        Committee: Paralegal
        Section Memberships:
            Admiralty
            Civil Rights
            Commercial Litigation

    Federal Tort Liability & Military Advocacy
    Motor Vehicle Collision, Highway & Premises Liability
    Products Liability
    Professional Liability
    Insurance
  Litigation Group Memberships:
    <u>Active:</u>
    Attorneys Information Exchange Group (AIEG)
    Birth Trauma
    Child Sex Abuse
    Nursing Home Abuse
    Insurance Bad Faith
    Benzene
    Class Action
    Laparoscopy (Microscopic Surgery)
    Medical Negligence
    <u>Inactive:</u>
    BIC
    Diet Products
    Occupational Hearing Loss
    Prozac
    Norplant
Texas Trial Lawyers Association (1977-Present)
  Director (1994-2004; 2010-Present)
  Associate Director (1991-1994)
  Sustaining Member
Texas State Bar (1977-Present)
  Pattern Jury Charge Oversight Committee (2011-Present)
  Administration of Rules of Evidence Committee (1996-97)
  Continuing Legal Education Committee (1996-97)
Texas State Bar Foundation
  Fellow (1993-1994)
  Life Fellow (1994-Present)
Texas Young Lawyers Association (1977-1985)
  Ethics Committee (1983-1985)
Jefferson County Bar Association (1977-Present)
  Board of Directors (1979 and 2004-2006; 2014-Present)
  President Elect (2013-14)
  Secretary (2008-09)
  Client Attorney Assistance Committee (2004-2006, Chair; 2010-Present, Member)
  Lawyer-Physician Relations Committee (1984-1985)
  Alternate Dispute Resolution Committee (1984-1985)
  Volunteer Mediator (1977-2009)
  Pro Bono Volunteer (1991-Present)
Michelle F. Mehaffy Inns of Court (2005-Present)

       Director (2010-Present)
Jefferson County Young Lawyers Association (1977-1985)
    President (1979)
    Board of Directors (1978-1980)
    Monthly Meeting Committee Chairman (1978)
    Liberty Bell Award Committee Chairman (1984)
Southeast Texas Trial Lawyers Association (1986-Present)
    President (1994-1995)
    Board of Directors (Lifetime Member: 1986-Present)
Port Arthur Bar Association (1977-1987)
National Employment Lawyers Association (2008-Present)
National Crime Victims Bar Association (2008-Present)

## MISCELLANEOUS RECOGNITIONS

Texas Super Lawyer (Texas Monthly Magazine)
Martindale-Hubbell AV Rated (1992-Present)

## TEACHING AND DIRECTOR POSITIONS

Jefferson County Bar Association Foundation, Board of Directors (2013-Present)
East Texas Legal Services Corporation, Board of Directors (1981-1986)
Attorneys Marketing Report, Editorial Board (1983-1984)
Lamar University Paralegal Institute, Instructor (1978-1980)
NDEA Teaching Fellow, Case Western Reserve University (1971-73)

## PUBLICATIONS AND PRESENTATIONS:

TYLA Committee that rewrote State Bar book on "Legal Ethics and Professional Responsibility"

"Lawyer Advertising and Solicitation"

"Computers and the Plaintiff's Personal Injury Practice," December 1983, Presentation to Personal Injury Lawyers of America National Convention, Denver, Colorado

Chair, Jefferson County Bar Association 1991 CLE Seminar on Personal Injury Law and Persuasion

"Demonstrative Evidence: What's New in Trials Aids" (July 1993 Association of Trial Lawyers of America Summer Convention, San Francisco, California) [Presentation given with Legal Assistant Melanie Lindsey and DOAR, Inc. owner Sam Solomon]

"Barratry" (September 1993 Southeast Texas Ethics Seminar, Beaumont, Texas)

"Objectionable Objections" (July 1995 Texas Trial Lawyers Association
   Dynamic Advocacy Seminar, White Fish, Montana)

"Technical Requirements & Time Tables—State & Federal" (March 1996
   Southeast Texas Appellate Law Seminar)

"Paralegals as Exhibit Specialists" (February 1996 Association of Trial Lawyers
   of America 'Mastering the Art of Advocacy' Winter Convention, New
   Orleans, Louisiana)
   [Presentation given with Legal Assistant Melanie Lindsey]

"The Polygraph as a Litigator's Tool in the Search for Truth and Justice"
   (August 1997 Texas Trial Lawyers Association Dynamic Advocacy
   Seminar, White Fish, Montana)

Chair, Jefferson County Bar Association October 2006 CLE Seminar on Law
   Office Management

"Quality of Care, Responsibility and Tort Reform"
   (Jefferson County Bar Association 2003 Medical Malpractice Seminar)

"Mediation Preparation and Presentation"
   (Jefferson County Bar Association 2010 Mediation Seminar)

"Core Values"
   (Jefferson County Bar Journal, Fall 2010)

"Pro Bone: It Really Matters"
   (Jefferson County Bar Journal, Winter 2014)

"Veteran Initiative Alive and Working"
   (Jefferson County Bar Journal, Sprint 2014)

Co-Chair, Jefferson County Bar Association April 2012 Law Office Management
   Roundtable CLE

Moderator, Beaumont Inns of Court Spring 2013 CLE Panel Discussion on
   Ethics, Advocacy, and Collegiality

Numerous presentations on legal advertising and marketing and related legal
   and ethical questions.

## SELECT APPELLATE DECISIONS:

Chander P. Nangia v. Steve Taylor, No. 09-10-00416-CV (Tex. App.--Beaumont, May 5, 2011, no writ)—The requirements of Section 150.002(a) of the Texas Civil Practices and Remedy Code for filing a certificate of merit by a licensed professional engineer with a petition against an engineer can be met by filing an amended petition that includes an appropriate certificate of merit within 30 days of filing the original petition against the engineer if the amended petition alleges for the first time the required statutory exception matters under Section 150.002(c) (that limitations would have barred the claim within ten days of the filing of the initial pleading and that time constraints precluded presentment of the affidavit with the initial filing).

Allstate Insurance v. Dwanna Felts, et al, No. 09-92--239-CV (Tex. App.--Beaumont, Sept. 16, 1993, writ denied) (not designated for publication)--Tender of funds in interpleader is unconditional release of all claim to the money regardless of other post-tender events and one satisfaction of judgment rule by payment of subsequent judgment of underlying tort claim in another court does not alter the unconditional tender.

State of Texas Department of Highways and Public Transportation v. Jane Etta Zachary, 824 S.W.2d 813 (Tex. App.-Beaumont 1992, writ denied)--In wrongful death Texas Tort Claims Act case, it is not error to allow jury to determine both whether there was a premise defect and/or a special defect and after jury findings of no premise defect and a special defect for the Court to also find the special defect as a matter of law. Also holds that an obstruction is by statutory definition a special defect and needs no special definition and that a "repair" that causes water to stand on the highway can constitute a dangerous condition.

C.T.W. v. B.C.G. and D.T.G., by Next Friend, S.G., 809 S.W.2d 788 (Tex. App.--Beaumont 1991, no writ)--$4.8 Million verdict affirmed for two minor sex abuse victims. Appeal held: (1) Pedophilic defendant held to standard of care of ordinary prudent person for both negligence and gross negligence; (2) No precise evidence of economics or earning potential necessary when dealing with injuries to minors without earnings history so that medical testimony of probable difficulty maintaining jobs consistently because of emotional injuries will suffice when that is the only degree of certainty to which the loss is susceptible; (3) Under new tort reform law prejudgment interest is to be paid on both past and future damages; (4) It is not error to inquire on negligence issue as to the number of negligent occurrences proximately causing injuries so long as properly conditioned.

Deborah Kay Fitts v. City of Beaumont, Texas, 688 S.W.2d 182 (Tex. App.--Beaumont 1985, writ ref'd n.r.e.)--60 day notice provision in Beaumont City Charter void as unconstitutional violation of Article I, Section 13 of Texas Constitution ("open courts" provision) because there is no "good cause" exception for requiring the arbitrary selection of 60 days from injury to notify the city of the potential claim.

<u>Gus Keriotis v. Lombardo Rental Trust</u>, 697 S.W.2d 44 (Tex. App.--Beaumont 1980, writ ref'd n.r.e.)--First attempt to avoid the statute of frauds in D.T.P.A. case dealing with real estate. Unsuccessful effort but on date Supreme Court denied motion to reconsider application for writ of error, it granted writ in another case and adopted the Keriotis argument that the statute of frauds indeed could not be raised as a defense to the D.T.P.A. statutory cause of action just because real estate was involved.