IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CHRISTINE JONES § | |
| § | CIVIL ACTION NO. 1:14-CV-00103 |
| VS. § | |
| § | Judge Keith Giblin |
| TAMARA SPIKES and § | |
| BEAUMONT INDEPENDENT § | |
| SCHOOL DISTRICT POLICE § | |
| DEPARTMENT § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT, TAMARA SPIKES, MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO LIMIT PLAINTIFF'S EXPERT TESTIMONY**

**I. INTRODUCTION**

1. Plaintiff, Christine Jones, brought a claim under 42 U.S.C. §1983 against Tamara Spikes ("Spikes") and claims against Beaumont Independent School District Police Department ("BISD") in the 136th Judicial District Court, Jefferson County, Texas. [Doc.1-2, Page ID#35]

2. On February 18, 2014, Spikes filed her Notice of Removal to the United States District Court for the Eastern District of Texas. [Doc.1]

3. Plaintiff filed her Designation of Expert Witnesses on October 21, 2014. [Doc. 41-1, p.1-3]

4. On December 2, 2014, defendant, Tamara Spikes, filed her Motion to Strike, or in the Alternative, Motion to Limit Plaintiff's Expert Testimony. [Doc. 41]

**II. ARGUMENTS AND AUTHORITIES**

5. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), plaintiff timely disclosed to defendants the identity of any witnesses she may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. [Doc. 41-1, p.1-3] Plaintiff identified it had no

retained experts. [*Id.*] She did identify Kenneth W. Lewis as a non-retained expert with regard to the reasonableness and necessity of the attorney's fees. [*Id.*] Mr. Lewis' resume, outlining decades of experience in the related field, was attached to the expert disclosures. [Doc. 41-1, p.4-10]

6.  Plaintiff also identified BISD Police Chief Clydell Duncan; BISD Officers Moore, Custer, Jackson, Rivers, and Payne; and Dispatcher Flanigan. These BISD officers and employees witnessed or participated in the incident made issue in this case. [Doc. 41-1, p.2] Plaintiff properly disclosed that those witnesses may offer testimony in their expert capacity as law enforcement officers or employees of a law enforcement agency, and their testimony at trial would be based on facts or data in the case they had been made aware of or personally observed, satisfying Fed. R. Evid. 703. [*Id.*]

<u>Defendant Incorrectly Trying to Hold Plaintiff's Disclosure of Non-Retained Experts to the Standard of Disclosing Retained Experts</u>

7.  Defendant argues plaintiff's expert disclosure does not comply with Fed. R. Civ. P. 26(a)(2)(B). [Doc. 40, ¶2] Fed. R. Civ. P. 26(a)(2)(B) sets out the requirements for witnesses who must provide a *written report*. Pursuant to Fed. R. Civ. P. 26(a)(2)(B), non-retained experts *do not need to provide a written report*.

8.  Fed. R. Civ. P. 26(a)(2)(C) sets out requirements of disclosing expert witnesses who do not provide a written report. Since experts plaintiff designated were not required to provide a written report, plaintiff's disclosure must state the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and opinions to which the witness is expected to testify.

9.     Plaintiff provided notice to defendant that disclosed BISD officers and employees were either present at the scene immediately following the incident between plaintiff and defendant, or they had direct knowledge regarding the incident. [Doc. 41-1, p.2]

10.    Law enforcement officers and BISD employees identified as non-retained experts by plaintiff are identified as non-retained experts because they are directly employed by the other defendant in the case, BISD. Plaintiff has no control over these witnesses and cannot speak to these witnesses other than during their depositions. Since they are non-retained, plaintiff does not need to provide a report supporting their opinions. Because they are witnesses employed by defendant BISD, plaintiff's disclosure states with all available sufficiency information the subject matter on which the witness is expected to present evidence and summary of the facts and opinions to which each witness is expected to testify. Plaintiff's disclosure of non-retained experts meets the requirements of Fed. R. Civ. P. 26(a)(2)(C). Therefore, the Court should deny Spikes' Motion to Strike.

<u>Defendant's Challenge of the Admissibility of Expert Testimony by Defendant BISD Employees under the Federal Rules of Evidence and *Daubert* is Premature</u>

11.    A court should allow the testimony of an expert if it is reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). For the expert's testimony to be reliable, the following requirements must be met: (1) the testimony must be based on sufficient facts or data, (2) the testimony must be the product of reliable principles and methods, and (3) the expert must apply the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. The term "data" under Rule 702 encompasses facts or data in the case that the expert has been made aware of or personally observed. Fed. R. Evid. 703

12. In *Daubert,* the Court charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony. *Daubert* , 509 U.S. 579 (1993). The trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system. *United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996). Rule 702 expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony. *See, e.g., United States v. Jones*, 107 F.3d 1147 (6th Cir. 1997) (no abuse of discretion in admitting the testimony of a handwriting examiner who had years of practical experience and extensive training, and who explained his methodology in detail.)

13. Defendant Spikes' challenge of the admissibility of expert testimony by Defendant BISD employees under the Federal Rules of Evidence and *Daubert* is premature. Spikes challenges whether BISD Police Chief Clydell Duncan; BISD Officers Moore, Custer, Jackson, Rivers, and Payne; and Dispatcher Flanigan meet the qualifications of an expert under Rule 702 and *Daubert.* Spikes argues that they lack the specialized experience, training, knowledge, skill, or education that would allow them to testify as an expert. [Doc. 41, ¶ 5] Spikes goes on to accuse plaintiff of failing to explain in detail the theories and opinions of these BISD employees. [Doc. 41, ¶ 7]

14. As discussed above, the BISD law enforcement officers are employees of co-defendant, BISD. Plaintiff's disclosure lists BISD's counsel as the point of contact for these witnesses. [Doc.41-1, p.2] At the time of plaintiff's expert disclosures, these employees

had not been deposed[1], and plaintiff is unable to contact them without approval of BISD's counsel; they are adverse to plaintiff and controlled by BISD. Plaintiff's claims against BISD assert that the BISD police department repeatedly tolerated misconduct by its officers; and the officers were inadequately supervised, disciplined, and/or trained. [Doc.1-2, p.34, ¶ 21]. BISD denies those allegations. [Doc.1-2, p.44-46]. Plaintiff has not had the opportunity to question these witnesses to see if they have any specialized experience, training, knowledge, skill, or education that would allow them to testify as an expert. If they do not, then obviously they would not qualify as experts under Rule 702 or *Daubert.* Defendant's challenges on the admissibility of these witnesses' testimony is premature, as they have not yet testified and only Defendant BISD knows what they will testify too, as they are employees of BISD. Therefore, the Court should deny Spikes' motion to exclude expert testimony of BISD Police Chief Clydell Duncan; BISD Officers Moore, Custer, Jackson, Rivers, and Payne; and Dispatcher Flanigan.

<u>Fed. R. Evid. 701 Permits the Testimony of Designated Law Enforcement Officers and Employees</u>

15.   It is important to make the distinction between the exclusion of testimony and designation of testimony as expert testimony. There is no dispute that the police officers and BISD employees listed in plaintiff's expert disclosures are also witnesses with specific information regarding the incident made basis to this lawsuit. As discussed above, the Court should deny Spikes' motion regarding the exclusion of expert testimony by law enforcement officers and employees. Even if the Court finds that those witnesses do not qualify as experts, their testimony of opinions and observations of the events are

---

[1] Since disclosing experts, only Officer Matthew Custer has been deposed.

admissible under Fed. R. Evid. 701. It is possible for the same witness to provide both lay and expert testimony in a single case (as is anticipated in this case for at least some of these witnesses). *See, e.g, United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (law enforcement agents could testify that the defendant was acting suspiciously, without being qualified as experts; however, the rules on experts were applicable where the agents testified on the basis of extensive experience that the defendant was using code words to refer to drug quantities and prices). Non-retained testifying experts with knowledge of facts are discoverable as fact witnesses. *Ngo v. Standard Tools & Equip., Co.,* 197 F.R.D. 263, 266-67 (D.Md.2000). Since the designated witnesses are essentially "actors" and "viewers" rather than experts retained in anticipation of litigation, the defendants may obtain information from them through the ordinary discovery channels. *R.J. ex rel. Ron J. v. McKinney Indep. Sch. Dist.*, No. 4:05CV257, 2006 WL 5111119, at *1 (E.D. Tex. Mar. 20, 2006)(Citing *Quarantillo v. Consol. Rail Corp*., 106 F.R.D. 435, 437 (D.C.N.Y.1985); Fed. R. Civ. P. 26(b)(4) advisory committee's note.) Therefore, even if the Court finds plaintiff's disclosed non-retained experts do not qualify as experts, their testimony should not be excluded.

<u>Defendant's Motion is Limited to Law Enforcement Officers and Law Enforcement Employees Identified in Plaintiff's Disclosure</u>

16. Defendant's Motion to Strike, or in the Alternative, Motion to Limit Plaintiff's Expert Testimony, attacks the disclosure and admissibility of BISD Police Chief Clydell Duncan; BISD Officers Moore, Custer, Jackson, Rivers, and Payne; and Dispatcher Flanigan as expert witnesses. Even though defendant makes general statements indicating all experts identified by plaintiff should be excluded, defendant does not provide any legal or factual

argument that the disclosure of Kenneth W. Lewis as an expert with regards to the reasonableness and necessity of the attorney's fees should be stricken or limited.

17. As discussed above, Mr. Lewis was identified as a non-retained expert and, therefore, was not required to provide a report under Fed. R. Civ. P. 26(a)(2)(B). Plaintiff's disclosure properly identified the subject matter which he is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and opinions to which the he is expected to testify. [Doc.41-1, p.1], satisfying the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(C).

18. As discussed above, Mr. Lewis' resume, outlining decades of experience in the related field, was attached to the expert disclosures. [Doc. 41-1, p.4-10] When analyzing Mr. Lewis under Fed. R. Evid. 702 and *Daubert*, he is qualified on the basis of experience. His resume shows progressive expertise throughout his over thirty years in the field. Mr. Lewis' resume shows professional memberships, certifications, teaching positions, publications, and select appellate decisions.

19. Defendant's motion does not directly challenge plaintiff's designation of Mr. Lewis as a non-retained expert. Nor does defendant directly challenge Mr. Lewis' qualifications as an expert under Rule 702 or *Daubert.* In parts of her motion, defendant does argue generally that all experts identified by plaintiff should be stricken. Based on the arguments above, the Court should deny defendant's motion. If the Court does grant defendant's motion, the Court should grant it in part, and not with respect to the designation of Kenneth W. Lewis as an expert on attorney fees.

### III. CONCLUSION

20. Plaintiff properly identified non-retained experts pursuant to Fed. R. Civ. P.

26(a)(2)(B). Fed. R. Civ. P. 26(a)(2)(B) does not require non-retained experts to provide a report. Plaintiff's disclosure properly met the requirements of Fed. R. Civ. P. 26(a)(2)(C): It stated the subject matter on which the witnesses are expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and it provided a summary of the facts and opinions to which the witnesses are expected to testify. Plaintiff properly disclosed its non-retained experts. Defendant's challenge of the admissibility of expert testimony by Defendant BISD employees under the Federal Rules of Evidence and *Daubert* is premature. Therefore, the Court should deny defendant's Motion to Strike, or in the Alternative, Motion to Limit Plaintiff's Expert Testimony.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: _____
Kenneth W. Lewis
Ken.L@bushlewis.com
Texas Bar #12295300
Stephen L. Townsend
Stephen.T@bushlewis.com
Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, this 17th day of December, 2014.

_/s/ Ken Lewis_

_____
Kenneth W. Lewis