IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTINE JONES<br>　　Plaintiff, | §<br>§<br>§ | |
| vs. | § | Civil Action No. 1:14-cv-00103 |
| | § | |
| TAMARA SPIKES and<br>BEAUMONT INDEPENDENT<br>SCHOOL DISTRICT POLICE<br>DEPARTMENT,<br>　　Defendants. | §<br>§<br>§<br>§<br>§ | |

### DEFENDANT TAMARA SPIKES' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT TAMARA SPIKES' MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO LIMIT PLAINTIFF'S EXPERT TESTIMONY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant Tamara Spikes and files this Reply to Plaintiff's Opposition to Defendant Tamara Spikes' Motion to Strike, or in the Alternative, Motion to Limit the Testimony of Plaintiff's Experts (Docket Entry "DE" 42).

### I. INTRODUCTION

1. Pursuant to this Court's Scheduling Order entered on August 5, 2014 (DE 18), Plaintiff filed her Designation of Expert Witnesses on October 21, 2014. Objections to any expert designation were due within six (6) weeks thereafter. (DE 18, p. 2). Defendant Tamara Spikes filed her Motion to Strike, or in the Alternative, Motion to Limit the Testimony of Plaintiff's Experts on December 3, 2014 (DE 41). Plaintiff filed an Opposition (Response) on December 17, 2014 (DE 42). Defendant Spikes hereby files this Reply in support of her pending motion. Defendant incorporates each and every argument stated in her Motion (DE 41) by reference. Defendant respectfully requests to exclude or limit the expert testimony.

1

## II. REPLY

2.      Plaintiff timely filed her Designation of Expert Witnesses on October 21, 2014; however, Plaintiff failed to comply with all the requirements stated in the Federal Rules of Civil Procedure 26(a)(2). Plaintiff's Response in Opposition attempts to avoid the obligation to provide the specific "subject matter" on which any non-retained expert witness is "expected to present evidence," along with a "summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C). While Plaintiff recites the standard, she fails to say how her current designation actually complies with the Rule's requirement to provide a summary of facts and opinions. Plaintiff has provided almost no sense of the anticipated testimony. By focusing on the lack of a report requirement, Plaintiff attempts to sidestep the remaining obligations related to the necessary specificity of a designation of expert witnesses who are expected to provide testimony, though not retained or specially employed to do so.

3.      Plaintiff has provided no summary of facts or opinions that are anticipated. She merely indicates broadly that all the witnesses, other than Plaintiff's counsel, will testify "in their expert capacity as law enforcement officers or employees of a law enforcement agency regarding the incident in question and BISD policies and procedures for the BISD-PD." Her Response in Opposition ostensibly concedes that she cannot meet the requirements of Federal Rule 26(a)(2)(C) because the identified witnesses are employees of BISD with whom she cannot speak outside of deposition. (DE 42, p. 3). Most of the witnesses have not yet been deposed. And for those she has deposed, Plaintiff has not identified any opinions of expert value that she expects to elicit from them. Defendant should not be compelled to wait until time of trial to see what kind of expert opinions Plaintiff may attempt to solicit.

4. Additionally, Plaintiff has failed to explain any methodology she anticipates her attorneys will use to calculate reasonable and necessary fees in this matter. While qualifications were presented, nothing regarding hourly rate, fees to date, anticipated fees, or any factors impacting fee opinions was provided. Some basis from which a calculation might be achieved is the minimum required.

5. Defendant Spikes' challenge to the reliability of contemplated expert testimony is not premature, particularly given the lack of any guidance on the opinions anticipated or the methodology behind them. Moreover, the scheduling order required timely objections or waiver would result. Plaintiff is required to establish the reliability of any expert opinions she hopes to offer. Plaintiff has not stated any opinions, their scientific basis, or any facts surrounding the development of such undisclosed opinions. As such, any expert testimony offered by Plaintiff at trial should be excluded. Here, neither counsel nor the Court can assess the reliability of Plaintiff's "designated experts" because Plaintiff has failed to provide any information against which to test the reliability of any expert evidence she intends to elicit from them. A court should exclude such proffered testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 578, 592-93, 113 S. Ct. 2786, 2796-97 (1993). Here, Plaintiff offers nothing to establish the opinions to be solicited or any form of support for them. Accordingly, Plaintiff has failed to carry her burden to establish that her "non-retained" experts can give scientifically reliable testimony or that their observations even relate to harms caused by Defendant Tamara Spikes. For these reasons, Defendant requests this Court exclude any expert testimony offered by Plaintiff at trial.

### III. CONCLUSION

For the reasons detailed above, and in her pending motion (DE 41), Defendant Tamara Spikes requests that the Court exclude the testimony of any and all police officers and district

employees designated as non-retained experts in Plaintiff's Expert Disclosure, as well as limit or exclude testimony from her attorneys on fees. Plaintiff should have provided sufficient information to discern her experts' opinions and any basis or explanation of such opinions. Defendant Tamara Spikes requests Plaintiff be prohibited from presenting any expert information at trial.

                                        Respectfully submitted,

                                        WALSH, ANDERSON, GALLEGOS,
                                        GREEN & TREVIÑO, P.C.
                                        10375 Richmond Avenue, Suite 750
                                        Houston, Texas 77042
                                        Telephone:  (713) 789-6864
                                        Facsimile:   (713) 789-9318
                                        Email:  jbyrom@wabsa.com
                                        Email:  kkalchthaler@wabsa.com

                                        By:  */s/ James E. Byrom*
                                                JAMES E. BYROM
                                                State Bar No. 03568100
                                                KELLEY L. KALCHTHALER
                                                State Bar No. 24074509

                                        ATTORNEYS FOR DEFENDANT
                                        TAMARA SPIKES

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2014, a true and correct copy of the foregoing was served upon counsel of record as follows:

| | |
|---|---|
| Kenneth W. Lewis<br>Stephen L. Townsend<br>BUSH LEWIS, P.L.L.C.<br>595 Orleans Street, Suite 500<br>Beaumont, Texas 77701<br>Telephone: 409-835-3521<br>Facsimile: 409-835-4194<br>*Attorneys for Plaintiff* | ***Via Electronic Case Filing*** |
| Christopher Gilbert<br>Frances R. Broussard<br>THOMPSON & HORTON, L.L.P.<br>3200 Southwest Freeway, Suite 2000<br>Houston, Texas 77027<br>Telephone: 713-554-6767<br>Facsimile: 713-583-8884<br>*Attorneys for Defendant Beaumont ISD* | ***Via Electronic Case Filing*** |

                                                    */s/ James E. Byrom*
                                                    James E. Byrom