IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CHRISTINE JONES § | |
| § | CIVIL ACTION NO. 1:14-CV-00103 |
| VS. § | |
| § | Judge Keith Giblin |
| TAMARA SPIKES and § | |
| BEAUMONT INDEPENDENT § | |
| SCHOOL DISTRICT POLICE § | |
| DEPARTMENT § | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT TAMARA SPIKES REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT TAMARA SPIKES MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO LIMIT <u>PLAINTIFF'S EXPERT TESTIMONY</u>**

1. Plaintiff Jones files this sur-reply in response to defendant Tamara Spikes' Reply to Plaintiff's Opposition to Defendant Spikes' Motion to Strike, or in the Alternative, Motion to Limit Plaintiff's Expert Testimony.

2. A. Non-Retained Experts: BISD Police Chief Clydell Duncan; BISD Officers Moore, Custer, Jackson, Rivers, and Payne; and Dispatcher Flanagan.

   **Non-retained experts do not need to provide a written report. When disclosing non-retained experts, plaintiff need only state the subject matter on which the non-retained expert is expected to present evidence and a summary of the facts and opinions to which the non-retained expert is expected to testify.**

3. Pursuant to Fed. R. Civ. P. 26(a)(2)(B), non-retained experts *do not need to provide a written report*. Federal Rule of Civil Procedure 26(a)(2)(C) requires only that the disclosure of the non-retained experts state the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and opinions to which the witness is expected to testify.

4. In her disclosures, plaintiff notified defendant she had no retained experts, only non-retained experts. [Doc. 41-1, p.1-3] As discussed in her reply, plaintiff provided defendant

with the identity of each non-retained witness, the subject matter on which each was expected to present evidence, and a summary of the facts and opinions to which the non-retained expert is expected to testify. [*Id.*] Based on the arguments and authorities provided by plaintiff in her response and this sur-reply, the Court should deny defendant's motion to dismiss plaintiff's disclosure of non-retained experts BISD Police Chief Clydell Duncan; BISD Officers Moore, Custer, Jackson, Rivers, and Payne; and Dispatcher Flanagan.

> **Challenging the admissibility of the non-retained expert testimony of BISD Police Chief Clydell Duncan; BISD Officers Moore, Jackson, Rivers, and Payne is premature at this stage of litigation; they have not testified and are controlled by defendant BISD.**

5.     A court should allow the testimony of an expert if it is reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993).  In *Daubert,* the Court charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony.   *Daubert*, 509 U.S. 579 (1993). The trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.  *United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996).

6.     The BISD law enforcement officers are employees of defendant BISD.  With the exception of Officer Custer and Dispatcher Flanagan, the officers have not yet been deposed.  At the time of disclosing these non-retained experts, plaintiff had not been given the opportunity to discuss their qualifications, knowledge, skill, or education. Based on the arguments and authorities provided by plaintiff in her response and this sur-reply, the Court should deny defendant's motion to exclude the testimony of non-retained experts BISD Police Chief Clydell Duncan; BISD Officers Moore, Custer, Jackson, Rivers, and Payne;

and Dispatcher Flanagan.

7. B. Non-Retained Expert: Kenneth W. Lewis:

**Plaintiff's disclosure of non-retained expert Kenneth W. Lewis properly identified the subject matter which he is expected to present evidence and a summary of the facts and opinions to which he is expected to testify. Mr. Lewis possesses the knowledge, skill, experience, training, and education to qualify him to provide expert testimony on the reasonableness of attorney fees.**

8. The Eastern District of Texas has recognized that the designation of attorney's fee experts are treated differently from other experts because an attorney representing a party against whom attorney's fees are sought should not be surprised by opposing counsel attempting to prove his attorney's fees through his own expert testimony. *Ollie v. Plano Indep. Sch. Dist.*, No. 4:06-CV-69, 2007 WL 2315459, at *1 (E.D. Tex. Aug. 10, 2007)(Citing *Wright v. Bythe-Nelson*, 2001 WL 804529, *6 (July 10, 2001 N.D.Tex.)) Additionally, because the attorneys themselves are experts on the subject-matter, it is rare for an attorney to challenge another attorney's designation as an expert. *Id.*

9. Just as plaintiff's disclosure of defendant BISD officers as non-retained experts properly met the disclosure requirements, her disclosure of Kenneth W. Lewis as a non-retained expert with regard to attorney fees meets the disclosure requirements. Mr. Lewis was identified as a non-retained expert and, therefore, was not required to provide a report under Fed. R. Civ. P. 26(a)(2)(B). Plaintiff's disclosure properly identified the subject matter which he is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and opinions to which he is expected to testify. [Doc.41-1, p.1], satisfying the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(C).

10. In her reply, Spikes claims "nothing regarding hourly rate, fees to date, anticipated fees, or any factors impacting fee opinions was provided" by plaintiff. [Doc. #43, § 4] That statement lies in sharp contrast to the evidence attached to her own motion to strike. [Doc. 41] Spikes attached Plaintiff's Disclosure of Expert Testimony as evidence to her motion to strike. [Doc. #41-1] Plaintiff clearly provided a basis for Mr. Lewis' calculations. The first non-retained expert listed is Kenneth W. Lewis. In the disclosure, below his contact information, is a list of his qualifications, the basis of his testimony, and the *hourly rate and basis of his calculations*:

> "He will probably testify that calculation of fair and reasonable fees takes into account the experience of the attorneys, the novelty of the questions presented, the time available, and the exclusion of other potential clients based upon the necessity of time devoted to the case. His opinions will be based on his knowledge, education, training, and experience over the last thirty years. He will consider the appropriate factors and will generally opine that a 40% contingent fee or $400/hour for a lawyer of his experience and $200/hour for the work of an associate attorney and $125/hour for his paralegals is reasonable. His CV is attached. No report is being transmitted because Mr. Lewis is a non-retained expert."
> [Doc. #41-1]

11. On December 31, 2014, plaintiff supplemented her expert disclosure, adjusting the hourly attorney and paralegal rates previously disclosed. [Ex.1] Although a report is not required from a disclosed non-retained expert such as Mr. Lewis, he has provided an initial report which is being attached to this sur-reply as Exhibit 2. The report elaborates on the methods and fees used to calculate reasonable attorney fees in this case. [Ex. 2]

12. Mr. Lewis' expert testimony with regard to attorney fees will not be required until *after* a judgment has been entered. Fed. Rule of Civ. Proc. 54(d). (Attorney fees are claimed by motion filed within 14 days after entry of judgment). Defendants have been on notice since the inception of the lawsuit that plaintiff sought attorney fees. *Mungia v.*

*Judson Indep. Sch. Dist.*, No. CIV.A SA09CV395XR, 2010 WL 707377, at *1 (W.D. Tex. Feb. 24, 2010).

13.     The Eastern District of Texas has recognized that an attorney admitted to the Texas Bar for 24 years and certified by the Texas Board of Legal Specialization in Personal Injury and Civil Trial Law possessed the knowledge, skill, experience, training, and education to qualify him to provide expert testimony on the reasonableness of attorney fees in satisfaction of Fed. R. Evid.702, *Daubert,* and *Kumho Tire Co. Duininck Bros. v. Howe Precast, Inc.*, No. 4:06-CV-441, 2008 WL 4394668, at *3 (E.D. Tex. Sept. 22, 2008).

14.     Mr. Lewis has been admitted to the Texas bar for over 37 years. [Doc. #41-1, p.5] He is certified by the Texas Board of Legal Specialization in Personal Injury Trial Law. *Id.* His resume provides the many esteemed legal associations he has been a member and/or director of, teaching assignments, awards, and publications. *Id.* Kenneth W. Lewis, based on the relevant case law and Federal Rules of Evidence, clearly possesses the knowledge, skill, experience, training, and education to qualify him to provide expert testimony on the reasonableness of attorney fees.

15.     Plaintiff's disclosure of non-retained expert Kenneth W. Lewis properly identified the subject matter which he is expected to present evidence and a summary of the facts and opinions to which he is expected to testify. Mr. Lewis possesses the knowledge, skill, experience, training, and education to qualify him to provide expert testimony on the reasonableness of attorney fees. Therefore, the Court should deny defendant's motion to dismiss the disclosure of Mr. Lewis as a non-retained expert and should deny defendant's motion to strike the expert testimony of Mr. Lewis.

```
```

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: _____
Kenneth W. Lewis
Ken.L@bushlewis.com
Texas Bar #12295300
Stephen L. Townsend
Stephen.T@bushlewis.com
Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, this 6th day of January, 2015.

_____
Kenneth W. Lewis