# EXHIBIT 2



**Kenneth W. (Ken) Lewis**
Board Certified
*Personal Injury Trial Law*
Texas Board of Legal Specialization

*Civil Trial Advocate*
National Board of Trial Advocacy

**Paralegals**
Melanie Lindsey, ACP
Stacey Cole, ACP

Kenneth W. Lewis

Christopher S. Smith
Andrew B. Culpepper
Stephen L. Townsend

Of Counsel
W. Don Bush
John Cash Smith
Dale K. Hanks

December 31, 2014

Re:   CA No. 1:14-CV-00103; Christine Jones v. Tamara Spikes and Beaumont Independent School District; In the United States District Court; Eastern District of Texas, Beaumont Division

TO WHOM IT MAY CONCERN:

I have practiced law in the State of Texas for over 37 years. For the majority of that time, I have been the managing partner, shareholder, or sole proprietor of the firms in which I practiced. All of my prior firms are predecessors of my current Bush Lewis, PLLC, of which I am the proprietor and manager. I have been continuously board certified by the Texas Board of Legal Specialization in Personal Injury Trial Law since 1982 and in Civil Trial Advocacy by the National Board of Trial Advocacy since 1982. I have been board certified by the National Board of Trial Advocacy in Civil Pretrial Advocacy since 2012. I have been admitted and very active in the United States District Court for the Eastern District of Texas since 1977, am admitted to all federal districts in Texas, the Fifth Circuit Court of Appeals, the U.S. Court of Claims, and the United States Supreme Court. I have been admitted to many other state and federal courts in various cases in other jurisdictions and have never been denied either admission or pro hac vice status. I have never had any admissions, pro hac vice recognition, or any certifications suspended or revoked. I have been AV rated by Martindale-Hubbell, a well established peer review organization which rates attorneys on professional legal ability and ethics, since 1992. I was a 2013 recipient of the Texas Center for Legal Ethics and Jefferson County Bar Association Texas Center for Professionalism Award and am the current President-Elect of the Jefferson County Bar Association. My current curriculum vitae is attached (Exhibit 1).

I am familiar with the filings in this case. I have handled many dozens (and perhaps hundreds) of cases in the Eastern District of Texas since 1977. I am a member of the American Association for Justice Civil Rights Section and have been for many years. I have testified about attorney fees in my cases and the cases of other lawyers numerous times in the past. In all cases in which I was an attorney of record, disclosures such as I provided in this case were deemed sufficient. As outlined in plaintiff's sur-reply in this case, I am convinced our designation of me as a non-retained expert fully complies with the law and defendant's late objections to the designation are legally baseless and essentially frivolous. However, to moot the objections of opposing counsel first raised in Tamara Spikes' reply to plaintiff's response to her objections, I have prepared this report to supplement my earlier disclosures on attorney fees. Plaintiff intends to keep the focus on the merits of this case.

December 31, 2014
Page 2

    I have a thorough understanding both of how civil cases, including civil rights cases, need to be prepared for trial and the common issues in those cases, including attorney fees. I am very familiar with the assessment of statutory attorney fees not only in civil rights cases, but also in contract, insurance, consumer, and employment cases.

    Civil rights cases provide for statutory attorney fees whenever a claimant prevails on a civil rights violation claim. In essence, this involves a statutory shifting of the attorney fees to the entity responsible for violating civil rights by post-trial motion. The requirement is that such fees be reasonable and necessary. To some degree, the determination of reasonableness and necessity require consideration of both state and federal case law because the fees must be reasonable in the state where the case is pending and under federal standards. I have a duty to keep my fee requests and opinions on fees consistent with current law and try to do so. In the context of this case, I think the factors set out by the Supreme Court of Texas in *Arthur Anderson & Co. V. Perry Equip. Corp.*, 945 S.W.2d 812 (Tex. 1997) and the factors set out by the United States Supreme Court in *Perdue v. Kenny*, 559 U.S. 542, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010) provide the best focus on applicable and determinative factors for reasonableness of statutory attorney fee claims.

    The *Arthur Anderson* factors include:

    a.    The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

    b.    The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

    c.    The fee customarily charged in the locality for similar legal services;

    d.    The amount involved and the results obtained;

    e.    The time limitations imposed by the client or by the circumstances;

    f.    The nature and length of the professional relationship with the client;

    g.    The experience, reputation, and ability of the lawyer or lawyers performing the services; and

    h.    Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

    The *Perdue* factors include:

    a.    A reasonable fee is one that is sufficient to induce a capable lawyer to

December 31, 2014
Page 3

        undertake representation of a meritorious case which is subject to the fee-shifting statute, but that does not provide a form of economic relief to improve the financial lot of attorneys;

b.     A strong presumption exists that the lodestar method yields a sufficient fee;

c.     Enhancement of a lodestar amount for performance may be awarded in rare and exceptional circumstances;

d.     Lodestar includes most, if not all, of the relevant factors constituting a reasonable attorney's fee;

e.     An enhancement may not be based on a factor that is subsumed in the lodestar calculation, such as the case's novelty and complexity, or the quality of an attorney's performance;

f.     The burden of proving that an enhancement is necessary must be borne by the applicant; and

g.     An applicant seeking an enhancement must produce specific evidence supporting the award to assure that the calculation is objective and capable of being reviewed on appeal.

    This case presents a complex civil rights case involving multiple levels of proof of potential violations against both a governmental unit and its individual employee, with issues of both individual and entity immunity and qualified immunity, disputed facts, causation, and vicarious liability. It also involves competing public policies, a school district in great disarray, and competing law suits. Civil rights cases involve continuously evolving case law and inconsistent judicial rulings and statutory interpretations. Perhaps no other area of the law has resulted in so many reversals of federal circuit opinions by the Supreme Court than civil rights. The law is so difficult and complicated that very few plaintiff lawyers will undertake the prosecution of plaintiff civil rights cases.

    Our firm had originally sought $400 per hour for my work in this case. After consulting with other lawyers, I think that $600-$700/hour would be more appropriate for my work in the case. The rates sought for our firm's associate working on the case is $275/hour and for our certified civil paralegals, $135/hour. We do not bill for any clerical or other support staff.

    There is no reliable database of attorney and paralegal hourly rates anywhere in Texas. Informal surveys on attorney's hourly rates exist, such as the State Bar of Texas (2009 and 2011), the National Law Journal (annual), the Texas Lawyer (annual), the United States Consumer Law Attorney Fee Survey, and the Laffey Matrix (annual updates). None of these surveys are represented as a reliable, peer-reviewed indicator of specific or

December 31, 2014
Page 4

certain average rates of attorneys practicing in any particular locality in Texas in the area of plaintiff's civil rights works such as the work our firm is doing in this case. However, these studies provide some help in assessing rates.

Throughout the course of my career, I have interacted with lawyers who acknowledge that the rates sought by our firm in this case are reasonable. It is my opinion that $600-$700/hour for my legal work in this case is reasonable. I estimate that if the case is tried to a conclusion, our time will additionally increase by three to five times the number of hours we have now, with more of that increase in my time than other members of our trial team. All of that preparation will be reasonable and necessary in order to try the case properly.

It is my opinion that theses hourly fees are reasonable and necessary and meet the applicable factors set forth in the *Arthur Anderson* and *Perdue* cases. The total amount claimed so far is based on work necessary to prosecute a claim of this nature, premised upon reasonable hourly rates of highly competent attorneys, compared to rates claimed and awarded in other similar cases.

All the causes of action in this case are subject to fee-shifting and the burden of proof against the two defendants are identical in that there is no evidence that will not be critical to both defendants. It is my opinion that while Texas law requires segregation of fees between causes of action, that is not clearly required in federal civil rights cases. However, should the court determine otherwise and a verdict be rendered against only one defendant, it is my opinion based upon my experience that no more than 10% of the reasonable and necessary fees should be subtracted from the total reasonable and necessary fees claimed in this case as related only to the unsuccessful claim against the other defendant.

An appeal of this case would probably require an additional $100,000 in reasonable and necessary attorney fees. Such fees would be broken down as follows:

- Representation through appeal to the Fifth Circuit Court of Appeals including oral argument, $60,000.

- Representation for application of certiorari or reply to application, $15,000.

- Representation through oral argument and completion of proceeding through U.S. Supreme Court, $25,000.

Respectfully submitted,

*[signature]*
Kenneth W. Lewis

# RESUME

## **PERSONAL**

KENNETH WAYNE "KEN" LEWIS
    595 Orleans Street, Suite 500, Beaumont, Texas 77701 (Office)
    Office:    (409) 835-3521

DOB: 9/28/48

## **EDUCATION:**

J.D.:
    UNIVERSITY OF TEXAS Austin, Texas 1976

MASTER OF ARTS:
    CASE WESTERN RESERVE UNIVERSITY Cleveland, Ohio 1973

BACHELOR OF SCIENCE:
    LAMAR UNIVERSITY Beaumont, Texas 1971 (with Honors)

HIGH SCHOOL:
    LITTLE CYPRESS HIGH SCHOOL Orange, Texas 1967 (with Honors)

## **PROFESSIONAL EMPLOYMENT:**

2005-Present    Bush Lewis, P.L.L.C.
Owner    595 Orleans Street, Suite 500, Beaumont, Texas 77701

1996-2004    Bush, Lewis & Roebuck, P.C.
Shareholder/    1240 Orleans Street, Beaumont, Texas 77701
Managing Shareholder (1996-2004)

1990-1996    Bush, Lewis, Ramsey & Roebuck, P.C.
Shareholder    1240 Orleans Street, Beaumont, Texas 77701
Managing Shareholder (1991-1996)

1989    Bush, Lewis & Ramsey, P.C.
Shareholder    595 Orleans Street, Beaumont, Texas 77701

1985-1988    Townsley, Bush, Lewis & Ramsey, P.C.
Shareholder    3550 Fannin Street, Beaumont, Texas 77701

1984-1985    Law Offices of Ken Lewis
Sole Proprietor    805 Park Street, Beaumont, Texas 77701

| | |
|---|---|
| 1981-1984<br>Partner | Cribbs & Lewis<br>2900 North Street, Beaumont, Texas 77702 |
| 1979-1980<br>Partner | Mehaffy, Lewis & Garcia<br>805 Park Street, Beaumont, Texas 77701 |
| 1977-1978<br>Associate | Law Offices of Jas. W. Mehaffy, Jr.<br>805 Park Street, Beaumont, Texas 77701 |

LICENSED:
    State Bar of Texas (June 10, 1977)

CERTIFIED:
    Board Certified Personal Injury Trial Law (1982-Present)
        Texas State Bar Board of Legal Specialization

    Certified Civil Trial Advocate (1983-Present)
        National Board of Trial Advocacy

    Certified Civil Pretrial Practice Advocacy (2012-Present)
        National Board of Legal Specialty Certification

    Texas State Bar College (1985-Present)

ADMITTED:
    Eastern, Southern, Western & Northern Districts of Texas U.S. District Court
    U.S. Circuit Court of Appeal: 5th and 11th Circuits
    U.S. Court of Claims
    U.S. Supreme Court

MEMBER:
    American Association for Justice (1977-Present)
        (formerly the Association of Trial Lawyers of America)
        Sustaining Member
        Committee: Paralegal
        Section Memberships:
            Admiralty
            Civil Rights
            Commercial Litigation
            Federal Tort Liability & Military Advocacy
            Motor Vehicle Collision, Highway & Premises Liability
            Products Liability
            Professional Liability
            Insurance
        Litigation Group Memberships:
            <u>Active:</u>
            Attorneys Information Exchange Group (AIEG)

    Birth Trauma
    Child Sex Abuse
    Insurance Bad Faith
    Benzene
    Class Action
    Laparoscopy (Microscopic Surgery)
    Medical Negligence
    <u>Inactive:</u>
    BIC
    Diet Products
    Occupational Hearing Loss
    Prozac
    Norplant
Texas Trial Lawyers Association (1977-Present)
  Director (1994-2004)
  Associate Director (1991-1994)
  Sustaining Member
Texas State Bar (1977-Present)
  Pattern Jury Charge Oversight Committee (2011-Present)
  Administration of Rules of Evidence Committee (1996-97)
  Continuing Legal Education Committee (1996-97)
Texas State Bar Foundation
  Fellow (1993-1994)
  Life Fellow (1994-Present)
Texas Young Lawyers Association (1977-1985)
  Ethics Committee (1983-1985)
Jefferson County Bar Association (1977-Present)
  Board of Directors (1979 and 2004-2006)
  Chair of Client Attorney Committee (2004-2006)
  Secretary (2008-2009)
  Lawyer-Physician Relations Committee (1984-1985)
  Alternate Dispute Resolution Committee (1984-1985)
  Volunteer Mediator (1977-2009)
  Pro Bono Volunteer (1991-Present)
Michelle F. Mehaffy Inns of Court (2005-Present)
  Director (2010-Present)
Jefferson County Young Lawyers Association (1977-1985)
  President (1979)
  Board of Directors (1978-1980)
  Monthly Meeting Committee Chairman (1978)
  Liberty Bell Award Committee Chairman (1984)
Southeast Texas Trial Lawyers Association (1986-Present)
  President (1994-1995)
  Board of Directors (Lifetime Member: 1986-Present)
Port Arthur Bar Association (1977-1987)
National Employment Lawyers Association (2008-Present)

National Crime Victims Bar Association (2008-Present)

**TEACHING AND DIRECTOR POSITIONS**

East Texas Legal Services Corporation, Board of Directors (1981-1986)
Attorneys Marketing Report, Editorial Board (1983-1984)
Lamar University Paralegal Institute, Instructor (1978-1980)
NDEA Teaching Fellow, Case Western Reserve University (1971-73)

**PUBLICATIONS AND PRESENTATIONS:**

TYLA Committee that rewrote State Bar book on "Legal Ethics and Professional Responsibility"

"Lawyer Advertising and Solicitation"

"Computers and the Plaintiff's Personal Injury Practice," December 1983, Presentation to Personal Injury Lawyers of America National Convention, Denver, Colorado

Chair, Jefferson County Bar Association 1991 CLE Seminar on Personal Injury Law and Persuasion

"Demonstrative Evidence: What's New in Trials Aids" (July 1993 Association of Trial Lawyers of America Summer Convention, San Francisco, California) [Presentation given with Legal Assistant Melanie Lindsey and DOAR, Inc. owner Sam Solomon]

"Barratry" (September 1993 Southeast Texas Ethics Seminar, Beaumont, Texas)

"Objectionable Objections" (July 1995 Texas Trial Lawyers Association Dynamic Advocacy Seminar, White Fish, Montana)

"Technical Requirements & Time Tables—State & Federal" (March 1996 Southeast Texas Appellate Law Seminar)

"Paralegals as Exhibit Specialists" (February 1996 Association of Trial Lawyers of America 'Mastering the Art of Advocacy' Winter Convention, New Orleans, Louisiana)
[Presentation given with Legal Assistant Melanie Lindsey]

"The Polygraph as a Litigator's Tool in the Search for Truth and Justice" (August 1997 Texas Trial Lawyers Association Dynamic Advocacy Seminar, White Fish, Montana)

Chair, Jefferson County Bar Association October 2006 CLE Seminar on Law

Office Management

"Quality of Care, Responsibility and Tort Reform"
(Jefferson County Bar Association 2003 Medical Malpractice Seminar)

"Mediation Preparation and Presentation"
(Jefferson County Bar Association 2010 Mediation Seminar)

"Core Values"
(Jefferson County Bar Journal, Fall 2010)

Numerous presentations on legal advertising and marketing and related legal and ethical questions.

## **MAJOR APPELLATE DECISIONS:**

Chander P. Nangia v. Steve Taylor, No. 09-10-00416-CV (Tex. App.--Beaumont, May 5, 2011, no writ)—The requirements of Section 150.002(a) of the Texas Civil Practices and Remedy Code for filing a certificate of merit by a licensed professional engineer with a petition against an engineer can be met by filing an amended petition that includes an appropriate certificate of merit within 30 days of filing the original petition against the engineer if the amended petition alleges for the first time the required statutory exception matters under Section 150.002(c) (that limitations would have barred the claim within ten days of the filing of the initial pleading and that time constraints precluded presentment of the affidavit with the initial filing).

Allstate Insurance v. Dwanna Felts, et al, No. 09-92--239-CV (Tex. App.--Beaumont, Sept. 16, 1993, writ denied) (not designated for publication)--Tender of funds in interpleader is unconditional release of all claim to the money regardless of other post-tender events and one satisfaction of judgment rule by payment of subsequent judgment of underlying tort claim in another court does not alter the unconditional tender.

State of Texas Department of Highways and Public Transportation v. Jane Etta Zachary, 824 S.W.2d 813 (Tex. App.-Beaumont 1992, writ denied)--In wrongful death Texas Tort Claims Act case, it is not error to allow jury to determine both whether there was a premise defect and/or a special defect and after jury findings of no premise defect and a special defect for the Court to also find the special defect as a matter of law. Also holds that an obstruction is by statutory definition a special defect and needs no special definition and that a "repair" that causes water to stand on the highway can constitute a dangerous condition.

C.T.W. v. B.C.G. and D.T.G., by Next Friend, S.G., 809 S.W.2d 788 (Tex. App.--Beaumont 1991, no writ)--$4.8 Million verdict affirmed for two minor sex abuse victims. Appeal held: (1) Pedophilic defendant held to standard of care of ordinary prudent

person for both negligence and gross negligence; (2) No precise evidence of economics or earning potential necessary when dealing with injuries to minors without earnings history so that medical testimony of probable difficulty maintaining jobs consistently because of emotional injuries will suffice when that is the only degree of certainty to which the loss is susceptible; (3) Under new tort reform law prejudgment interest is to be paid on both past and future damages; (4) It is not error to inquire on negligence issue as to the number of negligent occurrences proximately causing injuries so long as properly conditioned.

Deborah Kay Fitts v. City of Beaumont, Texas, 688 S.W.2d 182 (Tex. App.--Beaumont 1985, writ ref'd n.r.e.)--60 day notice provision in Beaumont City Charter void as unconstitutional violation of Article I, Section 13 of Texas Constitution ("open courts" provision) because there is no "good cause" exception for requiring the arbitrary selection of 60 days from injury to notify the city of the potential claim.

Gus Keriotis v. Lombardo Rental Trust, 697 S.W.2d 44 (Tex. App.--Beaumont 1980, writ ref'd n.r.e.)--First attempt to avoid the statute of frauds in D.T.P.A. case dealing with real estate. Unsuccessful effort but on date Supreme Court denied motion to reconsider application for writ of error, it granted writ in another case and adopted the Keriotis argument that the statute of frauds indeed could not be raised as a defense to the D.T.P.A. statutory cause of action just because real estate was involved.