# Exhibit 5

# Beaumont Independent School District
# POLICE DEPARTMENT



# POLICY AND PROCEDURES MANUAL

**Established 2007**



BISD000026

has committed, in the presence of the magistrate, a felony or an offense which breaches the peace; or,
2. The officer finds a person in a suspicious place and under circumstances that give the officer probable cause to believe that such person:
   a. Has committed a felony;
   b. Has committed an offense which is a breach of the peace and which will likely continue;
   c. Threatens to commit some offense against the law;
   d. Is about to commit some offense against the law;
   e. Has committed the offense of violation of court order, PC 25.08, pertaining to Family Violence.

## 07-48/000. SECTION 6: MISCELLANEOUS WARRANTLESS ARREST PROCEDURES

### 07-48/001. MISDEMEANOR - TIME DELAY
An officer shall obtain an arrest warrant in order to arrest someone who committed a misdemeanor in the presence of that officer, if that officer did not immediately make the arrest:

1. At the time the misdemeanor occurred;
2. While there was a continuing danger of a renewal of the misdemeanor, if it was a breach of the peace.

### 07-48/002. FELONY-TIME DELAY
An officer shall obtain an arrest warrant if a felony is committed in the officer's presence and the suspect is not arrested within a reasonable time, under the circumstances, after the offense occurred. A delay in making the arrest is reasonable when:

1. Necessary to overcome resistance by the offender;
2. Necessary for the safety of the officer or others; or.
3. The officer is in fresh pursuit of the offender.

### 07-48/003. MIRANDA WARNING
The officer shall ensure that the person arrested knows that he is being placed under arrest. When appropriate, the officer should read the arrested suspect the Miranda warnings. If the suspect is in custodial arrest, an officer cannot question the suspect without first reading the Miranda warnings.

### 07-48/004. OFFICER IDENTIFICATION
When not in uniform, an officer making an arrest shall display his badge (and/or other suitable identification) and state that he or she is an officer.

### 07-48/005. INFORM ARRESTEE
When not impractical, the officer shall inform the person being arrested of the following factors:

1. That the officer intends to take him into custody; and,
2. The reason for the arrest.

## 07-48/006. INCAPACITATED SUSPECT
The officer may place an unconscious, mentally ill, or injured person under arrest even though such person is incapable of understanding that he is under arrest.

## 07-48/007. APPEARANCE BEFORE MAGISTRATE
Each arrested person shall be taken without unnecessary delay before a magistrate of the county where the arrest was made.

## 07-49/000. SECTION 7: ILLEGAL ALIEN ARREST POLICY

## 07-49/001. STOP/DETENTION PROHIBITED
School District Police Officers may not stop, detain, question or arrest a person solely on the suspicion that the person is or may be an illegal alien or otherwise in violation of Federal Immigration laws.

## 07-49/002. ARREST CRITERIA
An officer may only arrest illegal aliens for violation of State Law and/or City Ordinances and only when such probable cause exists as would permit the arrest of any other person under similar circumstances.

## 07/49/003. TIME RESTRICTION
If an officer stops a person who he or she reasonably suspects may be involved in violation of statutes which fall within that officer's authority of enforcement AND the officer also suspects that the person is in violation of immigration laws, the officer may notify an agent of the Immigration and Naturalization Service (I.N.S.) and may detain the suspect only for a reasonable time (e.g. 30 minutes) until the agent arrives.

## 07-49/004. TRANSPORTING ILLEGAL ALIENS
Once an I.N.S. agent arrives and places a person under arrest, that person may be transported to the Jefferson County Jail by a School District police officer at the agent's request.

## 07-49/005. I.N.S. UNABLE TO RESPOND
In cases where an I.N.S. agent is unable to respond and the person is not placed under arrest for other charges, the officer may write an incident report including the circumstances under which the suspect was stopped, probable cause to believe the suspect to be an illegal alien, and all personal information regarding the suspect. Such incident reports will be marked for distribution to Border Patrol.

## 07-49/006. ARREST - OTHER CHARGES
If an officer arrests a person for violation of a statute which falls within that officer's authority of enforcement AND there is reason to believe that the person is in violation of immigration laws, the officer will then type or write "Notify Border Patrol" at the top of the

The purpose of this policy is:

1. To identify when and to what degree a police officer is justified in using force; and,
2. To establish procedures for reviewing incidents involving the use of force.

### 07-61/001. INTENT

The intent of this policy is to help officers make rational decisions when the need for action is critical and there is little time for meditation or reflection. Officers shall not unnecessarily or unreasonably endanger themselves in applying these rules to actual situations.

### 07-61/002. DEPARTMENTAL USE

This policy is for Departmental use only and does not apply in any criminal or civil proceeding. Department policy should not be construed as a creation of higher legal standard of safety or care in an evidentiary sense with respect to third party claims. Violations of this policy will only form the basis for Departmental administrative sanctions. Violations of law will form the basis for civil and criminal sanctions in a recognized judicial setting.

### 07-62/000. SECTION 2: DEFINITIONS

### 07-62/001. AUTHORIZED WEAPON

A weapon approved by the Beaumont Independent School District Police Department for official use by its officers. Weapon for on-duty use must be owned by the officer and approved by the Chief of Police. All weapon of the Department will be uniformed except for second weapons worn on the ankle or carried as a pocket weapon.

### 07-62/002. BODILY INJURY

Physical pain, illness, or any impairment of physical condition.

### 07-62/003. DEADLY FORCE

Force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury.

### 07-62/004. DEADLY WEAPON

A firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury, or anything that in the manner of its use or intended use can cause death or serious bodily injury.

### 07-62/005. NON-DEADLY FORCE

Force which, under the circumstances, is not reasonably capable of causing death or serious bodily injury.

### 07-62/005. PHYSICAL STRENGTH AND SKILL

Any physical actions by one or more officers (e.g., holding, restraining, pushing and

pulling) which may include special skills (e.g., boxing, karate and judo) but do not include the use of deadly force or any authorized or other weapons.

### 07-62/006. PROBABLE CAUSE
That total set of apparent facts and circumstances based on reasonably trustworthy information which would warrant a prudent person (in the position of and with the knowledge of the particular peace officer) to believe something, for example, that a particular person has committed some offense against the law.

### 07-62/007. SERIOUS BODILY INJURY
Bodily injury that creates a substantial risk of death or causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

### 07-63/000. SECTION 3: USE OF NON-DEADLY FORCE

### 07-63/001. USE OF FORCE, GENERALLY
In each individual event, lawful and proper force is restricted to only that force necessary to control and terminate unlawful resistance and to preclude any further physical attack against the police officers or any other persons.

In general, an officer must strive to achieve the following lawful objectives:

1. To preserve the peace, to prevent commission of offenses and to prevent suicide or self-inflicted injury;
2. To make lawful arrests and searches, to overcome resistance to such arrests or searches and to prevent escapes from custody ;
3. To prevent or interrupt an intrusion on or interference with the lawful possession of property.

### 07-63/002. REQUIREMENTS FOR USE OF FORCE
Before an officer may use any force against any suspect, the officer must:

1. Have probable cause to arrest that suspect; and,
2. Manifest his purpose to arrest and identify himself as a peace officer (unless the officer reasonably believes that the suspect already knows his purpose and identity or unless the officer cannot reasonably make that information known to the suspect); and
3. Give the reason for the arrest, unless impractical.

### 07-63/003. APPLICATION OF FORCE
An officer shall only apply force using the methods and weapons listed below. Unless impractical, an officer shall first exhaust every reasonable means of using the lowest level of force before escalating to a higher and more severe level of force.

1. Officer presence;

2. Verbal commands;
3. Physical strength and skill;
4. Chemical Agents;
5. Authorized baton;
6. Authorized service revolver, or other approved firearm with approved ammunition.

However, an officer may use any unauthorized weapon (or use any weapon in an unauthorized manner) if emergency circumstances make it necessary to do so.

## 07-63/004. NO OBLIGATION TO RETREAT

An officer has no obligation to retreat or back down before resorting to the approved use of force. However, if it would not increase the risks to himself or others, an officer should consider retreat or withdrawal where delay (e.g., to secure assistance) could increase the likelihood of a peaceful arrest.

## 07-63/005. BATONS

If the use of the baton becomes necessary, an officer shall:

1. Avoid knowingly using baton techniques capable of causing permanent injury;
2. Not raise the baton above the head to strike someone; and,
3. Deliver only those baton techniques to vulnerable areas of the human body designed to control and restrain or temporarily incapacitate the violator.

Officers must carry an approved baton and be trained in the proper use of batons.

## 07-63/006. HANDCUFFS

An officer shall only carry Department approved handcuffs. An officer should always use approved handcuffs or other approved restraining devices on an arrestee, unless unnecessary (e.g., for the elderly, young juveniles, crippled, injured or other appropriate suspect). An officer should reasonably protect an arrestee from injury caused by handcuffs or other restraining devices.

## 07-63/007. OLEORESIN CAPSICUM-PEPPER FOAM.

Officers shall carry only department approved pepper foam and shall be trained in the proper use of Chemical Aerosol Defensive Sprays. It is the officer's responsibility to protect the arrestee from injury while under the effects of pepper foam. The arrestee shall be decontaminated within a reasonable time period.

Prompt decontamination shall take place in an area that can reasonably be secured such as in the nurse's office, locker room, or restroom. Juvenile arrestees shall be transported directly to the MRJJC.

## 07-64/000. SECTION 4: USE OF DEADLY FORCE/FIREARMS DISCHARGE

### 07-64/001. USE OF DEADLY FORCE/FIREARMS DISCHARGE, GENERALLY

It is the policy of this Department that officers shall attempt all reasonable means of apprehension and control within their command before resorting to the use of deadly force. However, an officer shall not unreasonably endanger himself in applying these rules in actual situations. Caution shall be exercised for the protection of other life and property whenever a weapon is discharged. Any incident involving an officer's use of deadly force or discharge of a firearm will be thoroughly, investigated and reviewed by the Firearms Review Board.

### 07-64/002. USE OF DEADLY FORCE

Officers may use deadly force:

1. To defend themselves or other persons from what the officer reasonably perceives as an immediate risk of death or serious bodily injury: or,
2. To effect an arrest or prevent an escape when an officer reasonably believes the suspect or escapee has taken or endangered human life, or will endanger human life and alternative means have been attempted or would involve a risk of death or serious bodily injury to the officer or other persons.

### 07-64/003. JUSTIFICATION LIMITED TO FACTS KNOWN TO OFFICER

Justification for the use of deadly force must be limited to what reasonably appears to be the facts known or perceived by an officer at the time he decides to use deadly force. Facts unknown to an officer, no matter how compelling, cannot be considered later to justify the use of deadly force.

### 07-64/004. PROHIBITED USE OF FIREARMS

Officers shall not discharge their firearms under the following circumstances:

1. When the discharge of firearms or use of deadly force is not in accordance with the provisions of this chapter;
2. As a warning shot;
3. At the occupants of a moving vehicle unless the occupants are using or attempting to use deadly force against an officer or other person, unless authorized in Section 4 B.
   Furthermore, no officer shall position themselves in the direct path of any moving vehicle in an attempt to stop the vehicle. Positioning oneself in the direct path of any moving vehicle in an attempt to stop the vehicle will not justify the use of Deadly Force;
4. At a fleeing vehicle, recklessly fleeing vehicle or otherwise dangerously driven vehicle;
5. At a fleeing felon, unless authorized in Section 4 B.
   The assumption that a fleeing felon may escape and later arm themselves, does not authorize the use of deadly force as permitted in Section 4 B.
6. Firing into buildings or other places where a suspect is hiding unless:

    a. The suspect is directing deadly force at police officers or others; and,
    b. There is no doubt about the suspects location.

## 07-64/005. DRAWING OF FIREARMS

Justification for the use of deadly force must be limited to what reasonably appears to be the facts known or perceived by an officer at the time they decide to use deadly force. Officers may draw or display a firearm when they have reason to fear for their own personal safety or the safety of others.

## 07-64/006. RISK TO INNOCENT BYSTANDERS

To the extent an officer has reasonable time for consideration, he shall never use deadly force when it appears likely that an innocent person may be injured.

## 07-64/007. DESTROYING INJURED ANIMALS

Officers are not authorized to destroy an injured animal.

## 07-65/000. SECTION 5: SPECIAL OPERATIONS

## 07-65/001. STAKEOUTS

Officers taking part in a stakeout:

1. Shall notify the Dispatcher that the stakeout is taking place; and,
2. Shall consider the risk to innocent persons and take steps to ensure their safety before attempting to arrest a suspect at a stakeout scene.

## 07-65/002. PLANNED ARREST AND SEARCH WARRANT SERVICE

This procedure shall be used when it is believed that the suspects at the arrest or search scene may forcibly resist the officers when the service is attempted.

Officers taking part in such planned arrest or search warrant services:

1. Shall notify the Dispatcher that the arrest or search is taking place; and,
2. Shall consider the risk to innocent persons and take steps to ensure their safety before attempting the arrest or search.
3. Shall identify the group as police officers by having uniformed officers lead the entry into the premises.

## 07-66/000. SECTION 6: AUTHORIZED WEAPONS

## 07-66/001. AUTHORIZED WEAPONS

An authorized firearm must be one of the following:

1. A Department issued or approved firearm with which the officer has qualified;
2. An auxiliary firearm, that:
    A. Has been certified for use by a certified firearms instructor;