Exhibit 5

# Beaumont Independent School District
# POLICE DEPARTMENT



# POLICY AND PROCEDURES MANUAL

**Established 2007**



BISD000026

# INTRODUCTION

The Beaumont Independent School District Police Procedural Manual has been complied to provide members of the Beaumont Independent School District Police Department with the written policy which governs the performance of police duty. While no set policy statements can cover every situation, the Beaumont Independent School District Police Department Manuel does cover most situations in which officers become involved.

Beaumont Independent School District Police Officers are expected to use prudence and good judgment at all times in all situations whether or not it is covered in this manual. The provision of this manual shall take effect upon its receipt by members of the Department.

Any suggestions or questions regarding the content of this manual should be directed to the Beaumont Independent School District Police Department, in Beaumont, Texas.

DISTRIBUTED BY THE:

BEAUMONT INDEPENDENT SCHOOL DISTRICT
POLICE DEPARTMENT
1025 WOODROW
BEAUMONT, TEXAS 77705

Phone number: (409) 617-7001
Emergency number (409) 617-7000

Fax: (409) 617-7013 or 617-7014
bisdpd@beaumont.k12.tx.us

BISD000028

## SCOPE AND RESPONSIBILITIES

The provisions of the Manual are binding upon all sworn personnel of the Department and upon all para-professional members of the Department. Civilian members of the Department who do not fall into these categories are governed insofar as their employment is concerned by the Personnel Rules for the Beaumont Independent School District employees. Para-professional members of the Department are non-sworn uniformed personnel performing police-related services. All school police personnel will be furnished a copy of the Operations Manual. This manual is school district property, and each employee will be held responsible for it and any subsequently issued supplemental directives. Each employee will be expected to return the manual, along with all other equipment, upon termination of service with this department.

A. **USE OF THE MANUAL**
   Each employee is directed to read the material completely and to become thoroughly familiar with all the rules and regulations as set forth within the manual. If questions arise concerning the rules, regulations, or other matters not covered in the manual, it is suggested that these questions be brought to the attention of a supervisor in order that the proper answers may be obtained.

**BISD000031**

## POLICY

This policy is written to be consistent with the mission of the Beaumont Independent School District Police Department, which is to ensure a safe and secure learning and working environment for students, staff and the school community.

## IMPLEMENTATION OF POLICY

The policies, procedures, rules and regulation of the Beaumont Independent School District Police Department shall emanate from two different types of sources.

All policies which is departmental wide in scope shall be issued by the Chief of Police and implemented by placing it in writing and disseminating it to departmental personnel for the purpose of including it in the Police Manual. The Chief of Police may institute policy which is departmental wide in scope on a preliminary basis through the issuance memoranda or statements of policy. Any such memoranda emanating from the Chief of Police which contains policy information shall be coded in the following manner.

1. The first digits of the code shall be the last two digits of the current year.
2. The year is to be followed by a dash.
3. The next digit shall indicate the number of the memorandum of policy. This number shall be determined on the basis of the number of the memorandum of policy issued each year. With the first memorandum of policy of each year beginning at the number one.
4. The memorandum of policy number is to be followed by a slash.
5. The next digit shall indicate the topic listed under the memorandum of policy.

All memoranda containing policy statements issued by the Chief of Police shall be placed in the proper format and printed and distributed to personnel for inclusion in the Beaumont Independent School District Police Manual in accordance with established departmental procedure for the maintenance of the BISD Police Manual. All other memoranda issued by the Chief of Police shall be codified and maintained separately from policy memoranda. All policy level memoranda issued by the Chief of Police shall be copied and copies placed in a binder located in the Chief Office and made available to any member of the department requesting to view same.

a rule, regulation, or policy of the district shall be guilty as though the actual violation had been accomplished.

**07-03/004.  PERJURY/MISREPRESENTATION**
No employee shall knowingly or willfully misrepresent any matter, sign any false statement or report, perjure himself or herself or give false testimony before any court, grand jury, board, commission, official hearing or Department hearing.

**07-03/005.  SUBVERSIVE CONDUCT**
No employee, whether on duty or not, shall conduct himself in such a manner as would be subversive to the good order or discipline of the district.

**07-03/006.  DUTY TO OBEY ORDERS**
Employees of the district shall obey all lawful orders.

**07-03/007.  CONFLICTING ORDERS**
When an order is received which conflicts with a previous order, the conflict will be respectfully pointed out to the supervisor giving the latter order. The supervisor issuing the conflicting order will then determine which order will take precedence and will be responsible for any consequences resulting from his or her decision.

**07-04/000.  SECTION 2: DUTY RESPONSIBILITY**

**07-04-001.  SUBJECT TO CALL**
Any employee of the Department may be called to duty at any time when necessary regardless of the employee's regularly assigned duty hours.

**07-04/002.  BEARING/ALERTNESS**
All employees shall remain alert, observant, and occupied with district business during their tour of duty and shall not conduct themselves in a manner that would merit criticism for inattentiveness, slovenly bearing, or waste of time

**07-04/003.  DUTY TO MAKE REPORT**
It will be the responsibility of all officers to make a proper report of all offenses investigated, observed, or reported.

**07-04/004.  WITHHOLDING INFORMATION PROHIBITED**
No member of the Department shall intentionally withhold information relating in any way to actual or suspected criminal activity when such information might prevent the commission of a criminal act, facilitate an ongoing investigation, or expedite the apprehension of an offender.

**07-04/005.  DEBT COLLECTION**
No employee shall be involved in collection of debts or repossession of property other than just debts owed to or property owned by the employee. No part of the police uniform, credentials or authority will be used for this purpose.

14
BISD000043

**07-04/006.  VICTIM/SUSPECT COMPROMISE**
No employee shall initiate or influence a compromise or other monetary arrangement between a person charged with or suspected of a criminal offense and the person who had suffered by his or her act.

**07-04/007.  DUTY TO PROVIDE ASSISTANCE**
Members of the Department will make every effort to assist citizens with problems or inquiries, even though such problems or inquiries may not relate directly to the member's assigned duties or to the services normally provided by the Department.

**07-04/008.  REQUESTS FOR NAME/BADGE NUMBER**
An employee shall politely furnish his or her name and badge number upon the request of any person unless instructed otherwise by proper authority. Officers will not be required to furnish such information if doing so would interfere with a police operation.

**07-04/009.  ABSENCE WITHOUT LEAVE**
Failure to report for duty without notification of a supervisor or leaving a place of duty or assignment without proper authorization will be considered "absence without leave" and is strictly prohibited.

**07-04/010.  COWARDICE**
Cowardice or failure to perform duties because of danger may subject an officer to disciplinary action.

**07-04/011.  UNNECESSARY VIOLENCE**
It shall be prohibited for an officer to use unnecessary violence against any person.

**07-04/012.  MALICIOUS PROSECUTION**
It shall be prohibited for an officer to direct malicious prosecution against any person.

**07-04/013.  INCITING VIOLENCE PROHIBITED**
It shall be prohibited for any employee of the Department to verbally ridicule, taunt, or belittle a person or to do anything for the purpose of inciting a person to violence.

**07-04/014.  INDECENT/HARSH LANGUAGE**
The use of indecent, profane, or unnecessarily harsh language in the performance of official duties will be prohibited.

**07-04/015.  USE OF INTOXICANTS**
Drinking intoxicants while wearing the uniform of the Beaumont Independent School District Police Department is prohibited. Drinking or being under the influence of intoxicants while on duty will be prohibited unless such practices are authorized and necessary for the performance of police operations.

No employee shall keep intoxicants for strictly personal use in or upon any property or vehicle owned by the district.

it also does not include fire escapes, lobbies or common hallways.

**07-26/004.  CUSTODIAL ARREST**
A procedure in which an officer arrests and then transports a person to a detention facility to await bond or an appearance before a magistrate.

**07-26/005.  FRISK**
Jargon referring to a weapons search of a person, generally limited to a patdown of his outer clothing to ensure the safety of the officer and others.

**07-24/006.  OPEN FIELD**
Unoccupied land outside the curtilage of any dwelling, in which no person has a reasonable expectation of privacy.

**07-26/007.  PROBABLE CAUSE**
That total set of apparent facts and circumstances based on reasonably trustworthy information which would warrant a prudent person (in the position of and with the knowledge of the particular peace officer) to believe something, for example, that a particular person has committed some offense against the law.

**07-26/008.  REASONABLE SUSPICION**
An officer's rational belief, based on credible and articulable information and circumstances, that something may be true (e.g., that an offense may have occurred or that a particular person may have committed an offense).

**07-26/009.  SEIZABLE PROPERTY**
All property subject to seizure including unlawful weapons, drugs, and other contraband, stolen or embezzled property (fruits of a crime), equipment, devices, instruments and paraphernalia for committing an offense (instrumentalities), and evidence of a particular crime (mere evidence).

**07-27/000.  SECTION 2: OBSERVATION, PLAIN VIEW AND SEARCH INCIDENT TO ARREST**

**07-27/001.  SEIZURE WITHOUT WARRANT**
An officer, without a warrant, may seize any seizable property if the situation satisfies ALL of the following requirements:

1. The officer lawfully occupied his vantage point when the property was observed,
2. The officer can observe and seize the property without unreasonably intruding on any person's reasonable expectation of privacy,
3. The officer actually observes the property through his senses,
4. The property actually observed by the officer lies in open view,
5. The officer immediately realizes that the observed property is "seizable property"; and,

BISD000068

**07-44/004.  OFFICER MUST ARTICULATE**
When an officer relies on information from an informant to establish probable cause, the officer must be able to articulate:

1.  His reason(s) for believing the informant to be reliable; and
2.  The underlying circumstances from which the informant concluded that a particular person committed an offense.

**07-44/005.  GOOD FAITH**
An officer's good faith will not alone justify an invalid arrest.

**07-44/006.  CORROBORATION**
If circumstances permit, an officer shall seek some corroboration or confirmation of the information received from a victim or witness. For example:

1.  The officer shall determine whether the victim or witness was able to observe and remember what happened.
2.  Visible results of an offense can help confirm whether an offense occurred.

Where the circumstances suggest that the victim's or witness' allegations may be untrue, the officer shall investigate further before making an arrest without a warrant. The more doubt an officer has about the victim's or witness' veracity, sincerity, or ability to perceive, the more the officer will need to confirm the information.

**07-44/007.  REQUEST BY ANOTHER OFFICER**
An officer may make an arrest without a warrant when requested to do so by another officer, provided that the arresting officer has no reason to doubt that the officer requesting the arrest has probable cause to make that arrest.

**07-45/000.  SECTION 3:  OFFENSES COMMITTED IN THE OFFICER'S PRESENCE**

**07-45/001.  OFFENSES COMMITTED IN OFFICER'S PRESENCE**
An officer acting within jurisdiction may, without a warrant, arrest an offender for any offense committed in the presence of that officer.

**07-45/002.  ARREST OUTSIDE JURISDICTION**
While outside his jurisdiction but within the state, an officer may, as a private citizen, arrest a person without a warrant for a felony or for an offense that breaches the peace which occurs in his presence or view.

**07-45/003.  CRIME SCENE JURISDICTION**
The responsibility in a preliminary criminal investigation should remain with the agency that began the investigation if the incident occurs in their jurisdiction. BISD police officers will not conduct investigations unless the crime or incident originated in the jurisdiction of the Beaumont Independent School District Police Department.

BISD000085

has committed, in the presence of the magistrate, a felony or an offense which breaches the peace; or,

2. The officer finds a person in a suspicious place and under circumstances that give the officer probable cause to believe that such person:
   a. Has committed a felony;
   b. Has committed an offense which is a breach of the peace and which will likely continue;
   c. Threatens to commit some offense against the law;
   d. Is about to commit some offense against the law;
   e. Has committed the offense of violation of court order, PC 25.08, pertaining to Family Violence.

**07-48/000.  SECTION 6:  MISCELLANEOUS WARRANTLESS ARREST PROCEDURES**

**07-48/001.  MISDEMEANOR - TIME DELAY**
An officer shall obtain an arrest warrant in order to arrest someone who committed a misdemeanor in the presence of that officer, if that officer did not immediately make the arrest:

1. At the time the misdemeanor occurred;
2. While there was a continuing danger of a renewal of the misdemeanor, if it was a breach of the peace.

**07-48/002.  FELONY-TIME DELAY**
An officer shall obtain an arrest warrant if a felony is committed in the officer's presence and the suspect is not arrested within a reasonable time, under the circumstances, after the offense occurred. A delay in making the arrest is reasonable when:

1. Necessary to overcome resistance by the offender;
2. Necessary for the safety of the officer or others; or.
3. The officer is in fresh pursuit of the offender.

**07-48/003.  MIRANDA WARNING**
The officer shall ensure that the person arrested knows that he is being placed under arrest. When appropriate, the officer should read the arrested suspect the Miranda warnings. If the suspect is in custodial arrest, an officer cannot question the suspect without first reading the Miranda warnings.

**07-48/004.  OFFICER IDENTIFICATION**
When not in uniform, an officer making an arrest shall display his badge (and/or other suitable identification) and state that he or she is an officer.

**07-48/005.  INFORM ARRESTEE**
When not impractical, the officer shall inform the person being arrested of the following factors:

BISD000087

1. That the officer intends to take him into custody; and,
2. The reason for the arrest.

## 07-48/006.  INCAPACITATED SUSPECT
The officer may place an unconscious, mentally ill, or injured person under arrest even though such person is incapable of understanding that he is under arrest.

## 07-48/007.  APPEARANCE BEFORE MAGISTRATE
Each arrested person shall be taken without unnecessary delay before a magistrate of the county where the arrest was made.

## 07-49/000.  SECTION 7:  ILLEGAL ALIEN ARREST POLICY

## 07-49/001.  STOP/DETENTION PROHIBITED
School District Police Officers may not stop, detain, question or arrest a person solely on the suspicion that the person is or may be an illegal alien or otherwise in violation of Federal immigration laws.

## 07/49/002.  ARREST CRITERIA
An officer may only arrest illegal aliens for violation of State Law and/or City Ordinances and only when such probable cause exists as would permit the arrest of any other person under similar circumstances.

## 07/49/003.  TIME RESTRICTION
If an officer stops a person who he or she reasonably suspects may be involved in violation of statutes which fall within that officer's authority of enforcement AND the officer also suspects that the person is in violation of immigration laws, the officer may notify an agent of the Immigration and Naturalization Service (I.N.S.) and may detain the suspect only for a reasonable time (e.g. 30 minutes) until the agent arrives.

## 07/49/004.  TRANSPORTING ILLEGAL ALIENS
Once an I.N.S. agent arrives and places a person under arrest, that person may be transported to the Jefferson County Jail by a School District police officer at the agent's request.

## 07/49/005.  I.N.S. UNABLE TO RESPOND
In cases where an I.N.S. agent is unable to respond and the person is not placed under arrest for other charges, the officer may write an incident report including the circumstances under which the suspect was stopped, probable cause to believe the suspect to be an illegal alien, and all personal information regarding the suspect. Such incident reports will be marked for distribution to Border Patrol.

## 07/49/006.  ARREST - OTHER CHARGES
If an officer arrests a person for violation of a statute which falls within that officer's authority of enforcement AND there is reason to believe that the person is in violation of immigration laws, the officer will then type or write "Notify Border Patrol" at the top of the

BISD000088

The purpose of this policy is:

1. To identify when and to what degree a police officer is justified in using force; and,
2. To establish procedures for reviewing incidents involving the use of force.

**07-61/001.   INTENT**
The intent of this policy is to help officers make rational decisions when the need for action is critical and there is little time for meditation or reflection. Officers shall not unnecessarily or unreasonably endanger themselves in applying these rules to actual situations.

**07-61/002.   DEPARTMENTAL USE**
This policy is for Departmental use only and does not apply in any criminal or civil proceeding. Department policy should not be construed as a creation of higher legal standard of safety or care in an evidentiary sense with respect to third party claims. Violations of this policy will only form the basis for Departmental administrative sanctions. Violations of law will form the basis for civil and criminal sanctions in a recognized judicial setting.

**07-62/000.   SECTION 2:  DEFINITIONS**

**07-62/001.   AUTHORIZED WEAPON**
A weapon approved by the Beaumont Independent School District Police Department for official use by its officers. Weapon for on-duty use must be owned by the officer and approved by the Chief of Police. All weapon of the Department will be uniformed except for second weapons worn on the ankle or carried as a pocket weapon.

**07-62/002.   BODILY INJURY**
Physical pain, illness, or any impairment of physical condition.

**07-62/003.   DEADLY FORCE**
Force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury.

**07-62/004.   DEADLY WEAPON**
A firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury, or anything that in the manner of its use or intended use can cause death or serious bodily injury.

**07-62/005.   NON-DEADLY FORCE**
Force which, under the circumstances, is not reasonably capable of causing death or serious bodily injury.

**07-62/005.   PHYSICAL STRENGTH AND SKILL**
Any physical actions by one or more officers (e.g., holding, restraining, pushing and

BISD000100

pulling) which may include special skills (e.g., boxing, karate and judo) but do not include the use of deadly force or any authorized or other weapons.

## 07-62/006.  PROBABLE CAUSE
That total set of apparent facts and circumstances based on reasonably trustworthy information which would warrant a prudent person (in the position of and with the knowledge of the particular peace officer) to believe something, for example, that a particular person has committed some offense against the law.

## 07-62/007.  SERIOUS BODILY INJURY
Bodily injury that creates a substantial risk of death or causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

## 07-63/000.  <u>SECTION 3:</u>  USE OF NON-DEADLY FORCE

## 07-63/001.  USE OF FORCE, GENERALLY
In each individual event, lawful and proper force is restricted to only that force necessary to control and terminate unlawful resistance and to preclude any further physical attack against the police officers or any other persons.

In general, an officer must strive to achieve the following lawful objectives:

1. To preserve the peace, to prevent commission of offenses and to prevent suicide or self-inflicted injury;
2. To make lawful arrests and searches, to overcome resistance to such arrests or searches and to prevent escapes from custody ;
3. To prevent or interrupt an intrusion on or interference with the lawful possession of property.

## 07-63/002.  REQUIREMENTS FOR USE OF FORCE
Before an officer may use any force against any suspect, the officer must:

1. Have probable cause to arrest that suspect; and,
2. Manifest his purpose to arrest and identify himself as a peace officer (unless the officer reasonably believes that the suspect already knows his purpose and identity or unless the officer cannot reasonably make that information known to the suspect); and
3. Give the reason for the arrest, unless impractical.

## 07-63/003.  APPLICATION OF FORCE
An officer shall only apply force using the methods and weapons listed below. Unless impractical, an officer shall first exhaust every reasonable means of using the lowest level of force before escalating to a higher and more severe level of force.

1. Officer presence;

BISD000101

2. Verbal commands;
3. Physical strength and skill;
4. Chemical Agents;
5. Authorized baton;
6. Authorized service revolver, or other approved firearm with approved ammunition.

However, an officer may use any unauthorized weapon (or use any weapon in an unauthorized manner) if emergency circumstances make it necessary to do so.

## 07-63/004.  NO OBLIGATION TO RETREAT

An officer has no obligation to retreat or back down before resorting to the approved use of force. However, if it would not increase the risks to himself or others, an officer should consider retreat or withdrawal where delay (e.g., to secure assistance) could increase the likelihood of a peaceful arrest.

## 07-63/005.  BATONS

If the use of the baton becomes necessary, an officer shall:

1. Avoid knowingly using baton techniques capable of causing permanent injury;
2. Not raise the baton above the head to strike someone; and,
3. Deliver only those baton techniques to vulnerable areas of the human body designed to control and restrain or temporarily incapacitate the violator.

Officers must carry an approved baton and be trained in the proper use of batons.

## 07-63/006.  HANDCUFFS

An officer shall only carry Department approved handcuffs. An officer should always use approved handcuffs or other approved restraining devices on an arrestee, unless unnecessary (e.g., for the elderly, young juveniles, crippled, injured or other appropriate suspect). An officer should reasonably protect an arrestee from injury caused by handcuffs or other restraining devices.

## 07-63/007.  OLEORESIN CAPSICUM-PEPPER FOAM.

Officers shall carry only department approved pepper foam and shall be trained in the proper use of Chemical Aerosol Defensive Sprays.  It is the officer's responsibility to protect the arrestee from injury while under the effects of pepper foam.  The arrestee shall be decontaminated within a reasonable time period.

Prompt decontamination shall take place in an area that can reasonably be secured such as in the nurse's office, locker room, or restroom. Juvenile arrestees shall be transported directly to the MRJJC.

BISD000102

## 07-64/000.  SECTION 4:  USE OF DEADLY FORCE/FIREARMS DISCHARGE

### 07-64/001.  USE OF DEADLY FORCE/FIREARMS DISCHARGE, GENERALLY

It is the policy of this Department that officers shall attempt all reasonable means of apprehension and control within their command before resorting to the use of deadly force. However, an officer shall not unreasonably endanger himself in applying these rules in actual situations. Caution shall be exercised for the protection of other life and property whenever a weapon is discharged. Any incident involving an officer's use of deadly force or discharge of a firearm will be thoroughly, investigated and reviewed by the Firearms Review Board.

### 07-64/002.  USE OF DEADLY FORCE

Officers may use deadly force:

1. To defend themselves or other persons from what the officer reasonably perceives as an immediate risk of death or serious bodily injury: or,
2. To effect an arrest or prevent an escape when an officer reasonably believes the suspect or escapee has taken or endangered human life, or will endanger human life and alternative means have been attempted or would involve a risk of death or serious bodily injury to the officer or other persons.

### 07-64/003.  JUSTIFICATION LIMITED TO FACTS KNOWN TO OFFICER

Justification for the use of deadly force must be limited to what reasonably appears to be the facts known or perceived by an officer at the time he decides to use deadly force. Facts unknown to an officer, no matter how compelling, cannot be considered later to justify the use of deadly force.

### 07-64/004.  PROHIBITED USE OF FIREARMS

Officers shall not discharge their firearms under the following circumstances:

1. When the discharge of firearms or use of deadly force is not in accordance with the provisions of this chapter;
2. As a warning shot;
3. At the occupants of a moving vehicle unless the occupants are using or attempting to use deadly force against an officer or other person, unless authorized in Section 4 B.
   Furthermore, no officer shall position themselves in the direct path of any moving vehicle in an attempt to stop the vehicle. Positioning oneself in the direct path of any moving vehicle in an attempt to stop the vehicle will not justify the use of Deadly Force;
4. At a fleeing vehicle, recklessly fleeing vehicle or otherwise dangerously driven vehicle;
5. At a fleeing felon, unless authorized in Section 4 B.
   The assumption that a fleeing felon may escape and later arm themselves, does not authorize the use of deadly force as permitted in Section 4 B.
6. Firing into buildings or other places where a suspect is hiding unless:

BISD000103

a. The suspect is directing deadly force at police officers or others; and,
b. There is no doubt about the suspects location.

## 07-64/005.  DRAWING OF FIREARMS
Justification for the use of deadly force must be limited to what reasonably appears to be the facts known or perceived by an officer at the time they decide to use deadly force. Officers may draw or display a firearm when they have reason to fear for their own personal safety or the safety of others.

## 07-64/006.  RISK TO INNOCENT BYSTANDERS
To the extent an officer has reasonable time for consideration, he shall never use deadly force when it appears likely that an innocent person may be injured.

## 07-64/007.  DESTROYING INJURED ANIMALS
Officers are not authorized to destroy an injured animal.

## 07-65/000.  SECTION 5:  SPECIAL OPERATIONS

## 07-65/001.  STAKEOUTS
Officers taking part in a stakeout:

1. Shall notify the Dispatcher that the stakeout is taking place; and,
2. Shall consider the risk to innocent persons and take steps to ensure their safety before attempting to arrest a suspect at a stakeout scene.

## 07-65/002.  PLANNED ARREST AND SEARCH WARRANT SERVICE
This procedure shall be used when it is believed that the suspects at the arrest or search scene may forcibly resist the officers when the service is attempted.

Officers taking part in such planned arrest or search warrant services:

1. Shall notify the Dispatcher that the arrest or search is taking place; and,
2. Shall consider the risk to innocent persons and take steps to ensure their safety before attempting the arrest or search.
3. Shall identify the group as police officers by having uniformed officers lead the entry into the premises.

## 07-66/000.  SECTION 6:  AUTHORIZED WEAPONS

## 07-66/001.  AUTHORIZED WEAPONS
An authorized firearm must be one of the following:

1. A Department issued or approved firearm with which the officer has qualified;
2. An auxiliary firearm, that:
   A. Has been certified for use by a certified firearms instructor;

BISD000104

42.08), Hindering Proceedings by Disorderly Conduct (Section 38.13).

**07-73/002. FIRST AMENDMENT ACTIVITIES**
The lawful exercise by one or more persons of the constitutional right (without prior restraint or fear of arbitrary subsequent punishment) to assemble, to speak, or to engage in communicative behavior which expresses a point of view. Although first amendment activities usually involve political, social, economic, or religious ideas, issues or opinions, they are not limited to those topics.

**07-74/000. SECTION 4: GENERAL PROCEDURES - DISORDERLY CONDUCT**

**07-74/001. PREVENTIVE APPROACH**
Officers should be primarily concerned with the maintenance of public order rather than the punishment of offensive conduct. Officers should take a preventive rather than punitive approach to the enforcement of disorderly conduct statutes.

**07-74/002. INTERVENTION**
An officer shall not intervene in a disorderly conduct situation except as provided in this section.

**07-74/003. APPLICATION**
This section applies only to disorderly conduct committed by individuals, not to the handling of riots as defined in Texas Penal Code, Section 42.02.

This chapter applies only when the individual's illegal behavior amounts to no more than disorderly conduct, as defined by these rules. This chapter does not apply where an officer has probable cause to arrest the offender for a more serious offense.

**07-74/004. LEAST INTRUSIVE METHOD**
When intervening in disorderly conduct situations, each officer shall use the least intrusive method of intervention which will re-establish order.

Possible methods or intervention, starting with the least degree Or intrusiveness, include:

1. Mediating;
2. Informing the person(s) or appropriate social, medical, or legal counseling;
3. Contacting friends or relatives of the disorderly person;
4. Giving a warning;
5. Informing about peace bond or complaint procedures;
6. Giving an order;
7. With the consent of the disorderly person, taking him home or to an appropriate treatment center; and
8. Using physical restraint and arrest.