## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| CHRISTINE JONES § | |
| § | CIVIL ACTION NO. 1:14-CV-00103 |
| VS. § | |
| § | Judge Ron Clark |
| TAMARA SPIKES and § | Magistrate Judge Keith Giblin |
| BEAUMONT INDEPENDENT § | |
| SCHOOL DISTRICT POLICE § | |
| DEPARTMENT § | |

### DEFENDANT TAMARA SPIKES' REPLY TO PLAINTIFF'S RESPONSE TO SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND SUPPLEMENTAL MOTION TO DISMISS

NOW COMES Defendant Tamara Spikes and files this Reply to Plaintiff's Response to Supplemental Motion for Summary Judgment and Supplemental Motion to Dismiss and in support, Spikes shows the Court as follows:

### I. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS AND SUMMARY OF ARGUMENT

1.  Plaintiff Christine Jones brought suit against Defendant Spikes alleging violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the U.S. Constitution via 42 U.S.C. § 1983 ("Section 1983").  (DE 19, p. 2, ¶6 and p. 4-5, ¶¶16-18).  On August 28, 2014, Defendant Spikes filed her Motion to Dismiss, and Alternatively Motion for Summary Judgment, which the Court docketed as a Motion for Summary Judgment for statistical purposes.  (*See* DEs 25, 27 & 28).[1]  Defendant Spikes filed a Supplemental Motion for Summary Judgment and Motion to Dismiss, and Plaintiff filed her Response.  (DEs 44 & 51).  This Reply

---

[1] Spikes contemporaneously filed a Motion to Seal Medical Records, which included documents referenced as exhibits in her motion to dismiss, or alternatively motion for summary judgment, which the Court granted.  Those are incorporated by reference into Spikes' original motion.  (*See* DE 26, 27 & 28).

seeks to address the errant analysis and inapplicable authorities contained in the Response.

2.      The gravamen of Plaintiff's Response can be summarized as follows: "the force Spikes used is considered deadly[,] and the situation did not require deadly force." (DE 51, p. 16, ¶ 47). Similar bald assertions can be found repeatedly in Plaintiff's response. Deadly force was not used. Even when she concedes the possibility that deadly force was not used, Plaintiff demands in conclusory fashion that the force used was "obviously" excessive to the need. This is interesting, given that no summary judgment evidence from Plaintiff shows any physical contact between Officer Spikes and Plaintiff (Ex. D1, p. 189; D2, p. 15-16; Ex. C, ¶3; DE 51-1 ¶ 13), other than the contact when Plaintiff hit Officer Spikes with her car. And it is undisputed that no one discharged a firearm. Still, without analysis, the use of deadly force in and of itself does not necessarily require a finding of excessive force, though Plaintiff's Response suggests the Court must make this leap. The Court can now far more reliably follow the analysis in the unrebutted affidavit of the former Travis County Sheriff and current Austin Police Monitor, Margo Frasier, that excessive force was not used. (DE 44-5).

3.      Plaintiff also tries to limit her own responsibility by continuing the charade that she did not know that Officer Spikes was a police officer, and by maintaining that her car did not hit Officer Spikes. She maintains this assertion despite the videotape, Spikes' Declaration, clear physical evidence, and documented injuries, as well as her admission at deposition that she simply could not be sure whether she hit Officer Spikes. Plaintiff should not be allowed through the continued use of her previously filed declaration to refute her own deposition testimony in an effort to create a fact issue.

4.  Plaintiff strains to show more than a *de minimis* injury even while contending that she was perfectly compliant with all officers' directions, and placed *herself* on the ground. She insists, incorrectly, that brandishing a firearm alone is actionable excessive force. In similarly ineffective fashion, she also asserts that a showing of any deviation from police department policies must create a fact issue on excessive force or at least must show a right was clearly established. There is no authority to suggest that a misstep in following internal policy, even if it were proven, constitutes a violation of clearly established rights. Internal policies do not create rights for third parties and certainly not ones of constitutional magnitude.

## II. ARGUMENT AND AUTHORITIES

5.  In order to begin a reasoned analysis of the pending motions, a logical place to begin involves determining what competent and reliable summary judgment evidence exists to support or refute the dispositive motion.[2] Plaintiff's continued insistence that she did not perceive Officer Spikes to be a police officer is far-fetched and should be disregarded. Plaintiff ignored Officer Spikes' requests for her driver's license and insurance; she watched and heard Officer Spikes talking on her police radio; she noted that Officer Spikes was checking her vehicle tags and identification number; she observed the officer's nametag; and Plaintiff certainly noted that Officer Spikes, supported by another uniformed officer, had drawn a gun. (Ex. D1, pp. 91, 97-99, 110-111, 125-127, 132, 141; D2 pp.64-67; DE 51-1, ¶ 8). Plaintiff was given the opportunity in deposition to offer any revisions that she had for her pleadings and prior declaration. (Ex. D1 pp. 73-75 & 94). She made no change to the allegation that she referred to Officer Spikes as

---

[2] While this Reply focuses on the absence of genuine issues of material fact and summary judgment evidence, Defendant Spikes does not waive her Motion to Dismiss. Plaintiff has simply not stated sufficient facts to circumvent qualified immunity. As such, summary disposition is appropriate either under Federal Rule 12 or Federal Rule 56.

3

"officer" during their encounter. (DE 19, ¶10). Even if a fact issue were shown on this debate, it would not be material to the evaluation of any element of Plaintiff's claims or to Officer Spikes' entitlement to qualified immunity. Assuming Plaintiff was unsure of Officer Spikes' precise role, the primary analysis of this case revolves around what a reasonable officer in *Spikes'* position would be able to do, not what Plaintiff understood to be the circumstances.

6.      The next questionable aspect of Plaintiff's evidence is her effort to contradict her own testimony on the issue of whether she hit Officer Spikes with her car. Clearly, Plaintiff believes that a disagreement on this could affect, and perhaps even be central to, the Court's view of the reasonableness of Officer Spikes' conduct, but the overwhelming evidence shows that Plaintiff hit Officer Spikes with her car. Knowing this, Plaintiff continues to rely on her earlier declaration submitted in response to Officer Spikes' initial motion to dismiss or for summary judgment. (DEs 31-1, ¶10 & 51-1, ¶10). At that point in her declaration, she states, "My vehicle did not touch her." Her Response inaccurately contends that this is a fact and cites her deposition. But none of her references include the reluctant but clear admission toward the end of her deposition that she could not say whether she hit Officer Spikes. (Ex. D1, pp. 166-168 & 172). Officer Spikes' affidavit is now unrebutted on this question of Plaintiff having hit her, and the amount of force used, even as described in Plaintiff's pleading, was completely warranted. Plaintiff cannot rely on her earlier declaration to dispute her own testimony under oath and thereby create a fact issue.[3]

---

[3] "[A] plaintiff may not manufacture a genuine issue of material fact by submitting an affidavit that impeaches prior testimony without explanation. This authority stands for the proposition that a nonmoving party may not manufacture a dispute of fact merely to defeat a motion for summary judgment." *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000) citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir.1996); *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 136 n. 23 (5th Cir.), cert. denied, 506 U.S. 845, 113 S.Ct. 136, (1992); *Albertson v. T.J. Stevenson &*

7.     Beyond Plaintiff's inability to provide plausible facts and competent evidence, she also attempts to falsely characterize her case as one in which deadly force was used. (DE 51, ¶¶ 21, 22, 37, 38, & 47). To be sure, a gun is a deadly weapon and it can be used for deadly force. Still, Plaintiff has provided no controlling authority that the use, even as she describes it (which is not supported by a single frame of the video or anyone else's testimony), constitutes deadly force. Plaintiff cites *Flores v. City of Palacios*, 381 F. 3d 391, (5th Cir. 2004) to help explain deadly force. But in that case the court of appeals actually found itself without jurisdiction to question the district court's decision that the officer in question used deadly force when he *discharged his weapon* into the Plaintiff's car. *Id*. at 399. The court also decided not to overturn the district court's analysis of objective reasonableness, when the officer had shot the car *while standing behind it as it moved away*, and when the officer only had reason to suspect *a minor parking violation*. *Id*. In the present case, the facts are markedly different. It is undisputed that no one shot a gun. Plaintiff had already hit the officer with her car and continued to drive forward. Plaintiff repeatedly failed to identify herself when asked by the officer, and she refused to exit her car. Even the officer in *Flores* was found to have probable cause to arrest the Plaintiff. *Id*. at 403.

8.     Perhaps because *Flores* does not support her claims, Plaintiff reaches to other jurisdictions looking for support. She cites *Clash v. Beatty*, 77 F.3d 1048 (7th Cir. 1996) to establish that officers may not assault citizens without any provocation whatsoever. In that case

---

*Co., Inc.*, 749 F.2d 223, 228, 233 n. 9 (5th Cir. 1984). "As some of our sister circuits have observed, 'If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.'" *Id*. citing *Perma Research and Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2nd Cir. 1969); *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365-66 (8th Cir. 1983); *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975).

the plaintiff already had been handcuffed and searched for weapons when he was shoved into a police car, injuring his knee. Here, Officer Spikes, who had just been struck by the vehicle driven by Plaintiff, was still trying to get Plaintiff to comply with her directions when she drew her gun. More to the point of deadly force, Plaintiff next cites another Seventh Circuit case and an unpublished district court decision from Pennsylvania. (DE 51, ¶ 39). The circuit court decision involves an officer holding his gun to the head of a nine-year-old boy, and threatening to shoot, while the boy's residence was searched. Significant to the court's decision, were the facts that the boy was neither a suspect, nor was he attempting to evade the officers, and there was no danger to officers. *McDonald by McDonald v. Haskins*, 966 F.2d 292, 292-95 (7th Cir. 1992). Significantly, and contrary to Plaintiff's citation, the opinion does not say that this was deadly force. *Id*. at 295. It correctly characterizes the conduct as a *threat* of deadly force. *Id*. The district court decision is likewise distinguishable. It also does not address whether the mere act of drawing a weapon is deadly force. The court did decide not to dismiss a case on qualified immunity grounds when multiple officers pressed their guns against the heads of certain obviously unarmed detainees, at least one of whom was on the floor, during a search and threatened to blow their brains out. *Christian v. Orr*, CIV.A. 08-2397, 2011 WL 710209 *13 (E.D. Pa. March 1, 2011). Plaintiff also cites a Third Circuit case in which the court refused to overturn a jury verdict involving a plain clothes officer's brandishing a weapon at a suspect, and toward another family member, when it was hotly disputed whether the suspect had hit the officer with his car. In our case, the Plaintiff has now admitted she does not know if she hit Officer Spikes, and Officer Spikes' Declaration, along with the videotape and physical evidence, establishes injury to Officer Spikes. Officer Spikes was not a plain clothes detective, and she

was wearing numerous items unmistakably identifying her as an officer. Even if parallels existed, these cases would not demonstrate clearly established constitutional rights of which a reasonable person would have known, and certainly not in this Circuit.

9. To determine whether an officer is entitled to qualified immunity, the Court must undertake a two-step analysis. *Hope v. Pelzer,* 536 U.S. 730 (2002); *Roe v. Tex. Dep't of Protective & Regulatory Servs.,* 299 FJd 395, 408-09 (5th Cir. 2002). First, the Court must discern whether "Plaintiff's allegations, if true, establish a constitutional violation." *Hope,* 536 U.S. at 736 (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)). Spikes' conduct, even as alleged, simply does not rise to the level necessary to establish a constitutional violation.[4] Second, if for some reason the Court determines that a constitutional violation occurred, the Court must decide whether Spikes' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope* at 739 (quoting *Harlow* v. *Fitzgerald,* 457 U.S. 800, 818 (1982)). In determining whether a reasonable official would understand whether his conduct violates a constitutional right, "the unlawfulness must be apparent." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). For this analysis, Officer Spikes' Declaration and Margo Frasier's affidavit provide more than enough unrebutted information to easily determine that there was no "apparent" unlawfulness in Officer Spikes' choices on the day in question.

10. The lack of use of deadly force by Officer Spikes makes the analysis simpler than if she had discharged her weapon, but Plaintiff's apparent contention that deadly force necessarily

---

[4] According to the Fifth Circuit's pattern jury charge, qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers or those who knowingly violate the law. Fifth Circuit Pattern Jury Instructions 10.1. The qualified immunity issue "ordinarily should be decided by the court long before trial . . . ." *Id.* citing *McCoy v. Hernandez*, 203 F.3d 371, 376 (5th Cir. 2000).

avoids a qualified immunity defense is an inaccurate assumption. The Court should decline Plaintiff's invitation to deny Officer Spikes' motion just because she held a weapon capable of deadly force. Even the use of deadly force may be justified and defendants may be entitled to qualified immunity in appropriate cases. *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009); *see also*, *Manis v. Lawson*, 585 F.3d 839, 847 (5th Cir. 2009); *Brosseau v. Haugen*, 543 U.S. 194, 197-98, 125 S. Ct. 596, 598 (2004) (holding that when an officer has probable cause to believe that a suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape even by using deadly force). In fact, an officer's use of deadly force is presumptively reasonable when the officer has reason to believe that the suspect poses a threat of serious harm to the officer or to others. *Ontiveros,* 564 F.3d 379, 382 citing *Mace v. City of Palestine,* 333 F.3d 621, 623 (5th Cir. 2003). "The reasonableness of the use of deadly force 'must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Id.* citing *Graham v. Connor,* 490 U.S. 386, 396–97, 109 S.Ct. 1865 (1989). Deadly force is simply not an issue in this case, and the alleged extent of any injury to Plaintiff strongly suggests a lack of force excessive to the circumstances.

11. Plaintiff describes only Officer Spikes' use of her weapon as causing injury. The pain to Plaintiff's wrists and back relate to Officer Custer's actions. Any bruising to her knee apparently occurred as she placed herself on the ground. Under these circumstances, it is hard to see not only any excessive force, but also any actionable injury at all. Plaintiff is correct that the law does not require a plaintiff prove a significant injury, but it cannot be *de minimis*. *Williams v. Bramer*, 180 F.3d 699, 700 (5th Cir. 1999). Plaintiff argues that substantial psychological

injuries along with bruising can sustain an excessive force claim, citing *Dunn v. Denk*, 79 F.3d 401 (5th Cir. 1996). The summary judgment evidence shows that Plaintiff never received any medical or psychological treatment. (Ex. D1, pp. 31-32 & 192). The plaintiff in *Dunn*, according to the opinion underlying the one cited by Plaintiff, offered expert testimony and evidence that she suffered psychological injury that was substantial, sidetracking her recovery from depression. *Dunn v. Denk*, 54 F.3d 248, 249-50 (5th Cir. 1995) *on reh'g en banc*, 79 F.3d 401 (5th Cir. 1996). According to her psychiatrist, Ms. Dunn was traumatized emotionally, resulting in post-traumatic stress syndrome that would likely endure for the rest of her life, leaving her prone to anxiety and panic in situations that are usually considered routine. *Id.* A *de minimis* injury is simply insufficient. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). Finding injuries sustained from handcuffing a subject were inadequate); *compare Schmidt v. Gray*, 399 F. App.x 925, 929 (5th Cir. 2010) (finding injury sufficiently stated where plaintiff created a fact issue concerning whether the officer intended to slam plaintiff's thumb in a car trunk). Where a plaintiff does not demonstrate that she suffered psychological injury from an arrest, a Fourth Amendment claim does not exist. *Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005). The *Tarver* court also pointed out that the Eighth Circuit requires medical evidence before handcuffing a subject can support a claim of excessive force. Here, Plaintiff has given the Court no such evidence to support any injury, psychological or otherwise, caused directly by excessive force allegedly employed by Officer Spikes.

12. Perhaps because none of Officer Spikes' actions are clearly excessive or objectively unreasonable, Plaintiff's Response suggests that a violation of police department policy, if shown, might support her claim. (DE pp. 6-7). This is not the law. *Pasco ex rel. Pasco v.*

*Knoblauch*, 566 F.3d 572, 579 (5th Cir. 2009). In *Pasco*, the plaintiff argued that the officer's conduct violated clear Fourth Amendment law because he "was acting contrary to police department protocol." *Id*. The court found that the officer acting contrary to his supervisor's order was "constitutionally irrelevant." *Id*. "Violations of non-federal laws cannot form a basis for liability under § 1983, and qualified immunity is not lost because an officer violates department protocol. *See, e.g., Collins v. City of Harker Heights,* 503 U.S. 115, 119, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) (finding that § 1983 does not provide a remedy if there is no violation of federal law); *Davis v. Scherer,* 468 U.S. 183, 194, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984) (noting that officials do not lose qualified immunity where they violate administrative directives)… ." *Id*. Even if Plaintiff could show behavior outside approved department policy, it would not support a finding of violation of a clearly established right.

13. Plaintiff's Response correctly points out that a right is clearly established when every reasonable official would know that his conduct violates that right. (DE 51, ¶ 58). It is hard to fathom how an officer pulling her weapon after being struck by a car driven by a person who would not provide identification and would not exit her vehicle is clearly at odds with what *every* reasonable official would know. If there is room for debate, that must be resolved by deference to the defense of qualified immunity. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011), citing *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034 (1987) and *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092 (1986). In the absence of any precedent clearly establishing that conduct such as Officer Spikes' is beyond the pale, she is entitled to dismissal. *Id*.

## III. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Spikes urges this Court to deny Plaintiff any and all relief demanded against Spikes and grant summary judgment in favor of Spikes. Additionally, Spikes further re-urges the Court to dismiss Plaintiff's claims as set out in her Motion to Dismiss. Spikes also requests an award of reasonable attorneys' fees and costs of suit. Finally, Spikes requests the Court grant such other and further relief, both general and specific, in law or at equity, as the Court deems just and proper.

Respectfully submitted,

WALSH, ANDERSON, GALLEGOS,
GREEN & TREVIÑO, P.C.
10375 Richmond Avenue, Suite 750
Houston, Texas 77042
Telephone: (713) 789-6864
Facsimile: (713) 789-9318
Email: jbyrom@wabsa.com
Email: kkalchthaler@wabsa.com

By: */s/ James E. Byrom*
    JAMES E. BYROM
    State Bar No. 03568100
    KELLEY L. KALCHTHALER
    State Bar No. 24074509
ATTORNEYS FOR DEFENDANT
TAMARA SPIKES

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of January, 2015, a true and correct copy of the foregoing was served upon counsel of record as follows:

| | |
|---|---|
| Kenneth W. Lewis<br>State Bar No. 12295300<br>Stephen L. Townsend<br>State Bar No. 24071539<br>Bush Lewis, PLLC<br>595 Orleans Street, Ste. 500<br>Beaumont, TX  77701<br>Phone: 409-835-3521<br>Facsimile: 409-835-4194<br>*ATTORNEYS FOR PLAINTIFF*<br>*CHRISTINE JONES* | *Via Electronic Case Filing* |
| Christopher Gilbert<br>State Bar No. 00787535<br>Frances R. Broussard<br>State Bar No. 24055218<br>Thompson & Horton LLP<br>Phoenix Tower, Suite 2000<br>3200 Southwest Freeway<br>Houston, TX 77027<br>Phone: 713-554-6767<br>Facsimile: 713-583-8884<br>*ATTORNEYS FOR DEFENDANT BEAUMONT*<br>*INDEPENDENT SCHOOL DISTRICT* | *Via Electronic Case Filing* |

                                                 */s/ James E. Byrom*
                                                 James E. Byrom