# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **CHRISTINE JONES** | § | |
| | § | **CIVIL ACTION NO. 1:14-CV-00103** |
| **VS.** | § | |
| | § | **Judge Ron Clark** |
| **TAMARA SPIKES and** | § | **Magistrate Judge Keith Giblin** |
| **BEAUMONT INDEPENDENT** | § | |
| **SCHOOL DISTRICT POLICE** | § | |
| **DEPARTMENT** | § | |

## DEFENDANT TAMARA SPIKES' RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO EXTEND, OR IN THE ALTERNATIVE, REVISE TIME FOR DESIGNATING PLAINTIFF'S EXPERT WITNESSES

Defendant Tamara Spikes, files this Response to Plaintiff's Opposed Motion to Extend, or in the Alternative, Revise Time for Designating Plaintiff's Expert Witnesses, and would show the Court, as follows:

### INTRODUCTION

1.      Plaintiff is correct that this Honorable Court, after removal of this case from state court by Defendants, the court entered a Scheduling Order on August 5, 2014, providing Plaintiff's designation of experts on October 23, 2014.  The incident made the basis of this suit occurred on or about May 2, 2013, and the suit was filed on or about January 13, 2013.

2.      Plaintiff counsel's allegation regarding not receiving relevant disclosures until filing a Request for Production does not apply to Defendant Spikes.  Disclosures were timely made by Defendant Spikes on August 8, 2014, and no questions or complaints about her disclosures have been raised by Plaintiff.

1

## RESPONSE

3.      Counsel for Defendant Spikes does not dispute Plaintiff's counsel's statement regarding his physical condition and certainly hopes that he continues to have a healthy recovery from his surgery.    However, Plaintiff's request to extend the deadline for naming experts and/or continuing the current trial setting is prejudicial to Spikes and should be denied.  As noted above, the incident made the basis of this suit occurred on or about May 2, 2013, and the suit was filed on or about January 13, 2013.    Presumably, Plaintiff's counsel had ample opportunity to investigate this matter and should have, prior to filing suit, determined the need for an expert. Instead, Plaintiff's counsel named himself as an expert for attorneys' fees, but named no expert as to liability.  Plaintiff's deadline to name experts was October 23, 2014.  At no time prior to this deadline was there ever any discussion regarding the need to take all of the depositions prior to the expert designation deadline, nor was there any request for extension of the deadline. Instead, the only request for extension comes after Defendant Spikes has named experts and filed her dispositive motion.

4.      On the other hand, Defendant Spikes timely named an expert, Margo Frasier, who wrote a detailed report, including her background, qualifications and opinions related to the incident in question.  (See Defendant Spikes' Designation of Experts with proof of receipt, attached hereto as Exhibit A.)   Said report was provided, along with an expert disclosure to Plaintiff, on November 20, 2014, which was timely according to the scheduling order entered by the Court. The designation also included naming defense counsel as experts on attorneys' fees.  Plaintiff had until January 2, 2015 to file objections to Defendant's experts, and did not do so.

5.      To allow Plaintiff more time to now designate an expert on liability in this matter is prejudicial to Defendants.   According to the original Scheduling Order, Plaintiff had the

responsibility to anticipate the use of experts and properly and timely designate such.  Now, only after receiving and reviewing the report by Defendants' expert, Plaintiff decides that an expert is needed.  This is an improper use of the scheduling time frame.  Plaintiff has the burden of proof in this matter and should be required to properly and timely present her expert witnesses' qualifications and opinions.  In effect, Plaintiff's request forces the Defendants to disclose their experts first and give Plaintiff the opportunity to evaluate defense experts before any designation.

6.    Said request further prejudices Defendants in that the original Scheduling Order included a dispositive motion deadline of January 2, 2015.  Both Defendants filed dispositive motions on or before the deadline.  Now that Plaintiff has had an opportunity to review the motions, which include the expert report of Margo Frasier, Plaintiff requests more time to take depositions and presumably, delay her response deadline, as well.

7.    Plaintiff asserts that multiple depositions are necessary to evaluate the need for an expert.  However, given the busy schedules of all of the attorneys in this matter, it will be very difficult to take all of these depositions within the next two to three months.  If Plaintiff is then granted another three weeks to name experts, the deadline would fall very near, if not during the trial date set by the Court.  This would also have the effect of delaying rulings on Defendant's Motions to Dismiss and/or Motions for Summary Judgment.

8.    Based on the above, maintaining the deadlines as found in the original Scheduling Order avoids prejudice to any party, as the unfortunate surgery to Plaintiff's counsel occurred approximately six weeks after the October 23, 2014 deadline to name experts

## **PRAYER**

Defendant Spikes requests the Court deny Plaintiff's Opposed Motion to Extend, or in the alternative, Revise Time for Designating Plaintiff's Expert Witnesses, and for such other relief, general or special, at law or in equity, to which she may show herself to be entitled.

Respectfully submitted,

WALSH, ANDERSON, GALLEGOS,
 GREEN & TREVINO P.C.


_/s/ James E. Byrom_
James E. Byrom
State Bar No. 03568100
jbyrom@wabsa.com
Kelley L. Kalchthaler
State Bar No. 24074509
kkalchthaler@wabsa.com
10375 Richmond Ave. Suite 750
Houston, Texas  77042-4196
(713) 789-6864 (phone)
(713) 789-9318 (facsimile)

ATTORNEYS FOR DEFENDANT
TAMARA SPIKES

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January, 2015, a true and correct copy of the foregoing was served upon counsel of record as follows:

Kenneth W. Lewis                    ***Via Electronic Case Filing.***
Stephen L. Townsend
BUSH LEWIS, P.L.L.C.
595 Orleans Street, Suite 500
Beaumont, Texas  77701
*Attorneys for Plaintiff*

Christopher B. Gilbert               ***Via Electronic Case Filing***
Frances R. Broussard
THOMPSON & HORTON, L.L.P.
3200 Southwest Freeway, Suite 2000
Houston, Texas  77027
*Attorneys for Defendant Beaumont ISD*


                              */s/ James E. Byrom*
                              James E. Byrom