IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CHRISTINE JONES, § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | |
| § | C.A. No. 1:14-cv-00103 |
| TAMARA SPIKES *et al*, § | |
| § | |
| Defendants § | |

**DEFENDANT BEAUMONT ISD'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OPPOSED MOTION TO EXTEND, OR IN THE ALTERNATIVE, REVISE TIME FOR DESIGNATING PLAINTIFF'S EXPERT WITNESSES**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Beaumont Independent School District ("BISD" or "District") files its Response in Opposition to Plaintiff's Opposed Motion to Extend, or in the Alternative, Revise Time for Designating Plaintiff's Expert Witnesses, and would show the Court as follows:

1. Plaintiff's deadline for designating her expert witnesses was October 23, 2014, a deadline that was set in the August 5, 2014 Scheduling Order that was issued by this Court. Plaintiff designated an expert witness on attorney's fees on October 21, 2014, but otherwise did not designate any expert witnesses. It was not until over two months later, on December 31, 2014,[1] that counsel for the Plaintiff even mentioned the possibility of designating additional expert witnesses. Because Plaintiff has failed to explain why she could not have made this request back in October, it should be denied.

2. To modify an existing scheduling order, the Plaintiff must show good cause for doing so. FED. R. CIV. P. 16(b); *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997). The "good cause" standard focuses on the diligence of the party

---

[1] The email attached as Exhibit A is the first time that counsel for the Plaintiff ever mentioned to counsel for Defendant BISD that he was considering designating additional expert witnesses.

**DEFENDANT BEAUMONT ISD'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OPPOSED MOTION**     **Page 1**
**TO EXTEND, OR IN THE ALTERNATIVE, REVISE TIME FOR DESIGNATING PLAINTIFF'S EXPERT WITNESSES**

seeking the modification to the scheduling order. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir.1992). The absence of prejudice to the nonmovant does not fulfill the "good cause" requirement of Rule 16(b). *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind.1995); *Fellows v. Earth Constr., Inc*., 794 F. Supp. 531, 537-38 (D.Vt.1992). Mere inadvertence on the part of the movant is also insufficient to constitute "good cause." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990). Instead, to demonstrate "good cause," the Plaintiff must show that, despite his diligence, he could not have reasonably met the scheduling deadline. 6A Wright, et al., *Federal Practice & Procedure*, § 1522.1 at 231 (2d ed.1990). The Plaintiff's claim that the extension of the discovery deadline would not delay the resolution of this case and would not prejudice the Defendants are therefore insufficient to demonstrate good cause. *See Geiserman*, 893 F.2d at 791; *Tschantz*, 160 F.R.D. at 571; *Fellows*, 794 F. Supp. at 537-38.

  **3.** Plaintiff's counsel offers two reasons for an extension: first, that he has had health issues since November 2014, which may have postponed scheduling some depositions; and second, that "plaintiff was not provided relevant disclosures until October 2, 2014, after filing requests for production." First, while counsel for the District is sincerely sympathetic to Mr. Lewis' situation, Plaintiff has failed to explain how her counsel's surgery in December prevented her from anticipating the need for experts in October. Although Plaintiff fails to explain in any detail what kind of expert witnesses she now wishes to designate, other than calling them "liability experts," this is an excessive force/illegal arrest case based on a single incident involving the Plaintiff and Officer Spikes. The need for expert witnesses on the issue of excessive force and/or illegal arrest should have been apparent to the Plaintiff prior to the October 23, 2014 designation deadline – and, in fact, prior to the filing of this lawsuit in the first place. If Plaintiff needed additional discovery to designate an expert, she would have known

about that need back in October, and should have raised the issue of an extension before her October 23 deadline – and before the Defendants filed their Designation of Exert Witnesses on November 20, 2014, and their Motions for Summary Judgment on December 30, 2014 and January 2, 2015. Plaintiff has not explained what changed, if anything, between October 23 and December 29, 2014 that caused her to suddenly feel that she needed additional expert witnesses.

    4.     In the Motion, Plaintiff lists eight (8) depositions that she says "are necessary to evaluate the need for a liability expert." (Motion to Extend, ¶ 6.) However, she does not explain why these depositions are necessary, and more importantly, she does not explain why she did not know on or before October 23, 2014 that she needed these depositions to determine whether she needed a "liability expert." Out of the eight (8) witnesses, five (5) (Spikes, Moore, Rivers, Jackson and Douglas) were identified in the District's Initial Disclosures and/or are listed in the Offense Report that was produced to the Plaintiff on August 1, 2014. (*See* Exhibit B.) A sixth, Clydell Duncan, was the BISD Chief of Police at that time, and thus an obvious witness (if the Plaintiff thought he was relevant to some issue). Steven Jones is presumably Plaintiff Christine Jones' husband; there is no explanation why Plaintiff would need to formally depose her own husband, to find out whatever information he could provide that would help "evaluate the need for a liability expert." The identities of all seven (7) of these witnesses were well known to the Plaintiff months before her October 23, 2014 deadline for designating experts, and she could have easily determined prior to October 23 whether she needed their depositions or not.

    5.     The only witness the Plaintiff names who would arguably have been a surprise witness to her in October 2014 was Dispatcher Jada Day – and that is because she was a surprise witness to everyone until Dispatcher Janet Flanagan, who was the dispatcher who had communicated with Officer Spikes on the day in question, was identified by the District in its Disclosures (Ex. B, p. 3), and was deposed by the Plaintiff on November 21, 2014, revealed that

there had been a second dispatcher (Day) working that day who might also know something. Ironically, although the identify of Day would not have been known to the Plaintiff on October 23, 2014, Day has already been deposed in this case (along with Officer Jackson), on January 14, 2015 (after the Motion to Extend was filed, but before this Response was filed).

6. Plaintiff's second reason for asking for an extension is that "plaintiff was not provided relevant disclosures until October 2, 2014, after filing requests for production." (Motion to Extend, ¶ 2.) The District sent counsel for the Plaintiff its Initial Disclosures on August 1, 2014. (See Exhibit A.) Plaintiff did send the District discovery requests, and the District initially responded to them on September 12, 2014, and then supplemented those responses on October 1, 2014. (See Exhibit C.) Since October 1, 2014, counsel for the Plaintiff has not complained to counsel for the District that the District's discovery responses are inadequate in any way.

7. The bottom line is this: since October 2, 2014, Plaintiff has had all of the paper discovery that she presumably needs from the District, and has known the identities of seven out of the eight witnesses she now wants to depose, as well as their involvement in this case (the eighth witness having already been deposed by now). Plaintiff had at least three (3) weeks between October 2 and October 23 to determine whether she needed to designate any experts, and to then ask the Defendants prior to her designation deadline for an extension. She did not do so. Nor has the Plaintiff explained what has changed between October 23, 2014 and December 31, 2014 – what she learned from the District's records she received on or before October 1, 2014, or what she realized one of the known witnesses might know – that rendered the depositions "necessary to evaluate the need for a liability expert."

8. What Plaintiff is really arguing is that she should be allowed to conduct all of the discovery that she intends to conduct in this case, before she has to designate any expert

witnesses. However, that is not how the Scheduling Order was structured in this matter. Plaintiff could have asked the Court in the Joint Conference Report filed on July 30, 2014 to change the traditional scheduling order to move the expert witness designation dates to the end of the discovery period, if she thought there was not sufficient time to conduct the eleven (11) depositions in this case, but she did not. More importantly, while Plaintiff might not have been able to finish all of her anticipated depositions by October 23, 2014, she could have raised the issue of an extension with the Defendants prior to the October 23 deadline, and allowed the parties to discuss the issue before the Defendants were forced to file their Designations of Expert Witnesses and their Motions for Summary Judgment.

9.   Counsel for the District agrees with Defendant Spikes, that allowing Plaintiff to file an untimely designation of liability experts would be prejudicial to the District's case. For that reason, the District respectfully requests that the Court deny Plaintiff's Opposed Motion to Extend, or in the Alternative, Revise Time for Designating Plaintiff's Expert Witnesses.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: /s/ Christopher B. Gilbert
Christopher B. Gilbert
Attorney-in-Charge
State Bar No. 00787535
cgilbert@thompsonhorton.com
Frances R. Broussard
State Bar No. 24055218
fbroussard@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6744
Facsimile: (713) 583-7698

**ATTORNEYS FOR DEFENDANT BEAUMONT INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, on January 20, 2015.

        Kenneth W. Lewis
        Stephen L Townsend
        Bush Lewis, P.L.L.C.
        595 Orleans Street, Suite 500
        Beaumont, Texas  77701
        *Attorneys for Plaintiff*

        James E. Byrom
        Kelley L. Kalchthaler
        Walsh, Anderson, Gallegos, Green & Trevino, P.C.
        10375 Richmond Avenue, Suite 750
        Houston, Texas  77042
        *Attorneys for Defendant, Tamara Spikes*

         /s/ Christopher B. Gilbert
        Christopher B. Gilbert