IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTINE JONES | § | |
| | § | CIVIL ACTION NO. 1:14-CV-00103 |
| VS. | § | |
| | § | Magistrate Judge Keith Giblin |
| TAMARA SPIKES and | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT POLICE | § | |
| DEPARTMENT | § | |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED ORIGINAL COMPLAINT

Plaintiff requests leave of court to file an amended complaint pursuant to Fed. R. Civ. P. 15 (a)(2) adding a claim for malicious prosecution civil rights violations based on evidence newly revealed during recent discovery in the case.

### A. Introduction

1. Plaintiff is Christine Jones; defendants are Beaumont Independent School District and Tamara Spikes.

2. Plaintiff sued defendants for civil rights violations relating to plaintiff's stop, seizure, and arrest at a BISD public school by Beaumont Independent School District Police Department (BISD) Officer Tamara Spikes (Spikes).

3. Plaintiff was unaware of how she came to be charged with aggravated assault and be arrested until information cumulatively revealed in the following discovery:

   a. Spikes' undated declaration attached to BISD's January 2, 2015 motion for summary judgment indicated Spikes called Sergeant Eric Payne to seek advice on filing charges (Doc. 48-2, p.1-4); and

   b. Officer Donald Jackson's January 15, 2015 deposition indicated that he advised a supervisor talking to Spikes that the only charge he thought fit the facts would be aggravated assault *if* Jones intentionally struck Spikes with her vehicle (Ex. A, Jackson Depo. 29:5-25; 33:10-23; 34:1-17; 61:1-23).

The clear picture this testimony portrays is that Spikes knew she could charge Jones with a crime only if she intended to hit Spikes with her vehicle and that Spikes knew this prior to having Jones transported to jail. Spikes then filed criminal charges against Jones swearing Jones intentionally drove her vehicle into her. Videotape at the scene shows that when Jones moved her vehicle Jones was looking at traffic to her right and turned her vehicle to the right – away from Spikes, who was on her left. If Spikes was actually struck by Jones' outside left mirror it was certainly not intentional. Shortly after swearing to the affidavit on which the criminal charge was based, Spikes filed a personal injury negligence case against Jones judicially admitting that Jones did not intentionally hit her. Still Spikes did not dismiss the criminal charges against Jones or withdraw or modify her sworn affidavit and statements alleging intent by Jones. Likewise, no one with BISD or BISD PD withdrew or sought dismissal of the criminal charges against Jones or, apparently, reviewed the videotape of the incident prior to the filing of this lawsuit.

4. More than 21 days have passed since the answers of defendants and the docket control order deadline for an amended pleading without leave of court has passed and defendants will not consent to the amendment.

### B. Argument

5. Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

6. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15 (a)(2); *Foman*, 371 U.S. at 182; *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011); *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).

7.	Although the amendment is sought after the scheduling-order deadline, leave to amend should be freely given when there is good cause. *United States v. Dang*, 488 F.3d 1135, 1142-43 (9th Cir. 2007); *see* Fed. R. Civ. P. 16 (b)(3)(A), (b)(4); *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154-55 (1st Cir. 2004).

8.	Because of the newly discovered evidence, the Court should allow the filing of plaintiff's amended pleading because it is appropriate and necessary. *See Gamma-10 Plastics, Inc. V. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255-56 (8th Cir. 1994). Plaintiff will be prejudiced if not allowed to amend and present her malicious prosecution claims in her civil rights lawsuit against defendants.

9.	The Court should allow the filing of plaintiff's amended pleading because defendants will not be prejudiced by the amended pleading. *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 117-19 (4th Cir. 2013), *cert. denied*, 134 S.Ct. 2871 (2014) (No. 13-899; 6-30-14); *Bylin v. Billings*, 568 F.3d 1224, 1229-30 (10th Cir. 2009). Defendants already knew these facts only recently revealed to plaintiff in discovery.

10.	The Court should allow the filing of plaintiff's amended pleading because plaintiff is not guilty of undue delay. *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 117-19 (4th Cir. 2013), *cert. denied*, 134 S.Ct. 2871 (2014) (No. 13-899; 6-30-14); *see Foman v. Davis*, 731 U.S. 178, 182 (1962). Plaintiff diligently moved to amend as soon as it became apparent that the amendment was necessary. *See Arreola v. Godinez*, 546 F.3d 788, 795-96 (7th Cir. 2008); *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391 (5th Cir. 1985).

11.	The Court should allow the filing of plaintiff's amended pleading because defendants will not be prejudiced by any delay that plaintiff's amended pleading may cause. *See Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391 (5th Cir. 1985).

12. The Court should allow the filing of plaintiff's amended pleading because the Court will not be substantially burdened by any delay that plaintiff's amended pleading may cause. *See Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 42, 427 (5th Cir. 2004).

13. The Court should allow the filing of plaintiff's amended pleading because plaintiff is not guilty of bad faith. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

14. The Court should allow the filing of plaintiff's amended pleading because the amendment is not futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). This is not a frivolous claim and will survive any motion for summary judgment because sufficient alleged facts support the claim.

15. Plaintiff is filing its amended pleading along with this motion.

### C. Conclusion

16. Justice requires plaintiff be granted leave of court to file an amended complaint pursuant to Fed. R. Civ. P. 15 (a)(2) adding a claim for malicious prosecution civil rights violations based on evidence newly revealed during recent discovery in the case.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Ste. 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: _____
Kenneth W. Lewis
Texas Bar #12295300
Ken.l@bushlewis.com
Stephen L. Townsend
Texas Bar #24071539
Stephen.t@bushlewis.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, this ___ day of January, 2015.

_____
Kenneth W. Lewis

## CERTIFICATE OF CONFERENCE

I hereby certify that I have complied with the meet and confer requirements of Local Rule CV-7(h) by contacting counsel for defendants via e-mail regarding the filing of this motion. Defendants are (opposed)/unopposed to plaintiff's request for leave to amend her complaint.

_____
Kenneth W. Lewis