IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CHRISTINE JONES § | |
| § | CIVIL ACTION NO. 1:14-CV-00103 |
| VS. § | |
| § | Judge Keith Giblin |
| TAMARA SPIKES and § | |
| BEAUMONT INDEPENDENT § | |
| SCHOOL DISTRICT POLICE § | |
| DEPARTMENT § | |

**JONES' REPLY TO SPIKES' RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO EXTEND, OR IN THE ALTERNATIVE, REVISE TIME FOR DESIGNATING PLAINTIFF'S EXPERT WITNESSES**

1. Plaintiff incorporates the evidence, authorities, and arguments presented in her motion (Doc.50), as well as those in this reply, to show need for an extension of time, or, in the alternative, a need to revise time for designating plaintiff's expert witnesses.

## JONES' REPLY

2. A court can modify a scheduling order on a showing of good cause. Fed. R. Civ. P. 16(b)(4).

3. The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir.2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed.1990)).

4. There is good cause to modify the current scheduling order because plaintiff has diligently attempted to comply with the order but cannot reasonably meet the schedule. As discussed in Jones' motion, in the fall of 2014 lead counsel for plaintiff, Kenneth W. Lewis, suffered from severe pain in his hip, leg, and foot which prevented him from

standing or walking more than a few minutes at a time.  (Doc. 50, p.1-2).  The condition required surgery. Post-surgery, Lewis was placed on restrictions in order to recover.

5.	The Scheduling Order provided for plaintiff's designation of experts on October 23, 2014. Plaintiff submitted designations on October 21, 2014. By October 23, 2014, no depositions had been taken.

6.	Plaintiff attempted to take depositions while suffering from the condition, and did manage to take the depositions of:

       a.	BISD Officer Matthew Custer (November 21, 2014)

       b.	Dispatcher Janet Flanagan (November 21, 2014)

       c.	Plaintiff, Christine Jones (December 4, 2014)

7.	However, in order to evaluate the need for a liability expert, plaintiff needs to take the depositions of:

       a.	Co-defendant Tamara Spikes

       b.	Plaintiff's Husband, Steven Jones

       c.	BISD Officer Danny Moore (investigated the incident)

       d.	Officer Steven Rivers (transported plaintiff to jail)

       e.	Davita Douglas (school clerk and eyewitness)

       f.	BISD Police Chief Clydell Duncan

8.	Spikes' response indicates that these depositions could take months to schedule. (Doc. 54, p.3). These witnesses are out of plaintiff's control, but these depositions have been requested from the outset of this litigation. Defendant was able to provide a liability expert because she has the benefit of being able to question these witnesses and review BISD policies and procedures. Plaintiff does not have that luxury.

9.  Once his pain began, depositions were delayed due to plaintiff's counsel's medical issues. After taking these depositions, counsel may determine that there is a need to hire a particular type expert. *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 597 (S.D. Tex. 2011) (Scheduling order was extended because, "depending on what each Plaintiff says during a proper deposition, ... counsel may determine that Defendants need to hire a particular type of expert").

## REQUEST

10. Plaintiff asks the court to allow plaintiff until three weeks after the completion of the depositions of:

    a. Tamara Spikes

    b. Steven Jones

    c. Officer Danny Moore

    d. Officer Steven Rivers

    e. Davita Douglas

    f. Chief Clydell Duncan

to file her expert reports.

11. In the alternative, plaintiff asks the court to enter a new scheduling order that would move the trial and all other dates back so that plaintiff could designate liability experts (if needed after the pending depositions).

## PRAYER

12. Because plaintiff has diligently attempted to comply with the Court's scheduling order but cannot reasonably meet the schedule, there is good cause for the Court to modify the scheduling order. For these reasons, plaintiff asks the court to allow her until

three weeks after the completion of the last of the depositions of the indicated witnesses to file expert reports, or strictly in the alternative, a new scheduling order be entered with the trial and all other dates pushed back so that plaintiff could timely designate liability experts.

                                  Respectfully submitted,

                                  BUSH LEWIS, PLLC
                                  595 Orleans Street, Ste. 500
                                  Beaumont, Texas 77701
                                  409/835-3521
                                  409/835-4194 (Fax)

By: _____
       Kenneth W. Lewis
       Texas Bar #12295300
       Ken.l@bushlewis.com
       Stephen L. Townsend
       Texas Bar #24071539
       Stephen.T@bushlewis.com

                                  ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, this 30th day of January, 2015.

_____
Kenneth W. Lewis