IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CHRISTINE JONES | § |
| | § CIVIL ACTION NO. 1:14-CV-00103 |
| VS. | § |
| | § Judge Keith Giblin |
| TAMARA SPIKES and | § |
| BEAUMONT INDEPENDENT | § |
| SCHOOL DISTRICT POLICE | § |
| DEPARTMENT | § |

**JONES' REPLY TO BISD'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO EXTEND, OR IN THE ALTERNATIVE, REVISE TIME FOR DESIGNATING PLAINTIFF'S EXPERT WITNESSES**

1. Plaintiff incorporates the evidence, authorities, and arguments presented in her motion (Doc.50), as well as those in this reply, to show need for an extension of time, or, in the alternative, a need to revise time for designating plaintiff's expert witnesses.

**JONES' REPLY**

2. A court can modify a scheduling order on a showing of good cause. Fed. R. Civ. P. 16(b)(4).

3. The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir.2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed.1990)).

4. There is good cause to modify the current scheduling order because plaintiff has diligently attempted to comply with the order but could not reasonably meet the schedule. As discussed in Jones' motion, in the fall of 2014 lead counsel for plaintiff, Kenneth W. Lewis, suffered from severe pain in his hip, leg, and foot which prevented him from

standing. (Doc. 50, p.1-2). The condition required surgery. Post-surgery, Lewis was placed on restrictions in order to recover.

5. The Scheduling Order provided for plaintiff's designation of experts on October 23, 2014 and plaintiff's counsel tried diligently to comply even though no depositions had been taken and did submit initial designations on October 21, 2014.

6. Plaintiff attempted to take depositions while suffering from his back problems and did manage to take the following depositions prior to his back surgery:

      a. BISD Officer Matthew Custer (November 21, 2014)

      b. Dispatcher Janet Flanagan (November 21, 2014)

      c. Plaintiff, Christine Jones (December 4, 2014)

7. However, in order to evaluate the need for a liability expert, plaintiff needs to take the depositions of:

      a. Co-defendant Tamara Spikes

      b. Plaintiff's Husband, Steven Jones

      c. BISD Officer Danny Moore (investigated the incident)

      d. Officer Steven Rivers (transported plaintiff to jail)

      e. Davita Douglas (school clerk and eyewitness)

      f. BISD Police Chief Clydell Duncan

8. BISD correctly identified two depositions that have taken place since plaintiff's motion was filed (Officer Jackson and Dispatcher Day, not listed above). (Doc. 55, p.3-4) BISD faults plaintiff for not anticipating what the witnesses listed above would testify to. (Doc. 55, p.3). With the exception of Steven Jones, these witnesses are out of plaintiff's control. BISD was able to identify its need for a liability expert based on these witnesses'

testimony because, aside from Jones, they were all employees of BISD. Jones does not have that ability.

9.   Planned depositions were delayed due to plaintiff's counsel's medical issues. After taking these depositions, counsel may determine that there is a need to hire a particular type of liability expert. *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 597 (S.D. Tex. 2011) (Scheduling order was extended because, "depending on what each Plaintiff says during a proper deposition, ... counsel may determine that Defendants need to hire a particular type of expert").

## REQUEST

10.   Plaintiff asks the court to allow plaintiff until three weeks after the completion of the depositions of:

      a.   Tamara Spikes

      b.   Steven Jones

      c.   Officer Danny Moore

      d.   Officer Steven Rivers

      e.   Davita Douglas

      f.   Chief Clydell Duncan

to file her final liability expert designations and expert reports.

11.   In the alternative, plaintiff asks the court to enter a new scheduling order that would move the trial and all other dates back so that plaintiff could designate liability experts (if needed after the pending depositions).

## PRAYER

12.   Because plaintiff has diligently attempted to comply with the Court's scheduling

order but cannot reasonably meet the schedule, there is good cause for the Court to modify the scheduling order. For these reasons, plaintiff asks the court to allow her until three weeks after the completion of the last of the depositions of the indicated witnesses to file expert reports, or strictly in the alternative, a new scheduling order be entered with the trial and all other dates pushed back so that plaintiff could timely designate liability experts.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Ste. 500
Beaumont, Texas 77701
409/835-3521
409/835-4194 (Fax)

By: _____
Kenneth W. Lewis
Texas Bar #12295300
Ken.l@bushlewis.com
Stephen L. Townsend
Texas Bar #24071539
Stephen.T@bushlewis.com

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, this 30th day of January, 2015.

_____
Kenneth W. Lewis