IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTINE JONES, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | C.A. No. 1:14-cv-00103 |
| TAMARA SPIKES *et al,* | § | |
| | § | |
| Defendants | § | |

### DEFENDANT BEAUMONT INDEPENDENT SCHOOL DISTRICT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Beaumont Independent School District ("BISD" or "District") files its Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Original Complaint, and would show the Court as follows:

**I.**

1. Plaintiff seeks leave to amend her First Amended Complaint, to add a new claim for malicious prosecution. As the Fifth Circuit has noted, although Rule 15 provides that leave to amend shall be freely given when justice so requires, "it is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1980)). In deciding whether to grant leave to amend a pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *Wimm*, 3 F.3d at 139. Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is

reversible only for an abuse of discretion. *Wimm*, *supra*. When, as here, the deadline for seeking leave to amend pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the Rule 16 good cause standard. *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Valcho v. Dallas County Hospital Dist.*, 658 F.Supp.2d 802, 814 (N.D. Tex. 2009). The District opposes Plaintiff's request on the grounds of undue delay, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility.

   2. **UNDUE DELAY**. Even assuming that Plaintiff could assert a valid free-standing malicious prosecution claim (see below), she has completely failed to explain why she did not plead the claim in either her Original Petition or her First Amended Complaint. Plaintiff has complained about her prosecution in this matter from the start (*see* Original Petition, ¶ 16; First Amended Complaint, ¶ 15), but chose for some reason not to include a malicious prosecution claim in those pleadings, even though "malicious prosecution" is an obvious companion claim in a lawsuit that already contained excessive force and false arrest claims.

   3. Assuming such a claim exists, to establish a claim for malicious prosecution, a plaintiff must show:

   (1) a criminal action was commenced against the plaintiff;
   (2) the prosecution was caused (initiated or procured) by the defendant or with the defendant's aid;
   (3) the action terminated in the plaintiff's favor;
   (4) the plaintiff was innocent;
   (5) the defendant acted without probable cause;
   (6) the defendant acted with malice; and
   (7) the criminal proceeding damaged the plaintiff.

*Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 n.6 (5th Cir. 2010) (citing *Taylor v. Gregg,* 36 F.3d 453, 455 (5th Cir.1994) and *Richey v. Brookshire Grocery Co.,* 952 S.W.2d 515, 518 (Tex.1997)). Elements #1, #2, #3, #4 and #7 were all obviously known to the Plaintiff or particularly within her knowledge at the time she filed this lawsuit. Plaintiff alleged in her

Original Petition that Defendant Spikes acted with "evil motive or intent" and was motivated by "malice." (Petition, ¶ 26.)

4. That leaves acting without "probable cause," which "lies at the heart" of a malicious prosecution claim. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (*en banc*). Acting without probable cause is also one of the major elements of a false arrest claim. *See Fields v. City of South Houston*, 922 F.2d 1183, 1189 (5th Cir. 1989). The basis for Plaintiff's false arrest claim is her argument that she did not intend to strike Officer Spikes with her car, and that "[w]ithout the intent, there can be no crime of assault." (Response to BISD MSJ, p. 17.) Therefore, she reasons, there was no probable cause to arrest her. (*Id*. at pp. 23-25.) However, her alleged lack of intent to strike Officer Spikes with her car is also the factual basis for her proposed malicious prosecution claim. (*See* Motion for Leave, ¶ 3 ("The clear picture this testimony portrays is that Spikes knew she could charge Jones with a crime only if she intended to hit Spikes with her vehicle…."); Proposed Second Amended Complaint, ¶¶ 16-17.) So the bottom line is this: because whether "probable cause" exists is the central element of both an illegal arrest and a malicious prosecution claim, Plaintiff knew or should have known about the possibility of a malicious prosecution claim at the same time she decided she had an illegal arrest claim.

5. Plaintiff asserts that her proposed malicious prosecution claim is based on "newly discovered evidence," (*see* Motion for Leave, ¶ 8), but the only evidence she claims to have "newly discovered" is a conversation between Defendant Spikes and Officers Payne and Jackson at the scene of the incident, where Spikes sought advice on filing charges, and Jackson supposedly said that the only charge he thought would fit the facts would be aggravated assault if Plaintiff intentionally struck Spikes with her car. (*Id*. at ¶ 3.) Plaintiff has always maintained that either she did not strike Spikes, or that if she did, she did not intend to do so, so the mere

fact that the officers in the scene had a conversation about what to charge Spikes with is hardly "newly discovered evidence" that would justify such a late addition to this lawsuit

6. **UNDUE PREJUDICE**. Allowing Plaintiff to amend her lawsuit to add an entirely new claim at this stage in the litigation would absolutely prejudice the District. Plaintiff's deadline to amend her pleadings was November 6, 2014. After that time, the District sought and retained an expert witness, based on the claims that existed at that time, and filed its Designation of Expert Witnesses on November 20, 2014. The Defendants took Plaintiff's deposition on December 4, 2014, and asked her questions based on the claims that existed at that time. The District then filed its Motion for Summary Judgment on January 2, 2015, addressing all of the claims that existed at that time. All of these may need to be reopened and redone, if Plaintiff is allowed to add a major new claim for malicious prosecution at this stage of this litigation.

7. When a party attempts to amend his or her pleadings after a motion for summary judgment has been filed, the Fifth Circuit and other courts have repeatedly considered the timing of the motion for leave as grounds for denying such a motion:

> This case is unlike the usual one in which leave to amend is freely to be given. Extensive prelawsuit and pretrial proceedings have taken place. More importantly, the government has already filed a summary judgment motion based on the current pleadings. To grant Overseas leave to amend is potentially to undermine the government's right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint. The summary judgment procedure has built-in protections against premature judgments. A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint.

*Overseas Inns S.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990) (quoting with approval from the district court's denial of leave to amend); s*ee also Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) ("we more carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment."); *James v. McCaw Cellular Communications, Inc*., 988 F.2d 583, 587 (5th Cir. 1993) (Plaintiff's motion to

amend and add party, filed almost 15 months after original complaint, ten months after joinder deadline, five months after deadline for amendments, three weeks after defendant's motion for summary judgment and one week after plaintiff's motion for summary judgment, was properly denied as untimely); *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 n.2 (5th Cir. 1992), *aff'd*, 37 F.3d 1069, 1073 n.8 (5th Cir. 1994) (*en banc*) ("the fact that a defendant has filed a motion for summary judgment is significant in the determination whether a plaintiff's subsequent motion to amend is timely."); *Gregory v. Mitchell*, 634 F.2d 199, 202-03 (5th Cir. 1981) (holding that it was not an abuse of discretion to deny leave to amend after the district court had taken motions to dismiss and motions for summary judgment under submission); *Valcho v. Dallas County Hospital Dist.*, 658 F.Supp.2d 802, 815 (N.D. Tex. 2009) (denying a motion for leave to amend on grounds that "[t]his court has frequently found prejudice when a party seeks leave to amend after the opposing party has filed a motion for summary judgment," and citing *Oversees Inns*, 911 F.2d at 1151).[1]

8. **FUTILITY**. Lastly, Plaintiff's request for leave to add a malicious prosecution claim should be denied on the grounds that it would ultimately be futile. The Fifth Circuit has recently confirmed that a freestanding Section 1983 claim based solely on malicious prosecution is not viable. *See Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc); *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010). This Court acknowledged the same earlier this year in *Frazier v. Walker*, 2015 WL 66549 (E.D. Tex. 2015) ("The Fifth Circuit has made it clear that in this circuit, "[t]here is no longer a freestanding section 1983 claim for

---

[1] *See also Witt v. American Trucking Ass'n, Inc.*, 860 F. Supp. 295, 305 (D. S.C. 1994) ("A motion for leave to amend is not a vehicle to circumvent summary judgment. After the parties have conducted discovery and a pending summary judgment motion has been fully briefed, the court should be strongly disinclined to grant leave to amend, particularly where no good cause can be shown for the delay."); *Eisenmann v. Gould-National Batteries, Inc.*, 169 F. Supp. 862, 864 (E.D. Penn. 1958) ("The plaintiffs should not be permitted to sit by for this period of time and attempt to bolster up their pleadings in answer to a motion for summary judgment when that motion has not been filed precipitately and when they have had ample opportunity to present their claims to the Court in a timely manner."); *M/V American Queen v. San Diego Marine Constr. Co.*, 708 F.2d 1483, 1492 (9th Cir. 1983); *Carter v. Supermarkets General Corp.*, 684 F.2d 187, 192 (1st Cir. 1982); *Woodson v. Fulton*, 614 F.2d 940, 942-43 (4th Cir. 1980).

malicious prosecution," … so that a claim for malicious prosecution based on an allegation that criminal proceedings were initiated without probable cause "does not state a claim."). Plaintiff has failed to explain how this case would avoid the prohibition against freestanding Section 1983 malicious prosecution claims set out in *Castellano.*

9. Equally important, Plaintiff's entire malicious prosecution claims appears to be based on the same deficient logic as her illegal arrest claim, *i.e.* that because Officer Spikes had a conversation with Officers Payne and Jackson at the scene of the incident about what charges should be filed, and/or did not tell Plaintiff what the charges were until they got to the police station (Motion for Leave, ¶ 3), this somehow shows that Officers Spikes lacked probable cause and/or acted maliciously towards her. As was discussed at length in the District's Summary Judgment Reply [Dkt. No. 58], the Supreme Court has rejected the argument that a police officer must tell a suspect on the scene what the charges will be, or that it somehow violates a prisoner's rights to eventually charge them with a different crime than what they were being arrested for: "[the arresting officer's] subjective reason for making the arrest need not be the criminal offense to which the known facts provide probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 152, 125 S. Ct. 588, 593 (2004). As the Court noted, "[w]hile it is assuredly good police practice to inform a person of the reason for his arrest at the time he is taken into custody, we have never held that to be constitutionally required." *Id.* at 155, 125 S. Ct. at 595; *see also Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("[A] plaintiff is not entitled to damages under § 1983 for false arrest so long as the arrest itself was supported by probable cause, regardless of whether probable cause supported any individual charge identified by the arresting officer at the time of arrest.").

10. If it does not violate a person's constitutional rights to not tell them what they are being arrested for at the time they are taken into custody (*Devenpeck*), or to eventually charge them with something different than they were told at the time of their arrest (*Devenpeck* and

*Jaegly*), then the mere fact that Officers Spikes, Payne and Jackson had a discussion about what charges fit the facts of their situation – which is the only "newly discovered evidence" identified by the Plaintiff – is irrelevant to both her illegal arrest claim and to any malicious prosecution claim.

## II.

For the foregoing reasons, Plaintiff's request to amend her complaint to add a malicious prosecution claim is untimely, prejudicial to the Defendants, and ultimately futile. Defendant Beaumont Independent School District therefore respectfully requests that Plaintiff's Motion for Leave to File Second Amended Original Complaint be denied.

        Respectfully submitted,

        **THOMPSON & HORTON LLP**

        By: /s/ Christopher B. Gilbert
            Christopher B. Gilbert
            Attorney-in-Charge
            State Bar No. 00787535
            Frances R. Broussard
            State Bar No. 24055218

        3200 Southwest Freeway, Suite 2000
        Houston, Texas 77027
        Telephone: (713) 554-6744
        Facsimile: (713) 583-7698

        **ATTORNEYS FOR DEFENDANT BEAUMONT INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, on February 13, 2015.

    Kenneth W. Lewis
    Stephen L Townsend
    Bush Lewis, P.L.L.C.
    595 Orleans Street, Suite 500
    Beaumont, Texas 77701
    *Attorneys for Plaintiff*

    James E. Byrom
    Kelley L. Kalchthaler
    Walsh, Anderson, Gallegos, Green & Trevino, P.C.
    10375 Richmond Avenue, Suite 750
    Houston, Texas 77042
    *Attorneys for Defendant Tamara Spikes*

    /s/ Christopher B. Gilbert
    Christopher B. Gilbert