# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTINE JONES | § | |
| | § | CIVIL ACTION NO. 1:14-CV-00103 |
| VS. | § | |
| | § | Judge Ron Clark |
| TAMARA SPIKES and | § | Magistrate Judge Keith Giblin |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT POLICE | § | |
| DEPARTMENT | § | |

## DEFENDANT TAMARA SPIKES' RESPONSE TO PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant Tamara Spikes, files this Response to Plaintiff's Opposed Motion for Leave to File Second Amended Complaint, and would show the Court, as follows:

## I. FACTUAL BACKGROUND

1.    The incident made the basis of this suit occurred on or about May 2, 2013, and the suit was filed (in State District Court) on or about January 13, 2014. The case was removed to this Court on or about February 15, 2014.

2.    On August 5, 2014, this Court entered a Scheduling Order which included, among other deadlines, a November 6, 2014 date for Plaintiff to file (without leave of court) any amended pleadings. The Dispositive Motion deadline for Defendants was January 2, 2015. Trial is set for May 11, 2015.

3.    Now, Plaintiff seeks to file a First Amended Complaint alleging a new cause of action for Malicious Prosecution.  Defendant Spikes opposes said Motion under Federal Rule of Civil Procedure 16 on the grounds of undue delay, prejudice, and futility.

## II.  ARGUMENTS & AUTHORIES

### A.    UNDUE DELAY

4.    If granted, this request would have the effect of delaying rulings on Defendant's Motions to Dismiss and/or Motions for Summary Judgment (Dkt. 25 & 44), and require Defendants to file a second Supplemental or Amended Motion for Summary Judgment.  As previously noted, under the Scheduling Order entered by this Court in August of 2014, all parties had a deadline to file dispositive motions on or before January 2, 2015.  Defendant Spikes timely filed her dispositive motions.  Plaintiff has filed her Response to the Motion for Summary Judgment (Dkt. 51).  The parties have filed Replies and Sur-Replies in this matter. (*See* Dkt. 53, 58, 61 & 63)  The motions are ripe for ruling.

5.    Plaintiff's attempt to add a new claim would require Defendant to file further dispositive motions regarding the new claim.  This would also cause a delay in the Court's ruling on the timely filed dispositive motions.  Further, Plaintiff would then have the ability to file a further response to the dispositive motions filed by Defendants.  This would have the effect of reopening all discovery and allowing Plaintiff to attempt to provide a further, untimely, attempt to defeat Defendant's dispositive motions.   Further, allowing this amendment would have the probable effect of continuing the trial date from its current setting. There will clearly be undue delay in this matter and therefore, Plaintiff's motion should be denied.

### B.    PREJUDICE

6.    Prior to filing this suit in January of 2014, Plaintiff's counsel had ample opportunity to investigate this matter and should have been able to determine which claims he intended to pursue on behalf of his client.  Plaintiff's deadline to file amended pleadings, without leave of

court, was November 6, 2014 (Dkt. 18).  At no time prior to this deadline was there ever any discussion regarding the need for an amended complaint or any additional claims.  Defendant asserts that no new, or previously unknown, information has been discovered which would give rise to new causes of action.  From the outset of the incident made the basis of this suit, Plaintiff has denied any wrongdoing and has asserted that she should not have been arrested.  Therefore, Plaintiff's requested amendment adds nothing new to the case, other than Plaintiff's attempt to reopen the evidence after her dispositive motion deadline has long passed.  Instead, as with the previous request in Plaintiff's Opposed Motion to Extend, or in the alternative, Revise Time for Designating Plaintiff's Expert Witnesses (Dkt. 50), this request for extension comes after Defendant Spikes has named experts (*see* Dkt. 38, Spikes' Notice of Designation of Experts) and filed her dispositive motions.  It should also be noted that Plaintiff filed an Original Petition and a First Amended Original Petition (Dkt. 2) in State Court, and an Amended Complaint (Dkt. 19) in Federal Court.  Plaintiff's current request would allow her a fourth attempt to plead her complaint and attempt to avoid dismissal.

7.      Said request prejudices Defendant Spikes in that the original Scheduling Order included a deadline of November 6, 2014 for Plaintiff to file amendments to pleadings, as well as a deadline for Defendant to file expert designations and dispositive motions.  Spikes timely filed expert designations (*see* Dkt. 38, filed on November 20, 2014) and filed dispositive motions on or before the deadline of January 2, 2014 (Dkt. 25 & 44).  Now that Plaintiff has had an opportunity to review the motions, which include the expert report of Margo Frasier, Plaintiff requests the court to allow an Amended Complaint adding a new cause of action (as well as asking the Court to extend her deadline to name experts and other deadlines, including the trial date).  This is clearly prejudicial to Defendant.

## C.    FUTILITY BASED ON PRECEDENT

8.    Defendant would also assert that Plaintiff's Motion should be denied based upon futility.  The United Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266 (1994), ruled that a state law claim of malicious prosecution is not, in itself, actionable under § 1983 without implicating some deprivation of a federal right. *See, e.g., Grody v. Burns*, 294 F.3d 722, 725 (5th Cir. 2002). The Fifth Circuit, citing *Albright* has stated that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." The Fifth Circuit went on to say that "*Albright* rejected the contention that the initiation of criminal proceedings without probable cause is a violation of substantive due process, holding that petitioner must look to the explicit text of the Fourth Amendment as a source of protection for the particular sort of government behavior" at issue. To the point, causing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim. It is equally apparent that additional government acts that may attend the initiation of a criminal charge could give rise to claims of constitutional deprivation.  The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983. Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion." *Castellano v. Fragozo*, 352 F.3d 939, 945-54 (5th Cir. 2003).  Based upon United

States Supreme Court and Fifth Circuit precedent, it would be futile for Plaintiff to bring a claim for Malicious Prosecution.

**D.    FUTILITY BASED ON MISLEADING ALLEGATIONS**

9.    It should also be noted that Plaintiff is misstating the evidence in an attempt to assert her new cause of action.  In her proposed Second Amended Complaint, she alleges that Defendant Spikes has taken inconsistent positions as to the actions of Plaintiff.  Plaintiff asserts that "Aggravated Assault" (the crime with which she was charged after striking Spikes with her vehicle) requires intent on the part of the criminal actor.  The Affidavit of Arrest was produced on or about May 2, 2013.  She then asserts that, because Spikes filed a negligence suit against her in State Court, she must not have believed that Plaintiff intended to assault her.  She alleges, in part, that after the incident, Spikes "filled out an arrest affidavit stating Jones intentionally struck Spikes with her vehicle."  However, Plaintiff bases this allegation on a misleading interpretation of the document itself and a blatantly incorrect statement of the law.  A review of the document, provided as Exhibit 10 (Dkt. 52-10) to Plaintiff's Response to Motion for Summary Judgment of Beaumont ISD (and attached here for the Court's ease of reference) does not contain the word "intentional" nor does it make any allegation regarding intent.  Further, and more importantly, under Texas Penal Code Title 5, entitled "Offenses Against the Person, Chapter 22. Assaultive Offenses" the law states that:  "(a) A person commits an offense if the person: (1) intentionally, knowingly, or *recklessly* causes bodily injury to another, including the person's spouse; (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." (Emphasis added).  Plaintiff would have this Court believe

5

that aggravated assault requires intentionality. This is clearly not the case. Secondly, it is undisputed that long before Defendant Spikes had filed a petition in state court alleging negligence, Plaintiff was denying that she had even hit Spikes, and certainly denying any Plaintiff did so intentionally. Also, the burden of proof is different, as well as the questions asked of the jury in a Texas state law personal injury case and a federal suit alleging violations of civil rights. Plaintiff cannot show that there is inconsistency in Plaintiff being charged with assault in a criminal matter and being sued for negligence in state court.

10.    It should also be noted that in each of Plaintiff's Complaints filed in this Court, including her proposed First Amended Complaint, she clearly states that "No Texas Tort Claims Act actions are presently asserted against Beaumont Independent School District Police Department or any of its employees." (Dkt. 2, 19 and 57).

11.    For the reasons stated above, Plaintiff's requested amendment would be futile. Plaintiff's claim of Malicious Prosecution is based upon a misstatement of the law and a misreading of the document at issue in this case.

12.    Based on the above, maintaining the deadlines as found in the original Scheduling Order (Dkt. 18) and denying Plaintiff's request to add a new cause of action avoids undue delay, prejudice and does not allow a claim to be file that is futile in this matter.

### III. PRAYER

Defendant Spikes requests the Court deny Plaintiff's Motion for Leave to File Second Amended Original Complaint (Dkt. 56), and for such other relief, general or special, at law or in equity, to which she may show herself to be entitled.

Respectfully submitted,

WALSH, ANDERSON, GALLEGOS,
  GREEN & TREVINO P.C.

*/s/ James E. Byrom*
James E. Byrom
State Bar No. 03568100
jbyrom@wabsa.com
Kelley L. Kalchthaler
State Bar No. 24074509
kkalchthaler@wabsa.com
10375 Richmond Ave. Suite 750
Houston, Texas  77042-4196
(713) 789-6864 (phone)
(713) 789-9318 (facsimile)

ATTORNEYS FOR DEFENDANT
TAMARA SPIKES

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of February, 2015, a true and correct copy of the foregoing was served upon counsel of record as follows:

Kenneth W. Lewis       ***Via Electronic Case Filing***
Stephen L. Townsend
BUSH LEWIS, P.L.L.C.
595 Orleans Street, Suite 500
Beaumont, Texas  77701
*Attorneys for Plaintiff*

Christopher B. Gilbert      ***Via Electronic Case Filing***
Frances R. Broussard
THOMPSON & HORTON, L.L.P.
3200 Southwest Freeway, Suite 2000
Houston, Texas  77027
*Attorneys for Defendant Beaumont ISD*

           */s/ James E. Byrom*
           James E. Byrom