IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTINE JONES | § | |
| | § | CIVIL ACTION NO. 1:14-CV-00103 |
| VS. | § | |
| | § | Judge Keith Giblin |
| TAMARA SPIKES and | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT POLICE | § | |
| DEPARTMENT | § | |

**PLAINTIFF'S REPLY TO DEFENDANT BEAUMONT INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED ORIGINAL COMPLAINT**

Evidence produced by BISD through BISD employee testimony has brought to light the malicious and reckless actions of its officers and supervisors, enabled by a customary practice of not following its own policies, which led to the violation of Jones' constitutional rights. Jones' motion for leave seeks to amend her pleadings to include malicious prosecution, which is not being brought as an independent claim, but as an additional Fourth Amendment violation of her constitutional rights. (Doc. 56 & 57). If Jones is prevented from amending her complaint to bring claims for this Fourth Amendment violation, it would allow BISD to benefit from the timing of depositions of its employees, which elicited the evidence showing BISD violations, and would prejudice Jones from seeking justice.

**A.   There is no undue delay. Jones diligently moved to amend as soon as it became apparent that the amendment was necessary.**

1.   BISD, in its response, admits there are elements of a malicious prosecution claim plaintiff did not know were violated. (Doc. 65). It admits plaintiff obviously did not know whether defendant acted without probable cause and with malice. (Doc. 65, p.2). As discussed in her motion, Officer Spikes lacked probable cause to seize and arrest Jones. (Doc. 56, p.1-2). At the time of seeking leave to file her amended pleading, plaintiff had just received evidence of how she came to be charged with aggravated assault. (Doc.56, p.1-2). Since filing her motion for leave, additional evidence has been revealed indicating

Spikes lacked probable cause, and that the customary practices within BISD enabled the prosecution of Jones regardless of probable cause.

2. On February 8, 2015, plaintiff deposed Officer Danny Moore. Moore investigated the scene on the day of the incident. Moore testified he did not see the assault in the video and witnesses he interviewed did not see Jones intentionally hit Spikes. (Doc. 63, Ex. 2, Moore Depo. 21:9-22:6, 23:6-24:5). During his investigation, Moore had found evidence contradicting statements Spikes provided in her probable cause affidavit. The only evidence Moore found of criminal violations was supplied by Spikes. (Doc. 63, Ex. 2, Moore Depo. 23:6-24:5). Although he had evidence that Jones had not committed the crimes, Moore, following the customary practice of the department, forwarded the charges to the district attorney without question and without reviewing them. (Doc. 63, Ex. 2, Moore Depo. 41:11-42:24).

3. On February 5, 2015, plaintiff deposed Officer David Hall, now the Chief of Police of BISD. Hall, Spikes' supervisor at the time, testified the customary practice of supervisors would be to leave the decision to review the probable cause affidavit to the detective (Moore). (Doc. 63, Ex. 4, Hall Depo., 29:7-32:4). Officer Payne, whose deposition was taken February 4, 2015, testified the supervisor should have reviewed the charges. (Doc. 63, Ex. 5, Payne Depo. 123:14-124:8). Hall stated that, as a supervisor, he left the decisions to the officers he supervised and hoped they did the right thing. (Doc. 63, Ex. 4, Hall Depo., 29:7-32:4).

4. Hall, now acting as Chief of Police, admitted BISD policies are only as effective as their enforcement, and if they are not enforced they are not useful. (Doc. 63, Ex. 4, Hall Depo. 11:15-24). Hall is now trying to change the culture within the department to make

the department more accountable for its actions and instill integrity and transparency. (Doc. 63, Ex. 4, Hall Depo. 4:13-7:17).  Hall admitted that BISD's reputation for following polices was not good.  (Doc. 63, Ex. 4, Hall Depo., 9:11-10:10).

5. The recently acquired evidence shows supervisors at BISD Police Department followed an internal customary practice of not questioning or supervising what their officers did.  They did not provide supervision, opting to allow officers to supervise themselves. Although BISD possessed evidence showing Jones had not committed any criminal offense, its supervisors, following customary procedures, allowed for the violation of Jones' rights to be free from malicious prosecution under the Fourth Amendment.

6. As soon as plaintiff became aware of the customary practices within the department regarding the prosecution of her arrest, she sought leave to amend. Since seeking leave to amend, more evidence has been discovered from BISD employees solidifying her claims for malicious prosecution in violation of the Fourth Amendment.  Therefore, the court should find that plaintiff acted without any undue delay in seeking to amend her complaint.

> **B. BISD cannot show it is prejudiced. If BISD's summary judgment is granted, Jones' amended claim would be dismissed. Jones additional claim is an expansion of already pled fourth amendment violations.**

7. The newly revealed evidence attached to this reply, and evidence provided in her motion for leave to amend, was established after the deadline to amend her complaint had passed. This evidence was unknown to plaintiff. This evidence was provided through the depositions of defendant employees. BISD already knew these facts, while plaintiff could only find them out through discovery.

8. In its response, BISD cites cases where plaintiffs attempted to add new claims radically altering the cases and discovery process. (Doc. 65). It cites *Overseas Inns S.A.*

3

*v. United States*, a case in which leave was denied because the moving party had attempted to add a different cause of action after discovery and summary judgments in the case had been completed with the case ripe for summary treatment. 911 F.2d 1146, 1151 (5th Cir. 1990). Jones' case differs from the authorities cited by BISD because discovery is still ongoing in this matter. BISD argues that, since the summary judgments have been filed, then no viable cause of action should be allowed. (Doc. 65, p.4).

9. The court should freely give leave when justice so requires. Fed. R. Civ. P. 15. BISD's summary judgment is based on immunity and whether policies, procedures, and/or customs led to violations of Jones' constitutional rights, including violations of her Fourth Amendment rights. The claim Jones seeks to amend is an additional violation of her Fourth Amendment rights. (Doc. 57). Jones' previous complaint listed Fourth Amendment right violations, including the facts surrounding her prosecution. (Doc. 19). If BISD's summary judgment is granted, then all constitutional violation claims would be subject to that decision, therefore the additional Fourth Amendment claim would be dismissed.

10. What plaintiff did not know, but what BISD did know, is that her arrest was done based on its officers' reckless disregard for the truth and false statements and the BISD PD supervisors' ratification of that action. The evidence establishing a violation did not become exposed until after taking BISD officer depositions, which occurred after plaintiff's deadline to amend her complaint. Although BISD does not agree with plaintiff's allegations, that is not enough to show it is prejudiced by those allegations: allegations which only expand on already pled violations. If BISD's summary judgment is granted, the amended claim Jones seeks to enter would be dismissed as well. If she is not allowed to plead this Fourth Amendment violation, she would be denied justice. Therefore, the Court

4

should grant Jones leave to file her amended complaint.

### C. Jones amended claims is not futile because it is brought as a Fourth Amendment violation.

11. Although malicious prosecution standing alone is not violation of the United States Constitution, to pursue a claim for it under 42 U.S.C. § 1983, such a claim must rest upon a denial of rights secured under federal and not state law. *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir.2003). The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection – the Fourth Amendment if the accused is seized and arrested, or other constitutionally secured rights if a case is further pursued. *Id.* at 953. Pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), a Fourth Amendment violation may be established where an officer intentionally, or with reckless disregard for the truth, includes a false statement in a warrant application. Likewise, the intentional or reckless omission of material facts from a warrant application may amount to a Fourth Amendment violation. See *Hale v. Fish*, 899 F.2d 390, 400 n. 3 (5th Cir.1990).

12. As discussed above, Jones seeks to enter a malicious prosecution claim, not as a separate cause of action, but as a Fourth Amendment violation of her civil rights brought under § 1983. (Doc. 57). The claim expands on the already pled Fourth Amendment violations, incorporating the recently discovered evidence showing Spikes initiated criminal charges against Jones in violation of her constitutional rights.

### Conclusion

13. Recently acquired evidence has brought to light the malicious and reckless actions of BISD officers and supervisors that were enabled by a customary practice of not following

5

its own policies. These actions led to violations of Jones' constitutional rights, including the violation for which she seeks leave to file her amended complaint. Jones seeks to amend her pleadings to include malicious prosecution, which is not being brought as an independent claim, but as an additional Fourth Amendment violation of her constitutional rights. Jones sought leave as soon as the evidence establishing the claims was discovered, BISD is not prejudiced by the additional claim, and the claim is one that is allowed under § 1983 for Fourth Amendment violations. Not allowing Jones to amend would allow BISD to benefit from the timing of depositions of its employees, which elicited the evidence showing BISD violations, and would prejudice Jones from seeking justice. Therefore, Jones asks the Court to grant her motion for leave to file her second amended original complaint.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: /s/ Ken Lewis

Kenneth W. Lewis
Ken.L@bushlewis.com
Texas Bar #12295300
Stephen L. Townsend
Stephen.T@bushlewis.com
Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, this 23rd day of February, 2015.

_____
Kenneth W. Lewis