IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTINE JONES | § | |
| | § | CIVIL ACTION NO. 1:14-CV-00103 |
| VS. | § | |
| | § | Judge Keith Giblin |
| TAMARA SPIKES and | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT POLICE | § | |
| DEPARTMENT | § | |

**PLAINTIFF'S REPLY TO DEFENDANT TAMARA SPIKES' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED ORIGINAL COMPLAINT**

Evidence produced after the deadline to amend plaintiff's complaint has brought to light the malicious and reckless actions of Spikes, acting individually, ratified by BISD through customary practice of not following BISD policies, which led to the violation of Jones' constitutional rights. Jones' motion for leave seeks to amend her pleadings to include malicious prosecution, which is not being brought as an independent claim, but as an additional Fourth Amendment violation of her constitutional rights by Spikes and BISD. (Doc. 56 & 57). If Jones is prevented from amending her complaint to bring claims for this Fourth Amendment violation, it would prejudice Jones from seeking justice.

### A. There is no undue delay. Jones diligently moved to amend as soon as it became apparent that the amendment was necessary.

1. At the time of seeking leave to file her amended pleading, plaintiff had just received evidence of how she came to be charged with aggravated assault. (Doc.56, p.1-2). Since filing her motion for leave, additional evidence has been revealed indicating Spikes lacked probable cause to seize and arrest Jones, Spikes initiated criminal charges without probable cause, and Spikes lied and recklessly disregarded the truth when filing the affidavit of probable cause.

2. On February 8, 2015, plaintiff deposed Officer Danny Moore. Moore investigated the scene on the day of the incident. Moore testified he did not see the assault in the video

and witnesses he interviewed did not see Jones intentionally hit Spikes. (Doc. 63, Ex. 2, Moore Depo. 21:9-22:6, 23:6-24:5). During his investigation, Moore had found evidence contradicting statements Spikes provided in her probable cause affidavit. The only evidence Moore found of criminal violations was supplied by Spikes. (Doc. 63, Ex. 2, Moore Depo. 23:6-24:5). Although he had evidence that Jones had not committed the crimes, Moore, following the customary practice of the department, forwarded the charges to the district attorney without question and without reviewing them. (Doc. 63, Ex. 2, Moore Depo. 41:11-42:24).

3. As soon as plaintiff became aware of the customary practices within the department regarding the prosecution of her arrest, she sought leave to amend. Since seeking leave to amend, more evidence has been discovered from BISD employees solidifying her claims for malicious prosecution in violation of the Fourth Amendment. Therefore, the court should find that plaintiff acted without any undue delay in seeking to amend her complaint.

> **B. Spikes cannot show she is prejudiced. If Spikes' summary judgment is granted, Jones' amended claim would be dismissed. Jones additional claim is an expansion of already pled Fourth Amendment violations.**

4. The newly revealed evidence referenced in this reply, and evidence provided in Jones' motion for leave to amend, was established after the deadline to amend her complaint had passed. This evidence was unknown to plaintiff. This evidence was provided through the depositions of BISD employees. The evidence establishes Spikes' untruthfulness with regard to her previous statements and the reasons she gave for seizing and arresting Jones. Spikes and BISD were aware of this evidence, while plaintiff could only discover it through the discovery process, which is still ongoing.

5. Spikes' response argues that a delay would occur and she would be prejudiced because she would be required to file another summary judgment and reopen discovery. (Doc. 66, p.2). As for discovery, depositions are still being taken in this matter. With regard to dispositive motions, if they are ruled in favor of Spikes, then the amended claim would be dismissed with the others, as it is a Fourth Amendment violation.

6. The court should freely give leave when justice so requires. Fed. R. Civ. P. 15. Spikes' summary judgment alleges qualified immunity, which, if granted, would make her immune from the Fourth Amendment violation Jones seeks to add. If Spikes is found to have waived immunity, it will have to be determined whether she violated Jones' constitutional rights, including violations of her Fourth Amendment rights. The claim Jones seeks to amend is an additional violation of her Fourth Amendment rights. (Doc. 57). Jones' previous complaint listed Fourth Amendment right violations, including the facts surrounding her prosecution. (Doc. 19). If Spikes' summary judgment is granted, then all constitutional violation claims would be subject to that decision, therefore the additional Fourth Amendment claim would be dismissed.

7. What plaintiff did not know, but what Spikes did know, is that Jones' arrest was done based on Spikes' reckless disregard for the truth and false statements; and her supervisors ratified her actions. The evidence establishing a violation did not become exposed until after taking BISD officer depositions, which occurred after the deadline to amend her complaint had passed. If Spikes' summary judgment is granted, the amended claim Jones seeks to enter would be dismissed as well. If she is not allowed to plead this Fourth Amendment violation, she would be denied justice. Therefore, the Court should grant Jones leave to file her amended complaint.

### C. Jones amended claims is not futile because it is brought as a Fourth Amendment violation.

8. Although malicious prosecution standing alone is not violation of the United States Constitution, to pursue a claim for it under 42 U.S.C. § 1983, such a claim must rest upon a denial of rights secured under federal and not state law. *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir.2003). The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection – the Fourth Amendment if the accused is seized and arrested, or other constitutionally secured rights if a case is further pursued. *Id.* at 953. Pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), a Fourth Amendment violation may be established where an officer intentionally, or with reckless disregard for the truth, includes a false statement in a warrant application. Likewise, the intentional or reckless omission of material facts from a warrant application may amount to a Fourth Amendment violation. See *Hale v. Fish*, 899 F.2d 390, 400 n. 3 (5th Cir.1990).

9. Spikes' response argues that a malicious prosecution case is futile because it is not a recognized cause of action and the allegations are misleading. (Doc. 66, p.4-5). As discussed above, Jones seeks to enter a malicious prosecution claim, not as a separate cause of action, but as a Fourth Amendment violation of her civil rights brought under § 1983. (Doc. 57). The claim expands on the already pled Fourth Amendment violations, incorporating the recently discovered evidence showing Spikes initiated criminal charges against Jones in violation of her constitutional rights. Spikes failed to provide authorities with regard to futility based on misleading allegations. Spikes focuses on the Texas Penal Code's use of recklessly; somehow contending Spikes now asserts Jones was reckless in

4

allegedly hitting her. (Doc. 66, p.5). Spikes' probable cause affidavit does not state Jones *recklessly* hit her. (Doc. 61, Ex. 9, BISD0011, Spikes' Probable Cause Affidavit). No evidence produced shows Spikes ever contended Jones recklessly hit her. Spikes failed to show that the Fourth Amendment violations Jones seeks to amend are futile and not allowed under the law. Therefore the Court should grant Jones' motion for leave to file her second amended original complaint.

## Conclusion

10.     Recently acquired evidence has brought to light the malicious and reckless actions of Spikes, BISD officers, and supervisors that were enabled by a customary practice of not following its own policies. These actions led to violations of Jones' constitutional rights, including the violation for which she seeks leave to file her amended complaint. Jones seeks to amend her pleadings to include malicious prosecution, which is not being brought as an independent claim, but as an additional Fourth Amendment violation of her constitutional rights. Jones sought leave as soon as the evidence establishing the claims was discovered, Spikes is not prejudiced by the additional claim, and the claim is one that is allowed under § 1983 for Fourth Amendment violations. Not allowing Jones to amend would prejudice Jones from seeking justice. Therefore, Jones asks the Court to grant her motion for leave to file her second amended original complaint.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: _____
Kenneth W. Lewis
Ken.L@bushlewis.com
Texas Bar #12295300
Stephen L. Townsend
Stephen.T@bushlewis.com
Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system, this 23rd day of February, 2015.

_____
Kenneth W. Lewis